UNITED STATES DISTRICT COURT
DISTRICT OF COLUMBIA

---

UNITED STATES OF AMERICA,

        *Plaintiff,*

    *v.*                                      Case No. 21-cr-28

JAMES BEEKS,

        *Defendant.*

---

## JAMES BEEKS'S MOTION FOR A BILL OF PARTICULARS

---

James Beeks has been indicted on allegations that he conspired to and did violate several federal laws by participating in the breach of the United States Capitol on January 6, 2021, during a joint session of Congress to oversee the opening, certification, and counting of electoral votes. The Seventh Superseding Indictment alleges that Mr. Beeks conspired with sixteen named individuals, as well as "others" *not* identified in the indictment. It also alleges that Mr. Beeks aided and abetted "others" in committing substantive violations of federal law. A bill of particulars is the appropriate vehicle for the Government to identify information missing from the indictment. Accordingly, pursuant to Rule 7(f) of the Federal Rules of Criminal Procedure, Mr. Beeks moves for a bill of particulars that identifies all known, unindicted alleged co-conspirators and all known, unindicted individuals he allegedly aided and abetted.

A bill of particulars is necessary in light of the breadth of the allegations and the discovery in this case. To date, the Government has prosecuted more than 750 cases arising from the Capitol breach on January 6th. It has produced tens of thousands of documents and thousands of hours of video as part of global discovery, as well as tens of thousands of documents specific to this case, in particular. The Government intends to make additional productions, and it has supplemented the discovery with a list decoding a handful of anonymized references in the indictment. Missing, however, is any indication of the unindicted individuals known to the grand jury who it alleges participated in the conspiracy or who the grand jury alleges are the principals Mr. Beeks aided and abetted. Also missing is any indication of the unindicted individuals not known to the grand jury, but known to the Government, and who the Government alleges are unindicted co-conspirators and principals. For Mr. Beeks to properly investigate this case, prepare his defense, and avoid unfair surprise at trial, he needs a bill of particulars that fully identifies all individuals that the

FEDERAL DEFENDER SERVICES
OF WISCONSIN, INC.

Government may contend at trial are his unindicted co-conspirators or principals who he aided and abetted.[1]

## BACKGROUND

A grand jury in this District returned a superseding indictment against Mr. Beeks, alleging his participation in offenses related to the Capitol breach on January 6, 2021. *See* Seventh Superseding Indict., ECF No. 583 [hereinafter "Indict."]. As discussed below, the indictment charges him with participating in two conspiracies, as well as aiding and abetting substantive violations of three federal laws.[2] Although each charge is different, the common thread across all counts is that Mr. Beeks purportedly engaged with "others" in committing the charged offenses. Yet, the indictment is silent as to the identity of those "other" actors.

### A.      Mr. Beeks is charged with conspiring with "others."

The indictment charges Mr. Beeks with two separate conspiracy counts. He allegedly participated in a conspiracy to obstruct the counting and certification of the Electoral College vote on January 6, 2021, in violation of 18 U.S.C. § 1512(k) (Count One), and a conspiracy to prevent Members of the United States Congress from discharging their duties, in violation of 18 U.S.C. § 372 (Count Three). *See* Indict. ¶¶ 20–22, 103–04.

These Counts rely on the same set of allegations. According to the indictment, Mr. Beeks joined and furthered each conspiracy "in early January [2021]" when he started following a Parler account of the Florida Oath Keepers that "was controlled by Kelly Meggs and contained information about the group's plans for January 6, 2021." *Id.* ¶ 39. Then, he travelled to

---

[1] When referring to "unindicted" alleged co-conspirators or principals, the defense is referencing those not indicted in this case or Case Numbers 22-cr-14 and 22-cr-15.

[2] Mr. Beeks also is charged with entering and remaining in a restricted building and grounds, in violation of 18 U.S.C. § 1752(a)(1) (Count Five). Indict. ¶ 108.

FEDERAL DEFENDER SERVICES
OF WISCONSIN, INC.

Washington, D.C. and, while on restricted Capitol grounds, "met up with and joined the group of co–conspirators"; walked with them across the grounds and "maneuvered in an organized fashion up the steps to the Rotunda Doors"; the group "pushed forward as part of a mob" and "forced their way through the doors into the Capitol"; and then "joined the larger mob in pushing past" additional law enforcement inside, still maintaining their "stack" organization and communicating by "keeping their hands on each other's backs." *See, e.g.*, *id.* ¶¶ 9, 12(g), 22(d), 78, 82, 84–86, 88–91. Next, allegedly, Mr. Beeks and some co-conspirators traveled down the hallway toward the Senate Chamber. *Id.* ¶¶ 10, 94. There, he "joined the mob" that pushed against law enforcement "guarding the hallway connecting the Rotunda to the Senate Chamber." *Id.* ¶ 96. He then left the building and gathered with some alleged co-conspirators "just outside the Capitol." *Id.* ¶ 100.

The indictment does not make plain the number and identity of all the individuals with whom Mr. Beeks allegedly conspired. It alleges that each conspiracy lasted from December 2020 to January 2021 and involved not only Mr. Beeks's six co-defendants and ten additional named individuals, but also "others." *Id.* ¶¶ 12, 22. And the allegations about the "other" unidentified alleged co-conspirators are broad. At times, the indictment appears to reference them by affiliation, such as "other Oath Keepers members and affiliates." *See, e.g.*, *id.* ¶ 9. But elsewhere it uses general, catchall phrases: "the group of co-conspirators," "other co-conspirators," "and others," and "with others known and unknown" to the grand jury or Government. *See id.* ¶¶ 13–15, 17–18, 20, 22, 29, 35, 48, 62–63, 66, 68, 77–78, 82, 100.

Neighboring allegations do not narrow the number of possible co-conspirators. The Government might contend at trial that the anonymized individuals referenced in the indictment were co-conspirators, such as those associated with the "quick reaction force" ("QRF") teams. *See, e.g.*, *id.* ¶¶ 38, 42, 47 ("North Carolina QRF team leader"); *id.* ¶ 23 ("leader of the [North Carolina

Oath Keepers] chapter"); *id.* ¶¶ 14, 76, 81 ("the operation leader"); *id.* ¶ 56 ("group of other Florida Oath Keepers members and affiliates [who travelled] in a caravan from Florida to the Washington, D.C. metropolitan area" on January 4, 2021); *id.* ¶ 38 ("Arizona QRF team" and "Florida QRF team"). But the indictment does not purport to provide an exhaustive list of even anonymized references of potential co-conspirators. Meanwhile, the Government might contend that "other" alleged co-conspirators include those who purportedly engaged in group action inside the Capitol—for example, the members of the "mob" that the "group of co-conspirators joined" in the course of allegedly breaching the Rotunda Doors between 2:30 p.m. and 2:38 p.m. (*id.* ¶¶ 9, 86); members of "the larger mob" that Mr. Beeks allegedly joined inside the Capitol just after the breach (*id.* ¶ 89); or members of the "mob" that Mr. Beeks allegedly joined at or about 2:45 p.m. "in pushing against a line of law enforcement officers" in the hallway between the Rotunda and Senate Chamber (*id.* ¶ 96). And the "other" alleged co-conspirators might also include those who participated in one of the chats or the Zello channel referenced in the indictment or who attended one of the "training sessions" identified in the indictment (or other chats, channels, or "trainings" *not* mentioned in the indictment), regardless of whether they personally went to Washington, D.C. *See id.* ¶¶ 35, 43, 44, 47–48, 52–53, 59, 61, 69–71, 73, 76, 81, 93 (chats); *id.* ¶¶ 18, 23 ("training").

The breadth of these allegations sweeps in additional potential co-conspirators. For example, the Government might contend that the more than 750 individuals prosecuted in connection with the Capitol breach, as well as any individuals the Government currently is

FEDERAL DEFENDER SERVICES
OF WISCONSIN, INC.

investigating on related charges, are "other" co-conspirators.[3] Alternatively, or in addition, the Government might assert that any individual affiliated with Oath Keepers in or about early January 2021—regardless of his or her presence at the Capitol on January 6th or prosecution—is a co-conspirator. There are approximately 5,000 Oath Keepers and an untold number of individuals who might qualify as "affiliates."[4]

**B.  Mr. Beeks also is charged with aiding and abetting "others" in committing substantive violations of federal law.**

Counts Two, Four, and Seven charge Mr. Beeks with substantive violations of three separate criminal laws. In Count Two, he is charged with aiding and abetting obstruction of the certification of the Electoral College vote, in violation of 18 U.S.C. §§ 2, 1512(c)(2). In Count Four, he allegedly aided and abetted others in damaging the United States Capitol building, in violation of 18 U.S.C. §§ 2, 1361. And in Count Seven, he is charged with aiding and abetting a civil disorder, in violation of 18 U.S.C. §§ 2, 231(a)(3). Indict. ¶¶ 102, 106, 112.

---

[3] News agencies tracking all the criminal charges stemming from the Capitol breach vary slightly on the number of cases the Department of Justice has brought, but the number appears to exceed 750 cases. *See, e.g.*, Madison Hall et al., *786 people have been charged in the Capitol insurrection so far*, INSIDER, https://tinyurl.com/3x7v2uce (last updated Feb. 28, 2022) (identifying 786 cases); Staff, *The Capitol siege*, NPR, https://tinyurl.com/ykadv59e (last updated Mar. 4, 2022) (identifying "more than 770 people" charged); *see also One Year Since the Jan. 6 Attack on the Capitol*, DEP'T OF JUSTICE (Dec. 30, 2021), https://tinyurl.com/ycsvexwd (identifying "more than 725 defendants" arrested).

[4] The Government has prosecuted only some Oath Keepers present in Washington, D.C., on January 6, 2021, to protest the election's result. *Compare, e.g.*, Stmt. of Facts, *United States v. Schaffer*, No. 21-cr-306 (D.D.C.), ECF No. 30, ¶ 5 (defendant, affiliated with Oath Keepers, prosecuted for January 6th-related offenses), *with, e.g.*, Jessica Garrison et al., *Leaked Oath Keepers Data Shows At Least 28 Elected Officials Have Ties To The Group*, BUZZFEEDNEWS (Oct. 20, 2021), https://tinyurl.com/4m45x4fr (identifying Chad Christensen, David Eastman, and Mark Finchem—members of the Idaho, Alaska, and Arizona Houses of Representatives, respectively—as Oath Keepers; Reps. Eastman and Finchem "were in Washington, DC, on Jan. 6 to protest the certification of Biden's Electoral College victory. Neither of the men has been charged.").

FEDERAL DEFENDER SERVICES
OF WISCONSIN, INC.

Counts Two, Four, and Seven do not identify all those who the Government may contend Mr. Beeks aided and abetted. Instead, all three Counts simply allege that Mr. Beeks aided and abetted "others" "known and unknown to the Grand Jury." *Id.* ¶¶ 102, 106, 112. And all three Counts incorporate by reference the same allegations that underpin Counts One and Three. *Id.* ¶¶ 101, 105, 111. As just discussed, then, the Government may contend at trial that Mr. Beeks purportedly aided and abetted hundreds of unidentified individuals. *See supra* at 3–5.

Although Counts Four and Seven spotlight select paragraphs within the indictment, those paragraphs do not shine a light on the identities of principals who the Government may contend Mr. Beeks aided and abetted. Count Four alleges that Mr. Beeks aided and abetted "others" in damaging the Capitol building when he "pushed forward as part of a mob" against the Rotunda Doors, then "joined the larger mob" inside the building after "pushing past" a law enforcement officer "as they entered" the building. Indict. ¶¶ 86–89, 106. Similarly, Count Seven alleges that Mr. Beeks aided and abetted "others" in committing a "civil disorder" in the hallway between the Rotunda and Senate Chamber when he, his co-defendants, and certain named co-conspirators "joined the mob in pushing against a line of law enforcement officers." *Id.* ¶¶ 94–96, 112. Each Count references several co-defendants and named co-conspirators, but neither identifies the members of the purported "mob."

### C.    The indictment is deficient and requires clarification.

Information central to this case is missing from the indictment. It does not clearly allege the identity of unindicted co-conspirators known to the grand jury or those unknown to the grand jury but known to the Government. And it does not clearly allege the identity of principal actors known to the grand jury, or unknown to the grand jury but known to the Government, who Mr. Beeks purportedly aided and abetted in committing substantive violations of federal law.

FEDERAL DEFENDER SERVICES
OF WISCONSIN, INC.

The discovery does not fill in the gaps. As of this filing, the Government has produced more than 2.5 terabytes of case-specific discovery, a figure that includes 37,000 records but does *not* include data from "several" of Mr. Beeks's electronic devices. *See* Joint Mot. to Continue Trial, ECF No. 623 ("Joint Mot. to Cont."), at 2–3; Defs. Status Rpt., ECF No. 627 ("Defs.' Status Rpt."), at 7. In addition, as part of global discovery, the Government has produced more than 24,000 video files (roughly 2,500 hours of video) to Evidence.com and uploaded approximately 34,100 documents to Relativity. *See* Govt. Status Rpt., ECF No. 620 ("Govt.'s Status Rpt."), at 2 n.2, 4; Defs. Status Rpt. at 2. The Government continues to make productions to the defense and, based on its February 10th status report, the defense anticipates hundreds of thousands of documents may be forthcoming.[5] Undersigned counsel are in the course of reviewing these materials. However, the defense is not able to put together a comprehensive list of the individuals the *Government* alleges to be Mr. Beeks's co-conspirators or principals based on the discovery in this case.

The Government has provided some information about potential unindicted co-conspirators and principals and promises additional information at some future date, but it has declined to provide an exhaustive list. The Government identified several anonymized references in the Sixth and Seventh Superseding Indictments. It also has expressed its intention to produce civilian witness statements and *Jencks* materials over the next few weeks, from which it believes the defense will glean a sense of who participated in the chats, planning, and travel alleged in the indictment. Further, the Government has represented to the defense that, at some point before trial,

---

[5] The Government's March 4th production letter represented that Relativity now contains all global discovery productions, totality 34,095 documents. The Government's February 10, 2022, report to the Court stated that the Government had delivered 380,000 documents to Deloitte to be uploaded to Relativity and that it anticipated a "sizeable portion" of another group of 50,000 documents also would be uploaded. *See* Govt.'s Status Rpt. at 15 & n.17.

FEDERAL DEFENDER SERVICES
OF WISCONSIN, INC.

it plans to identify all co-conspirator evidence and statements that it intends to introduce so that

those statements' admissibility can be litigated pre-trial. The Government has declined, however,

to provide the defense with a list of those individuals it may contend at trial are Mr. Beeks's co-

conspirators or principals he purportedly aided and abetted.

## REQUEST FOR A BILL OF PARTICULARS

Mr. Beeks respectfully moves the Court for an Order directing the Government to provide

him with the following information in a bill of particulars:

1.      A list of all "others" with whom Mr. Beeks purportedly conspired that the
        Government may contend at trial are his co-conspirators, for purposes of Counts
        One and Three; and

2.      A list of all "others" that the Government may contend at trial are individuals who
        Mr. Beeks purportedly aided and abetted, for purposes of Counts Two, Four, and
        Seven.

## ARGUMENT

Under Rule 7 of the Federal Rules of Criminal Procedure, "[t]he court may direct the

government to file a bill of particulars." Fed. R. Crim. P. 7(f). A bill of particulars is warranted

when the indictment does not provide the defendant with adequate information to allow him to

understand the charges against him, prepare his defense, protect against double jeopardy, and avoid

unfair surprise at trial. *See United States v. Mejia*, 448 F.3d 436, 445 (D.C. Cir. 2006); *United*

*States v. Butler*, 822 F.2d 1191, 1193 (D.C. Cir. 1987); *United States v. Michel*, Crim. No. 19-148-

1 (CKK), 2019 WL 5797669, at *16 (D.D.C. Nov. 6, 2019). In other words, its purpose is to

provide "information necessary to permit the defendant to conduct his *own* investigation." *United*

*States v. Sanford Ltd.*, 841 F. Supp. 2d 309, 316 (D.D.C. 2012) (internal quotation marks omitted);

CHARLES ALAN WRIGHT & ARTHUR R. MILLER, 1 FED. PRAC. & PROC. CRIM. § 130 (4th ed., Apr.

2021 Update) (bill of particulars is warranted where "the information requested is necessary to

8

allow the defense to prepare its case adequately or to avoid prejudicial surprise"). "A bill of particulars is a proper procedure for discovering the names of unindicted coconspirators who the government plans to use as witnesses. It is not uncommon for the trial judge to require the government to disclose their names when information is necessary in a defendant's preparation for trial." *United States v. Barrentine*, 591 F.2d 1069, 1077 (5th Cir. 1979) (citing *Will v. United States*, 389 U.S. 90, 99 (1967)); *accord United States v. Palfrey*, 499 F. Supp. 2d 34, 51–52 (D.D.C. 2007) ("[D]isclosure of the names of alleged co-conspirators is not uncommon in conspiracy cases . . . brought in this jurisdiction.").

As discussed at greater length below, Mr. Beeks needs a bill of particulars that identifies all known, unindicted individuals who the Government may contend at trial are his co-conspirators or principals. The indictment does not contain that information. Meanwhile, possible alleged co-conspirators or principals number in the hundreds (at least); the discovery is voluminous; and the Government has declined to provide a list of alleged co-conspirators or principals on a timeline that will allow Mr. Beeks to conduct his own investigation of the case and prepare his defense. A bill of particulars is necessary for Mr. Beeks to understand the nature and scope of the conspiracies charged in Counts One and Three and the aiding and abetting allegations charged in Counts Two, Four, and Seven. In addition, that bill of particulars is needed to allow undersigned counsel to conduct their own investigation and defend Mr. Beeks against those charges, to protect against retrial on the same charges, and to avoid unfair surprise at trial.

9

I.    **A bill of particulars that identifies all known, unindicted individuals who the Government may contend at trial are co-conspirators or principals is necessary.**

The Seventh Superseding Indictment is deficient insofar as it leaves Mr. Beeks to guess the identities of his purported co-conspirators and principals. That information is necessary for Mr. Beeks to investigate this case and prepare a defense in advance of trial, as well as guard against double jeopardy in any future prosecution.

A complete list of individuals that the Government may contend at trial are unindicted co-conspirators or principals is warranted to provide Mr. Beeks with the basic information necessary to guide his investigation of this case. Given the breadth of the indictment's allegations and the nature of the underlying events, potential alleged co-conspirators and principals number in the hundreds (if not thousands). *See supra* at 3–5. Mr. Beeks needs this information now so that he and his counsel have adequate opportunity to try to contact those individuals and learn who may have relevant information about the allegations in the indictment. *See, e.g.*, WRIGHT & MILLER § 130.[6]

Further, Mr. Beeks must have this information in order to prepare his defense. Alleged co-conspirators and principals' purported actions will shape the nature of the charges against Mr. Beeks and the conduct for which he might be held criminally responsible. As the Government itself recently articulated, "[b]ecause the defendants stand charged with conspiring not only with

---

[6] By way of comparison, this is *not* a case where the government provided a detailed index identifying a limited universe of participants who could be co-conspirators or where the context of the allegations implicitly provided the same limitation. *Cf., e.g.*, *United States v. Mosquera-Murillo*, 153 F. Supp. 3d 130, 150 (D.D.C. 2015) (government produced an "index identifying by name (where known) the individuals who participated in" intercepted calls); *Sanford Ltd.*, 841 F. Supp. 2d at 316–18 (denying motion for bill of particulars where conspiracy took place at sea, meaning all potential co-conspirators were limited to the "finite number of people on board and a finite list of crew members," and defendant-corporation was "in the best position to know the full list of crewmembers" during the relevant period because it owned the ship).

FEDERAL DEFENDER SERVICES
OF WISCONSIN, INC.

each other but with defendants charged in Criminal Case Nos. 22-cr-15 and 22-cr-14, *as well as other uncharged subjects referenced in the discovery materials*, this is not a case where defense counsel can ignore materials that, on their face, apply primarily to another defendant." Joint Mot. to Cont., ECF No. 623, at 2–3 (emphasis added). In other words, because the Government may seek to hold Mr. Beeks liable for any act that an unindicted co-conspirator took in furtherance of the conspiracy, Mr. Beeks must know who the Government may contend are his co-conspirators. *See United States v. Ramirez*, 54 F. Supp. 2d 25, 30 (D.D.C. 1999) (ordering bill of particulars identifying, *inter alia*, "names of all persons the government would claim at trial were co-conspirators (whether or not they will be called as trial witnesses)," with citation to principle that "defendant may be held liable for acts by all co-conspirators"). Relatedly, because the Government may seek to hold Mr. Beeks liable for the acts of a principal under an aiding-and-abetting theory, Mr. Beeks must know whose acts he purportedly knew about in advance and intentionally acted to further. *See Rosemond v. United States*, 572 U.S. 65, 78–81 (2014).

It follows that a bill of particulars identifying all unindicted co-conspirators and principals also is essential for Mr. Beeks to avoid unfair surprise at trial. Undoubtedly, the Government will seek to introduce at trial, pursuant to Rule 801(d)(2)(E), statements of individuals it will contend are co-conspirators and will argue that Mr. Beeks is liable under *Pinkerton* for substantive offenses committed by those alleged co-conspirators. Plus, the Government may contend at trial that Mr. Beeks can be held criminally responsible for *others'* substantive violations of federal law on an aiding and abetting theory. That latter theory will require the Government to prove that Mr. Beeks had sufficient advanced knowledge of that particular principal's intended conduct to be able "to make the relevant legal (and indeed, moral) choice" to participate with intent that the principal actor succeed. *See Rosemond*, 572 U.S. at 78. Absent a list that identifies all those

FEDERAL DEFENDER SERVICES
OF WISCONSIN, INC.

individuals that the Government may contend at trial are co-conspirators or principals, Mr. Beeks has no way to know what conduct he must defend at trial. As the Southern District of New York has recognized, "it would meaningfully alter the nature of the charges and, accordingly, [a defendant's] preparation for trial if it were revealed that the Government considered him to be conspiring with other individuals, rather than only [his co-defendant]." *United States v. Pinto-Thomaz*, 352 F. Supp. 3d 287, 303 & n.5 (S.D.N.Y. 2018). Similarly, he should not be "surprised" at trial by the Government adding "a new name" to aiding and abetting allegations. *See United States v. Manafort*, Crim. Action No. 17-0201-01 (ABJ), 2018 WL 10394893, at *3 (D.D.C. June 12, 2018).

The discovery in this case does not provide Mr. Beeks with a reasonable universe through which he can identify those individuals on his own. When discovery is voluminous (as it is here), that volume cuts *in favor* of granting a motion for a bill of particulars. *See, e.g.*, *Michel*, 2019 WL 5797669, at *18 (where Government "produced significant discovery" of "over 35,000 documents," "the amount and contents of that discovery weigh[ed] *against* denying [defendant's] motion" for a bill of particulars identifying unindicted co-conspirators (emphasis added)); *Manafort*, 2018 WL 10394893, at *3 (ordering bill of particulars in part due to "voluminous record"); *United States v. Concord Mgmt. & Consult. LLC*, 385 F. Supp. 3d 69, 75–76 (D.D.C. 2019) ("potentially large number of co-conspirators involved" and "large volume of discovery" weighed in favor of ordering bill of particulars).[7] Indeed, "voluminous" is an understatement in

---

[7] *See also United States v. Redding*, 540 F. Supp. 2d 1184, 1188 (D. Kan. 2008) (where government had "provided boxes of discovery naming many alleged drug dealers and other persons," court ordered bill of particulars detailing the "known" co-conspirators "so that defendant [could] better defend his case either by rebutting the alleged co-conspirator statements or by confronting any witnesses against him").

FEDERAL DEFENDER SERVICES
OF WISCONSIN, INC.

this case; even the case-specific discovery contains tens of thousands of documents. Defs.' Status Rpt. at 7; Joint Mot. to Cont. at 2–3.

In the end, of course, no amount of digging through the discovery or inference drawing from other prosecutions would leave Mr. Beeks with sufficient information about who *the Government* believes are his alleged co-conspirators or principals. Indeed, even if it were physically possible to extract the name of every potential co-conspirator and principal from the voluminous discovery, the defense would be left to *guess* at whether the Government might contend at trial that that individual actually was a co-conspirator or a principal he purportedly aided and abetted. And Mr. Beeks "should not have to waste precious pre-trial preparation time guessing what [conduct] . . . will be relevant to [his] defense." *See Palfrey*, 499 F. Supp. 2d at 52; *see also Manafort*, 2018 WL 10394893, at *3 (defendant "should not have to be surprised at a later point by the addition of a new name or allegation").

Mr. Beeks is entitled to this information. Numerous courts in this District have granted requests for a bill of particulars that identifies unindicted co-conspirators or principals. *See, e.g.*, *Michel*, 2019 WL 5797669, at *18; *Manafort*, 2018 WL 10394893, at *3; *Concord Mgmt.*, 385 F. Supp. 3d at 75–76; *United States v. Bazezew*, 783 F. Supp. 2d 160, 168–69 (D.D.C. 2011); *Palfrey*, 499 F. Supp. 2d at 51–52; *United States v. Brodie*, 326 F. Supp. 2d 83, 91 (D.D.C. 2004); *United States v. Karake*, 281 F. Supp. 2d 302, 310 (D.D.C. 2003); *Ramirez*, 54 F. Supp. 2d at 30; *United*

13

*States v. Trie*, 21 F. Supp. 2d 7, 22 (D.D.C. 1998); *United States v. Hubbard*, 474 F. Supp. 64, 81 (D.D.C. 1979).[8]

What's more, the facts here are akin to those in cases in which courts in this District have ordered the Government to produce a bill of particulars that identifies unindicted co-conspirators and principals. For example, in *United States v. Michel*—a case involving allegations of a conduit contribution scheme aimed at gaining access to and potential influence with a political candidate— the court ordered the Government to provide a bill of particulars naming all those individuals that it planned to identify as co-conspirators at trial. 2019 WL 5797669, at *17. The court in *Michel* reasoned that the scope of the case, which "involv[ed] numerous persons and corporate entities" and more than 35,000 documents in discovery pointing to numerous potential co-conspirators, made it difficult for the defendant to investigate the charges, build his defense, and avoid unfair surprise absent such a bill of particulars. *Id.* The court also noted that, although the indictment made anonymous reference to "a small number of potential co-conspirators, it d[id] not allow [the defense] to easily determine the universe of possible co-conspirators." *Id.* Similarly, in *United States v. Manafort*—a case involving allegations that the defendant aided and abetted others in

---

[8] Across Circuits, courts have ordered the Government to provide bills of particulars identifying known, unindicted co-conspirators or principals. *See, e.g.*, *United States v. Rogers*, 617 F. Supp. 1024, 1028–29 (D. Colo. 1985) ("It is well-settled that the government must identify undisclosed and unidentified co-conspirators, aiders and abettors, and other individuals involved in the criminal acts charged; especially where the government plans to call such persons as witnesses."); *see also, e.g.*, *Pinto-Thomaz*, 352 F. Supp. 3d at 303 & n.5; *United States v. Gallegos*, No. 4:16-cr-434-AKK-JEO, 2017 WL 2374800, at *7 (N.D. Ala. Apr. 13, 2017); *United States v. Cree*, No. 12-26(4) (JRT/JSM), 2012 WL 6194395, at *6 & nn.12–13 (D. Minn. Dec. 12, 2012); *Redding*, 540 F. Supp. 2d at 1188; *United States v. Yielding*, No. 4:08–CR–00213 BSM., 2008 WL 5114305, at *2 (E.D. Ark. Dec. 4, 2008); *United States v. Garcia*, No. CRIM. 06-26(1)JNEFLN, 2006 WL 1302270, at *7–8 (D. Minn. May 8, 2006); *United States v. Murgas*, 967 F. Supp. 695, 702, 718 (N.D.N.Y. 1997); *United States v. Allocco*, 801 F. Supp. 1000, 1003 (E.D.N.Y. 1992); *United States v. Williams*, 113 F.R.D. 177, 178–79 (M.D. Fla. 1986).

FEDERAL DEFENDER SERVICES
OF WISCONSIN, INC.

committing FARA violations—the court ordered the Government to provide a bill of particulars naming "any individuals or entities alleged to be the others, including former senior foreign politicians, whom [the defendant] caused and aided and abetted to act as foreign agents without registering." 2018 WL 10394893, at *3 (internal quotation marks omitted). As part of its ruling, the court explained that a bill of particulars was appropriate in light of "a voluminous record" and the risk that the defendant would later be "surprised . . . by the addition of a new name or allegation." *Id.*

The courts' reasoning in *Michel* and *Manafort* applies with equal force here. The discovery in this case is even more voluminous than what the court described in *Michel*, and the allegations are sweeping. The Government has charged broad conspiracies arising from an event that generated *several hundred* prosecutions, and the indictment's allegations indicate that any person who discussed, stoked, planned, or participated in that event could be an alleged co-conspirator. Equally, the Government has charged substantive violations of law stemming from alleged mob action in which hundreds of individuals may be considered principals, and it has indicated it may prosecute Mr. Beeks on a theory of aiding and abetting. In addition, as in *Michel*, while the Government has provided some information about alleged co-conspirators and principals, it has not provided an exhaustive list of those individuals, which the defense needs in order to structure its own investigation of the case and understand the charges.

The Government's plan of providing *Jencks* materials and a list of potential statements to be admitted under Rule 801(d)(2)(E) does not obviate the need for a bill of particulars. As a preliminary matter, it is no answer to simply point to the discovery in this case and claim the names the defense seeks are in there, somewhere. *See Bazezew*, 783 F. Supp. 2d at 168 ("[I]t is not sufficient for the government to respond to a motion for a bill of particulars by pointing to the

FEDERAL DEFENDER SERVICES
OF WISCONSIN, INC.

voluminous discovery already provided or by relying on a governmental open file policy."). And a pretrial contest about the admissibility of certain statements will come too late to provide the defense with a meaningful opportunity to investigate, develop its own strategy, and fully understand the nature of the charged conduct. *See, e.g.*, *Trie*, 21 F. Supp. 2d at 22 (ordering bill of particulars with "names of the unindicted co-conspirators not already identified in the indictment," even though government "intend[ed] to release these names two months before trial" because defendant needed that information in order "to adequately prepare for trial"). Thus, as in *Michel* and *Manafort*, this Court should order the Government to provide a bill of particulars identifying those individuals who the Government may contend at trial are either co-conspirators or principal actors who Mr. Beeks aided and abetted.

## II.      The information that Mr. Beeks is requesting does not transform a bill of particulars into a discovery device.

Mr. Beeks's requested bill of particulars is a request for clarification of the charges against him, not a request for the Government's trial strategy or proof. As the Government has noted, "a bill of particulars 'properly includes clarification of the indictment, not the government's proof of its case.'" Govt.'s Opp. to Defs.' Mot. for Bill of Part., ECF No. 162, at 2 (quoting *United States v. Martinez*, 764 F. Supp. 2d 166, 173 (D.D.C. 2011)). The information that Mr. Beeks seeks—a list of known, unindicted co-conspirators and principals—falls on the right side of that line, because it clarifies the extent of Mr. Beeks's alleged liability and criminal responsibility vis-à-vis others' actions.

To that end, it is worth underlining what Mr. Beeks is *not* requesting. He has not requested that the Court order the Government to disclose statements by alleged co-conspirators. He has not asked the Government to commit to any factual position that a particular person actually *is* a co-conspirator, let alone asked it to take a position at this stage as to any document's admissibility

FEDERAL DEFENDER SERVICES
OF WISCONSIN, INC.

under Rule 801(d)(2)(E) or reveal how it intends to prove that any individual is a co-conspirator. Nor is he asking the Government to choose between a theory of principal or aiding and abetting liability on Counts Two, Four, and Seven. *Cf. United States v. North*, 910 F.2d 843, 913 (D.C. Cir.) (per curiam), *withdrawn and superseded in part on other grounds by* 920 F.2d 940 (D.C. Cir. 1990) (per curiam). Importantly, Mr. Beeks is not even trying to lock the Government into a particular list of alleged co-conspirators or principals at this moment. The Government can supplement its bill of particulars to include additional names if its trial preparations lead it to discover additional individuals who it may contend at trial were co-conspirators or principals. *See, e.g.*, *Trie*, 21 F. Supp. 2d at 23 (bill of particulars did not "strictly limit the government's proof or require it to disclose its evidence" where government was free to supplement it). Accordingly, a list of names of individuals who the Government may contend at trial are co-conspirators or principals does not provide Mr. Beeks with a preview of the Government's evidence.

Granting Mr. Beeks's requests strikes the appropriate balance between the parties' interests. Mr. Beeks has limited his request to a bill of particulars identifying those unindicted persons who the Government may contend at trial are Mr. Beeks's co-conspirators or principals, rather than a list of all possible unindicted co-conspirators or principals. Such a limitation respects the Government's legitimate interest in not producing all its evidence or unduly limiting its positions at trial against the defense's legitimate interest in "need[ing] to know evidentiary-type facts in order to adequately prepare a defense." *Michel*, 2019 WL 5797669, at *17; *accord Manafort*, 2018 WL 10394893, at *3; *see also, e.g.*, *Cree*, 2012 WL 6194395, at *6–7 (ordering bill of particulars with names of all known, unindicted individuals who the Government would contend at trial were defendant's co-conspirators, but declining to order the Government to produce information "about *all* co-conspirators" (emphasis in original)).

FEDERAL DEFENDER SERVICES
OF WISCONSIN, INC.

Further, this motion is akin to one the Court already has granted in this case. Defendant Joshua James moved for a bill of particulars that sought the name of the officer(s) he allegedly assaulted. Mot., ECF No. 270. Over the Government's objection, the Court ordered the Government to identify the officer(s) on which the allegations against Mr. James were focused, given that the indictment "refer[red] to multiple officers and multiple potentially assaultive behaviors," which meant "additional information [was needed] for him to mount a defense and avoid double jeopardy at retrial." Omnibus Order, ECF No. 415, at 9. Similarly, here, Mr. Beeks seeks a bill of particulars that details the names of those unindicted individuals who the Government may contend at trial were his co-conspirators or principals he aided and abetted, given the many potential individuals to which the indictment refers.

## CONCLUSION

The Court should order the Government to provide a bill of particulars. The indictment, on its face, does not provide Mr. Beeks sufficient notice of the charges against him because it leaves ambiguous the individuals with whom he allegedly conspired to violate federal law and those he purportedly aided and abetted in substantive violations of federal law. That information is essential to allow him to investigate the case, prepare his defense, and avoid unfair surprise at trial. The discovery produced by the Government does not fill that gap. Accordingly, the Government should be required to produce a bill of particulars that identifies all unindicted co-conspirators.

FEDERAL DEFENDER SERVICES
OF WISCONSIN, INC.

Dated at Madison, Wisconsin, this 11th day of March, 2022.

Respectfully submitted,

*/s/ Jessica Arden Ettinger*
Jessica Arden Ettinger (D.D.C. Bar No. D00483)
FEDERAL DEFENDER SERVICES
    OF WISCONSIN, INC.
22 E. Mifflin Street, Suite 1000
Madison, WI 53703
Tel.:  (608) 260 9900
Email:  jessica_ettinger@fd.org

Joshua D. Uller (WI Bar No. 1055173)
FEDERAL DEFENDER SERVICES
    OF WISCONSIN, INC.
517 E. Wisconsin Avenue – Room 182
Milwaukee, WI  53202
Tel.:  (414) 221-9900
Email:  joshua_uller@fd.org

*Counsel for James Beeks*

19

FEDERAL DEFENDER SERVICES
OF WISCONSIN, INC.

**CERTIFICATE OF SERVICE**

On this 11th day of March, 2022, I filed the foregoing document electronically with the

Clerk of the Court for the United States District Court for the District of Columbia by using the

Court's CM/ECF system, which will provide electronic service on all counsel of record.


*/s/ Jessica Arden Ettinger*
Jessica Arden Ettinger

FEDERAL DEFENDER SERVICES
OF WISCONSIN, INC.