UNITED STATES DISTRICT COURT
DISTRICT OF COLUMBIA

---

UNITED STATES OF AMERICA,

    *Plaintiff,*

    v.                                                      Case No. 21-cr-28 (APM)

JAMES BEEKS,

    *Defendant*.

---

**REPLY IN SUPPORT OF
JAMES BEEKS'S MOTION FOR A BILL OF PARTICULARS**

---

FEDERAL DEFENDER SERVICES
OF WISCONSIN, INC.

James Beeks moved for a narrowly tailored bill of particulars, identifying those individuals who the Government may contend at trial were his co-conspirators or were principals that he purportedly aided and abetted. In a supporting memorandum, he established that such a request not only is common in this District, but also routinely granted under circumstances like those presented here—where the indictment does not contain that information, the allegations point to numerous potential co-conspirators and principals, and the discovery is voluminous. Indeed, a bill of particulars is necessary because that combination threatens to stymie the defense's ability to investigate its case and prepare a defense, as well as threatens unfair surprise at trial.

The Government's response offers no persuasive reason to deny Mr. Beeks's request. The Government opposes his motion on the theory that it already has provided enough materials for the defense to gather the names it seeks on its own and, as a matter of law, the Government cannot be obligated to do more. Gov't's Opp., ECF No. 645 [hereinafter "Opp."], at 15–18. As to co-conspirators, the Government claims that the advance disclosure of its witness list and a list of purported co-conspirator statements it seeks to introduce under Rule 801(d)(2)(E), in combination with the voluminous discovery, obviates the need for a bill of particulars. Opp. at 17–18. And as to alleged principals, the Government suggests that the Court should not order it to produce this information because it is not required to prove any principal's identity at trial. *Id.* at 15–17. While advancing these arguments, the Government does not contest that the number of potential co-conspirators and principals is exceedingly large; nor does it dispute, of course, that it seeks to hold Mr. Beeks vicariously liable for the actions of those unidentified individuals.

The defense respectfully submits that the Court should direct the Government to produce the requested bill of particulars. As described at greater length below, the identities of those "others" with whom Mr. Beeks purportedly conspired or who he allegedly aided and abetted is not

readily available in the discovery, and he needs that information now—when he has time to investigate the allegations and build his defense. Further, there is no bar to this Court ordering the Government to produce a bill of particulars containing the names of those who it may contend at trial were principals; indeed, at least one other court in this District has done so. For all these reasons, and those set forth in his opening brief, the Court should grant Mr. Beeks's motion.

I.   **A list of Government witnesses and potential co-conspirator statements, disclosed at some point, does not obviate the defense's need for a bill of particulars.**

The Government posits two faulty premises for denying Mr. Beeks's request for a bill of particulars as to alleged co-conspirators. First, it contends that a list of potential co-conspirators is unnecessary because it will provide advance notice of the names of *witnesses* whom it plans to call at trial and "a list of coconspirator statements in furtherance of the conspiracy that [it] will seek to introduce at trial." Opp. at 17–18. Second, the Government contends that it would be neither "efficient [n]or necessary" to require it to provide "a list of each and every person who the government alleges joined the conspiracy at some point," because the defense can glean the names of relevant individuals from the discovery and other information it has provided. *Id.* at 17. Each point talks past Mr. Beeks's motion.

1.   To begin, the Government appears to have misunderstood Mr. Beeks's request. The defense requrested a bill of particulars that details the names of those known, unindicted individuals that the Government may contend at trial were Mr. Beeks's co-conspirators. Beeks's Mot. for a Bill of Particulars, ECF No. 639 [hereinafter "Mot."], at 8. The Government has responded that it will produce a list of individuals it intends to call as witnesses, "whether unindicted coconspirators or not." Opp. at 18. Put differently, the Government has promised to provide a witness list. That is not what the defense is seeking. Plus, to the extent that list might include *some* of the information the defense is seeking, it still is bound to be both overinclusive

2

and incomplete; the defense anticipates that witnesses *other* than purported co-conspirators will appear on the Government's witness list and that not every alleged co-conspirator will testify at trial. A witness list is not sufficient. *See United States v. Trie*, 21 F. Supp. 2d 7, 22 (D.D.C. 1998) (ordering bill of particulars containing "names of the unindicted co-conspirators not already identified in the indictment . . . regardless of whether they will be called as witnesses at trial"); *United States v. Bazezew*, 783 F. Supp. 2d 160, 168–69 (D.D.C. 2011) (same).

Although the Government offers to supplement that incomplete list with another list, the combination does not add up to a whole. In this regard, a list of potential co-conspirator statements would not satisfy the need for a bill of particulars, either. The Government has not suggested that its list of statements would identify every individual it might contend at trial was a co-conspirator; instead, it would name only those who made statements that the Government seeks to admit. Opp. at 17. Yet, the Government may contend at trial that any number of individuals who did *not* make a recorded statement, or who made a recorded statement that the Government does not seek to admit, were co-conspirators. None of those individuals would appear on the Government's list of Rule 801(d)(2)(E) statements. Consequently, the Government is mistaken in suggesting that its pretrial disclosures will resolve Mr. Beeks's need for the requested bill of particulars.

Further, the Government is not even suggesting that it would provide these incomplete lists by a date certain. As Mr. Beeks's motion highlighted, the defense needs this information now—in time to interview witnesses, pursue leads, fully understand the nature of the charges, and develop a defense. Mot. at 16. Courts in this District have ordered the Government to produce the requested information sooner for exactly these reasons. *See, e.g.*, *Trie*, 21 F. Supp. 2d at 22 (ordering "immediate disclosure" of bill of particulars even though Government "intend[ed] to release these names two months before trial" because defendant needed that information in order "to adequately

prepare for trial"). Rather than respond to that concern, the Government notes that it will provide its non-exhaustive lists "in advance of trial." Opp. at 17, 18.

2. Speaking more to the crux of the parties' dispute, the Government resists having to produce the requested information sooner, or in complete form, on the theory that it would not be "efficient or necessary" to make it do so, given that the defense has been given some of the information it seeks and it purportedly can find the remainder on its own. *Id.* at 17. That simply is not the case. Although the Government touts its provision of the name of each person identified with a "Person" number in the multiple indictments, its production of civilian-witness *Jencks* materials, and its identification of fifteen Signal threads that it believes are significant (*id.* at 17–18), none of this brings the defense any closer to identifying those that *the Government* may contend at trial are co-conspirators. The defense should not be left to guess.

What's more, the Government has not represented that those three tranches of discovery contain the universe of potential alleged co-conspirators. To the contrary, the Government describes these materials as "provid[ing] the defense with the names (and statements) of *many* of the witnesses the government may call at trial, many of whom the government may allege to be coconspirators with Defendant Beeks" (*id.* at 18) (emphasis added)—"many," but not all. As the Government highlights, in a single production, it provided FBI memoranda of interviews and grand jury transcripts concerning "more than 150 witnesses." *Id.* at 17–18. But it does not suggest that the universe of potential co-conspirators is limited to those 150 witnesses. In fact, to date, the Government has produced witness statements for more than 175 witnesses, not including law enforcement officer interviews or agent grand jury testimony. Meanwhile, neither its production letters nor its "neatly organized . . . spreadsheet" identify which (if any) of these individuals it may contend at trial are Mr. Beeks's co-conspirators. *Cf. id.* 18. Relatedly, the Government points to

4

its identification of fifteen Signal threads that "contain *some* of the 'key planning and coordination' communications within the conspiracy" (*id.* at 18 (emphasis added)), but it does not suggest that all the participants are alleged co-conspirators or that those threads are the only ones in which alleged co-conspirators' names could be found. Even if that were the case, there are more than 335 individuals who sent messages in those threads, and others may have been silent participants.[1]

In other words, these tranches are a *non-exhaustive* source of potential co-conspirators that bring the defense no closer to identifying who the Government may contend at trial was a co-conspirator. Telling the defense that it is in possession of the names of potential alleged co-conspirators does not narrow the field and allow the defense to productively investigate the case and prepare for trial. Mot. at 12–13; *see also Bazezew*, 783 F. Supp. 2d at 168 ("it is not sufficient for the government to respond to a motion for a bill of particulars by pointing to the voluminous discovery already provided"). Instead, Mr. Beeks remains in the same position as before: saddled with a voluminous record and left to guess which of many individuals are those the Government may contend at trial were his co-conspirators. Mot. at 12–13; *see United States v. Palfrey*, 499 F. Supp. 2d 34, 52 (D.D.C. 2007) ("[d]efendant should not have to waste precious pre-trial

---

[1] The Government offers a passing citation to *United States v. Lorenzana-Cordon* to support its claim that the information Mr. Beeks seeks is available in another form, but that case is not analogous to this one. *See* Opp. at 17 (citing 130 F. Supp. 3d 172 (D.D.C. 2015)). In *Lorenzana-Cordon*, the defendants faced charges arising from a conspiracy to manufacture and distribute cocaine, and the court denied their request for a bill of particulars identifying unindicted co-conspirators on account of serious security concerns; in the alternative, the court noted, the defendants likely had the information they needed already, because the discovery was roughly 16,000 *pages* and the Government had provided "an index categorizing all of the produced seizure reports and photographs broken down by event that the Government may introduce at trial." *Id.* at 176, 179. In contrast, here, the Government has not cited any security concerns arising from disclosure of the names of known, unindicted co-conspirators, and the discovery is far more voluminous. Mot. at 7 (detailing discovery volume as of early March, which has since increased).

preparation time guessing what [conduct] will be relevant to [his] defense"). A bill of particulars detailing this information is necessary.

## II. This Court can and should order the Government to identify those individuals it may contend at trial were principals who Mr. Beeks aided and abetted.

The Government separately resists Mr. Beeks's request to identify those who the Government may contend at trial were principals that Mr. Beeks aided and abetted, but it does not explain why Mr. Beeks cannot receive that information as a matter of law or why he does not need that information. Instead, it asserts that it need not identify *any* individual it may contend at trial is a principal because it need not prove any principal's identity at trial. Opp. at 16–17. But even if it is true that the Government need not prove a principal's identity at trial, the Government carries that premise too far in suggesting that, *ipso facto*, a bill of particulars detailing known alleged principals *cannot* be ordered. *Id.* at 15–17. And it offers no response to Mr. Beeks's explanation that this information is central to his ability to understand the charges against him, investigate the case, and prepare his defense.

The Government mistakenly reads *United States v. North* to "govern[]" the issue and preclude a bill of particulars seeking the identities of alleged principals. *See* Opp. at 16 (citing and discussing 910 F.2d 843 (D.C. Cir.) (per curiam), *withdrawn and superseded in part on other grounds by* 920 F.2d 940 (D.C. Cir. 1990) (per curiam)). But *North* makes no such broad pronouncement. In relevant part, the D.C. Circuit in *North* concluded that the district court had not abused its discretion by declining to order a bill of particulars that detailed the principals the defendant purportedly aided and abetted. 910 F.3d at 913. But the court of appeals went no further than to say that it could "see no reason why" a bill of particulars was required in that case, given that, as a general matter, there is no requirement to prove the identity of a principal in order to convict a defendant of aiding and abetting. *Id.* Of course, finding a district court has not abused its

discretion in declining to order the Governement to supply requested information in a particular case does not create a broadly applicable rule that a district court *cannot* order the Government to produce the same information in another case. And there is nothing in the text of *North* to suggest that a district court affirmatively errs by ordering a bill of particulars containing this information. Indeed, such bills of particulars *have* been ordered by at least one other court in this District relatively recently. *See, e.g.*, *United States v. Manafort*, Crim. Action No. 17-0201-01 (ABJ), 2018 WL 10394893, at *3 (D.D.C. June 12, 2018).

Here, given the breadth of the allegations and the nature of the underlying events, Mr. Beeks needs and should be provided a bill of particulars that details known individuals who the Government may contend at trial are principals. Mot. at 10. There are hundreds (if not thousands) of potential principals, which creates substantial risk that the defense will be "surprised" by the Government adding "a new name" to its aiding and abetting theory of the case. *See Manafort*, 2018 WL 10394893, at *3. Scores of individuals passed through the U.S. Capitol building and its grounds on January 6, 2021; others never entered, but still might be considered principals. The details of who was where, when, and acted with what intent are central to the charges against Mr. Beeks, which include allegations that he aided and abetted others in obstructing an official proceeding, destroying federal property, and participating in a civil disorder. *See* Seventh Superseding Indict., ECF No. 583, ¶¶ 102, 106, 112. If what a principal actor knew and intended is different from what Mr. Beeks knew and intended, then there is a serious question as to whether Mr. Beeks acted "with the intent of facilitating the offense's commission" and had sufficient advanced knowledge of its contours "to make the relevant legal (and indeed, moral) choice" to participate in it. *See Rosemond v. United States*, 572 U.S. 65, 71, 78 (2014); *see also* Mot. at 11. Learning the identities of those the Government may contend at trial were principals

is necessary for Mr. Beeks to understand fully the charges against him, investigate the case, and prepare his defense.

Further, and contrary to the Government's suggestion, granting the defense's request here creates no tension with this Court's earlier ruling. *Cf.* Opp. at 16–17. Previously, this Court declined to order the Government to identify the specific grand jury proceeding that Joshua James purportedly obstructed, reasoning that the law requires the Government to prove only that a grand jury investigation was "foreseeable" and "a defendant need not know about a specific grand jury investigation for one to be foreseeable." Omnibus Order, ECF No. 415, at 9–10. Put differently, learning which grand jury proceeding the Government believed Mr. James obstructed in no way affected his ability to adequately investigate the case, assess the scope of his potential liability, or prepare a defense because the operative question was whether *any* grand jury proceeding was "foreseeable" to him. The opposite is true here. Those who the Government contends are principals may have valuable information to advance Mr. Beeks's defense; and, of course, the scope of Mr. Beeks's potential liability is affected by a principal actor's conduct. *See Rosemond*, 572 U.S. at 78–81. Accordingly, Mr. Beeks's request for a bill of particulars is grounded in different needs than the earlier request this Court considered.

## CONCLUSION

The defense has requested a bill of particulars identifying known, unindicted individuals who the Government may contend at trial were Mr. Beeks's co-conspirators or principals. The Government's opposition to that request founders on a misreading of his motion and a misapplication of governing law. Indeed, the Government bypasses altogether the defense's need to investigate this case now and to avoid unfair surprise at trial. And the Government's complaint that it would be neither efficient nor necessary to grant the request rings hollow; its response has

not, in any way, cabined the universe of the discovery that contains the relevant names, and the lists to which it points would be simultaneously over- and under-inclusive. There is no legal bar to directing the Government to provide the requested information, and Mr. Beeks respectfully requests that the Court order it do so.

     Dated at Madison, Wisconsin, this 15th day of April, 2022.

     Respectfully submitted,

*/s/ Jessica Arden Ettinger*
Jessica Arden Ettinger (D.D.C. Bar No. D00483)
FEDERAL DEFENDER SERVICES
   OF WISCONSIN, INC.
22 E. Mifflin Street, Suite 1000
Madison, WI 53703
Tel.:  (608) 260 9900
Email:  jessica_ettinger@fd.org

Joshua D. Uller (WI Bar No. 1055173)
FEDERAL DEFENDER SERVICES
   OF WISCONSIN, INC.
411 E. Wisconsin Avenue, Suite 2310
Milwaukee, WI  53202
Tel.:  (414) 221-9900
Email:  joshua_uller@fd.org

*Counsel for James Beeks*

## CERTIFICATE OF SERVICE

On this 15th day of April, 2022, I filed the foregoing document electronically with the Clerk of the Court for the United States District Court for the District of Columbia by using the Court's CM/ECF system, which will provide electronic service on all counsel of record.

*/s/ Jessica Arden Ettinger*
Jessica Arden Ettinger