:james beeks:
8815 Conroy-Windermere Rd. #296
Orlando, Florida [32835]
Phone: 407-782-2641
Email: jamesthejust99@outlook.com

**Leave to file GRANTED by Judge Amit P. Mehta on 11/29/2022.**

## U.S. DISTRICT COURT FOR D.C.

## COMMON-LAW JURISDICTION

| | |
|---|---|
| UNITED STATES OF AMERICA INC., (Delaware corporate file #2193946) UNITED STATES GOVERNMENT (D&B no. 05271496), & US DOJ (D&B # 0011669674)<br><br>Plaintiff,<br><br>vs.<br><br>:james beeks:<br><br>Defendant | Case No.: 1:21-cr-28<br><br>FERETTA MOTION |

### FERETTA MOTION

Comes now :james beeks: (the Accused) by special appearance, an Aborigine Autochthon, 5/5ths realized **Free Qualified** Inhabitant, and **Private Citizen** of Turtle Island/Amaru-Inca (now known as America); who upholds the Great Law of Peace, a lawful de jure, jus sanguinis **Preamble Citizen** of the Florida Republic {1861-1865} in his own proper person sui juris pursuant to the ~~unpurviewed~~ 6th Article of the Bill of Rights, the 9th Article of Amendment to the Constitution for the United States {1787-1791} and other applicable provisions of law, knowingly and intelligently, with full awareness of the

FERETTA MOTION - 1

dangers of proceeding sui juris respectfully requesting a Faretta motion for the duration of this litigation process.

*"In all criminal prosecutions, the accused shall enjoy the right to a speedy and public trial, by an impartial jury of the State and district wherein the crime shall have been committed, which district shall have been previously ascertained by law, and to be informed of the nature and cause of the accusation; to be confronted with the witnesses against him; to have compulsory process for obtaining witnesses in his favor, and to have the Assistance of Counsel for his defense.*

*The Court has held that the Sixth Amendment, in addition to guaranteeing the right to retained or appointed counsel, also guarantees a defendant the right to represent himself. It is a right the defendant must adopt knowingly and intelligently; under some circumstances the trial judge may deny the authority to exercise it, as when the defendant simply lacks the competence to make a knowing or intelligent waiver of counsel or when his self-representation is so disruptive of orderly procedures that the judge may curtail it. The right applies only at trial; there is no constitutional right to self-representation on direct appeal from a criminal conviction.*

*The essential elements of self-representation were spelled out in* McKaskle v. Wiggins, *a case involving the self-represented defendant's rights vis-a-vis "standby counsel" appointed by the trial court. The "core of the* Faretta *right" is that the defendant "is entitled to preserve actual control over the case he chooses to present to the jury," and consequently, standby counsel's participation "should not be allowed to destroy the jury's perception that the defendant is representing himself." But participation of standby counsel even in the jury's presence and over the defendant's objection does not violate the defendant's Sixth Amendment rights when serving the basic purpose of aiding the defendant in complying with routine courtroom procedures and protocols and thereby relieving the trial judge of these tasks.*

*Faretta v. California, 422 U.S. 806 (1975). An invitation to overrule* Faretta *because it leads to unfair trials for defendants was declined in Indiana v. Edwards, 128 S. Ct. 2379, 2388 (2008). Even if the defendant exercises his right to his detriment, the Constitution ordinarily guarantees him the opportunity to do so. A defendant who represents himself cannot thereafter complain that the quality of his defense denied him effective assistance of counsel. 422 U.S. at 834–35 n.46. The Court, however, has not addressed what state aid, such as access to a law library, might need to be made available to a defendant representing himself. Kane v. Garcia Espitia, 546 U.S. 9 (2005) (per curiam).*

FERETTA MOTION – 2

Related to the right of self-representation is the right to testify in one's own defense. Rock v. Arkansas, 483 U.S. 44 (1987) (per se rule excluding all hypnotically refreshed testimony violates right).

The fact that a defendant is mentally competent to stand trial does not preclude a court from finding him not mentally.

I attest that I am mentally competent and able to proceed sui juris and waive my right to counsel.

WHEREFORE: :james beeks: respectfully moves the court to grant permission to exercise his right to be in (pro per) sui juris going forward.

11/28/22

*James Beeks*

:james beeks: © All Rights Reserved
Principal, by Special Appearance,
independent Personam, in Propria
Persona, proceeding Sui Juris. My Hand
and Mark as Subscriber.

FERETTA MOTION – 3

## CERTIFICATE OF SERVICE

On this **28th** day of **NOVEMBER**, 20**22**, before me, the undersigned, a Notary Public in and for **JAMES DELISCO DEEKS** (state), personally appeared the above-signed, known to me to be the one whose name is signed on this instrument, and has acknowledged to me that s/he has executed the same.

Signed: _____ STATE SEAL

Printed Name: **EZRA M. PALAFOX**

EZRA M. PALAFOX
Notary Public
State of Florida
Comm# HH304997
Expires 8/24/2026

Date: **11/28/2022**

My Commission Expires: **08/24/2026**

FERETTA MOTION – 4