UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

|  |  |
|---|---|
| UNITED STATES OF AMERICA,   ) | |
| ) | |
| v.   ) | Criminal No. 21-cr-28 (APM) |
| ) | |
| JAMES BEEKS,   ) | |
| ) | |
| Defendant.   ) | |

### ORDER

Before the court are two motions filed by Defendant James Beeks: (1) Motion to Dismiss Counts Five and Seven of the Seventh Superseding Indictment, ECF No. 638 [hereinafter Def.'s Mot. to Dismiss], and (2) Motion for a Bill of Particulars, ECF No. 639 [hereinafter Mot. for Bill]. For the reasons discussed below, both motions are denied.

### I.

### A.

Count Five charges a violation of 18 U.S.C. § 1752(a)(1). That statute makes it unlawful for a person to "knowingly enter[] or remain[] in any restricted building or grounds without lawful authority to do so." Section 1752 contains three definitions of "restricted buildings or grounds." *Id.* § 1752(c)(1). The relevant definition here is "any posted, cordoned off, or otherwise restricted area . . . of a building or grounds where the President or other person protected by the Secret Service is or will be temporarily visiting." *Id.* § 1752(c)(1)(B). Count V identifies the "restricted building or grounds" as "the United States Capitol and its grounds, where the Vice President was temporarily visiting." Seventh Superseding Indictment, ECF No. 583, ¶ 108. Defendant argues that Count V must be dismissed because on January 6, 2021, Vice President Pence was not

"temporarily visiting" the Capitol. Def.'s Mot. to Dismiss at 11–21. According to Defendant, while acting as President of the Senate, Vice President Pence was at a regular place of work, which an ordinary person would not understand to be a place where the Vice President was temporarily visiting. *Id.* As Defendant succinctly puts it, "the Vice President does not 'temporarily visit' the Captiol—he works there." *Id.* at 13.

This argument does not come to the court on a clean slate. Every judge on this District Court to have considered it has rejected it. *See, e.g.*, *United States v. McHugh*, 583 F. Supp. 3d 1, 32–35 (D.D.C. 2022) (Judge Bates); *United States v. Andries*, 21-cr-93 (RC), 2022 WL 768684, *16–17 (D.D.C. Mar. 14, 2022) (Judge Contreras); *United States v. Puma*, 596 F. Supp. 3d 90, 112–14 (D.D.C. 2022) (Judge Friedman); *United States v. Bingert*, 21-cr-91 (RCL), 2022 WL 1659163, *14–15 (D.D.C. May 25, 2022); *United States v. Williams*, 21-cr-618 (ABJ), 2022 WL 2237301, *19–20 (D.D.C. June 22, 2022). The court agrees with these decisions and adopts their reasoning as its own. The court briefly addresses two contentions raised by Defendant that these cases do not directly address.

First, Defendant asserts that the reading of § 1752(a)(1) advanced by these courts creates a fair notice problem. Def.'s Mot. to Dismiss at 15–17. Specifically, in *McHugh*, the court granted the possibility (though it did not hold) that the term "temporarily visiting" might be reasonably construed to exclude a protectee's primary place of work, but because the Vice President's Senate office is not his primary place of work, Vice President Pence was "temporarily visiting" the U.S. Capitol on January 6, 2021. *McHugh*, 583 F. Supp. 3d at 34–35. Defendant argues that this logic creates a fair notice problem: an ordinary person would not be able to discern from the statutory text how to distinguish between a primary place of work that is excluded from the statute's reach (i.e., the Vice President's West Wing office) from a secondary place of work that falls within it

2

(i.e., the Vice President's Senate office).  Def.'s Mot. to Dismiss at 15–17.  But it is not clear why that is so.  An ordinary person would understand that the Vice President's primary office is not within the U.S. Capitol, in the same way that she would know that the President's primary place of work is not Camp David or personal property that he owns, regardless of the amount of time spent there.  The statute's reach therefore does not, as Defendant contends, "expand[] and contract[] based on fluid, unidentified factors," such as the number of times a Vice-President casts tie-breaking votes in the Senate.  Def.'s Mot. to Dismiss at 16.  "All the Due Process Clause requires is that the law give sufficient warning that men may conduct themselves so as to avoid that which is forbidden."  *Rose v. Locke*, 423 U.S. 48, 50 (1975) (per curiam).  An ordinary person would have understood § 1752(a)(1) to reach the U.S. Capitol when Vice President Pence presided over the certification of the Electoral College vote on January 6th.

Second, Defendant contends that, because of the statute's ambiguity, principles of constitutional avoidance and the rule of lenity favor his narrower construction.  Def.'s Mot. to Dismiss at 17–19.  But the court rejects the premise that § 1752(a)(1) is ambiguous.  These principles of construction therefore have no application.

**B.**

Defendant also argues that Count VII alleging civil disorder in violation of 18 U.S.C. § 231(a)(3) must be dismissed because it fails to allege that the "'civil disorder' had a relationship to commerce or a 'federally protected' function—an allegation that the statute requires." *Id.* at 21. Defendant acknowledges that those alternative elements are set forth in Count VII, but nevertheless faults the indictment for a lack of specifics, asserting that it fails to "allege essential facts that color-in the statutory boilerplate."  Def.'s Reply in Support of Def.'s Mot. to Dismiss, ECF No. 652, at 13.

3

But Defendant demands too much. Only when a charge "depend[s] so crucially upon a specific identification of fact" need the indictment specify such fact. *United States v. Resendiz-Ponce*, 549 U.S. 102, 110 (2007). Or, put differently, only when a fact pertains to the "very core of criminality under [the statute]" must it be pleaded with specificity. *Russell v. United States*, 369 U.S. 749, 764 (1962). Facts supporting the requisite relationship to commerce or a federally protected function do not so qualify. Focusing on a different element of § 231(a)(3) shows why. The statute prohibits obstructive conduct directed at a fireman or law enforcement officer "lawfully engaged in the lawful performance of his official duties incident to and during the commission of a civil disorder." The D.C. Circuit has held that a similar "official duties" element in a different statute—18 U.S.C. § 115(a)(1)(B)—need not be pleaded with particularity under *Russell* because its purpose is "to assure that the threat generally relates to the officer's performance of official duties rather than to a personal dispute having nothing to do with the officer's job functions." *United States v. Williamson*, 903 F.3d 124, 131 (D.C. Cir. 2018). The relationship of the civil disorder to commerce or to a federally protected function serves a similar purpose under § 231(a)(3). Those alternative elements distinguish a civil disorder that has some federal nexus from one whose impact is felt only locally. The statute would not reach, for instance, interfering with a law enforcement officer attempting to quell a civil disturbance during a protest that neither has an impact on interstate commerce nor is directed at a federal function.

By stating the elements of the offense, combined with the time and place the alleged unlawful conduct occurred, the indictment sufficiently informed Defendant of the charge against him.

5

**II.**

Defendant also asks the court to order a bill of particulars in which the government identifies all unindicted co-conspirators as well as the principals that Defendant is alleged to have aided and abetted. Mot. for Bill at 2–3. That motion is denied without prejudice. By the time Defendant is tried, he will have had received extensive discovery and the benefit of at least two prior trials in which the government has presented evidence against indicted co-conspirators who are charged with similar offenses. If Defendant still remains uncertain about the identity of co-conspirators or principals, he can again petition the court for relief.

**III.**

For the foregoing reasons, Defendant Beeks' Motion to Dismiss Counts Five and Seven of the Seventh Superseding Indictment, ECF No. 638, and Motion for a Bill of Particulars, ECF No. 639, are denied.

Date: January 5, 2023

_____
Amit P. Mehta
United States District Court Judge