**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA**

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | : | **CRIMINAL NO. 21-cr-28-APM-19** |
| | : | |
| **v.** | : | |
| | : | |
| **JAMES BEEKS,** | : | |
| | : | |
| **Defendant.** | : | |

**GOVERNMENT'S OPPOSITION TO DEFENDANT JAMES BEEKS'S
MOTION FOR A BILL OF PARTICULARS**

Defendant James Beeks moves under Federal Rule of Criminal Procedure 7(f) for a bill of particulars. ECF No. 769. Whether a bill of particulars is appropriate lies within the Court's "sound discretion." *United States v. Mejia*, 448 F.3d 436, 445 (D.C. Cir. 2006) (quotation omitted). Exercising that discretion, this Court should deny the motion.

## PROCEDURAL BACKGROUND

On June 22, 2022, the grand jury returned an Eighth Superseding Indictment (ECF No. 684), charging Defendant Beeks with the following six counts:

- Count one: conspiracy to obstruct an official proceeding, in violation of 18 U.S.C. § 1512(k);

- Count two: obstruction of an official proceeding and aiding and abetting, in violation of 18 U.S.C. §§ 1512(c)(2), 2;

- Count three: conspiracy to prevent an officer from discharging any duties, in violation of 18 U.S.C. § 372;

- Count four: destruction of government property and aiding and abetting, in violation of 18 U.S.C. §§ 1361, 2;

- Count five: entering and remaining in a restricted building or grounds, in violation of 18 U.S.C. § 1752(a)(1); and

- Count seven: civil disorder and aiding and abetting, in violation of 18 U.S.C. §§ 231(a)(3), 2.

This Court has previously denied motions for a bill of particulars filed by this defendant and others. *See* ECF Nos. 811 (denying motion filed by Beeks' prior counsel, seeking an Order that the government identify all of defendant's alleged co-conspirators); 182 (denying motion filed by Defendants Kelly and Connie Meggs, seeking more information about the evidence supporting the conspiracy and destruction of property counts); and 415 (denying a motion filed by then-Defendant Joshua James that the government be compelled to identify more specifically the grand jury proceeding that was alleged to have obstructed in his charge of violating 18 U.S.C. §§ 1512(c)(1)).

## FACTUAL BACKGROUND

The government incorporates the factual background from its earlier oppositions to defendant's motion for a bill of particulars, ECF No. 645.

## ARGUMENT

### I.    LEGAL STANDARD

A bill of particulars "ensure[s] that the charges brought against a defendant are stated with enough precision to allow the defendant to understand the charges, to prepare a defense, and perhaps also to be protected against retrial on the same charges." *United States v. Butler*, 822 F.2d 1191, 1193 (D.C. 1987). It is not required, however, if the indictment "is sufficiently specific, or if the requested information is available in some other form." *Id.*; *see United States v. Lorenzana-Cordon*, 130 F. Supp. 3d 172, 179 (D.D.C. 2015) (denying motion for bill of particulars and noting that the government had provided extensive discovery that "allows Defendants to adequately

prepare for trial").

Further, a bill of particulars "is not a discovery tool or a device for allowing the defense to preview the government's theories or evidence." *United States v. Ramirez*, 54 F. Supp. 2d 25, 29 (D.D.C. 1999); *see also United States v. Brodie*, 326 F. Supp. 2d 83, 91 (D.D.C. 2004) (same). Rather, a bill of particulars "is intended to give the defendant only that minimum amount of information necessary to permit the defendant to conduct his *own* investigation and not to provide the defendant with the fruit of the government's investigation." *United States v. Sanford Ltd.*, 841 F. Supp. 2d 309, 316 (D.D.C. 2012) (internal quotation marks and citation omitted, emphasis in original). Therefore, a bill of particulars "properly includes clarification of the indictment, not the government's proof of its case." *United States v. Martinez*, 764 F. Supp. 2d 166, 173 (D.D.C. 2011) (internal quotation marks and citation omitted); *United States v. Savoy*, 889 F. Supp. 2d 78, 115 (D.D.C. 2012) (same); *see also United States v. Taylor*, 17 F. Supp. 3d 162, 178 (E.D.N.Y. 2014) (bill of particulars "may not be used by the defense as a fishing expedition or to force the government to reveal all its evidence before trial").

Applying this principle, judges of this Court have consistently denied motions for a bill of particulars where the motion seeks details about the nature of the government's evidence. Thus, for example, in *United States v. Han*, 280 F. Supp. 3d 144, 149 (D.D.C. 2017), the Court denied a motion for a bill of particulars requesting information about the basis for fraud and tax charges against the defendant, including the precise representations allegedly made by the defendant and the amount of taxes allegedly owed. The Court explained that the requested information had already been provided to the defendant in discovery and elsewhere, and a "bill of particulars is meant to allow a defendant to properly prepare for trial, not provide a method to force the prosecution to connect every dot in its case." *Id.*

Similarly, in *Brodie*, the court denied a motion for a bill of particulars requesting "the circumstances surrounding the alleged acts" of fraud committed by the defendants as well as "other evidentiary details."  326 F. Supp. 2d at 92. The court reasoned that the charges set forth in the indictment were "detailed and alleged with particularity" and "the discovery provided by the government has been voluminous," and therefore there was "no reason for any further particularization of the overt acts." *Id.*

So, too, did this Court observe, in denying Defendant Beeks' prior motion for a bill of particulars, "By the time Defendant is tried, he will have had received extensive discovery and the benefit of at least two prior trials in which the government has presented evidence against indicted co-conspirators who are charged with similar offenses." ECF No. 811 at 5.

## II.   THE DEFENDANT IS NOT ENTITLED TO A BILL OF PARTICULARS

The Court should deny the defendant's motion for a bill of particulars for three reasons. First, the defendant largely requests information that falls outside the scope and purpose of a bill of particulars. Most of the defendant's requests seek information irrelevant to the charges against the defendant, or any defense to such charges. *See*, *e.g.*, Mot. for Bill at 2 ("4. Does the word 'person' mean the same thing in the statute(s) allegedly violated as it does in Sec. 1 of the *non-existent* 14th war 'amendment', e.g., 'corporation'; IF not, why not?"). Many of the inquiries presented by the defendant in his motion would be better addressed to a philosopher or historian than to the government in this matter. *See*, *e.g.*, *id.* at 3 ("Who is the alleged injured party or what constitutes the corpus delicti/scienter of the alleged 'crime' and what loss of life, liberty, or property is purportedly alleged in the charges/citation as having been caused by the Accused?"); *id*. at 4 ("13. What constitutes the *consent of the governed*. . ."). Even where answers could be conjured, the information does not serve the purpose of a bill of particulars: to "ensure that the

charges brought against a defendant are stated with enough precision to allow the defendant to understand the charges, to prepare a defense, and perhaps also to be protected against retrial on the same charges." *Butler*, 822 F.2d at 1193.

Second, the superseding indictment provides sufficient detail regarding the allegations against the defendant. *See Mejia*, 448 F.3d at 445 (no bill of particulars required where the superseding indictment identified, among other things, the object of the charged conspiracy, the conspiracy's "time period," the applicable *mens rea*, and locations where conspirators acted). The Indictment spells out in detail the acts committed by the defendant and his alleged co-conspirators in furtherance of the conspiracy, which also lay out the main allegations in support of the substantive offenses charged therein. ECF No. 684. The information in the indictment is extensive and precise enough for the "defendant to understand the charges" and "prepare a defense." *Butler*, 822 F.2d at 1193.

Third, evidence is readily "available in some other form." *Butler*, 822 F.2d at 1193. It is notable that the header of the defendant's motion includes the stipulation "*NOT A DISCOVERY MOTION!*," *see* Mot. for Bill at 1, given that discovery is the proper avenue for information. The full discovery provided in this case – which is available to the defendant – provides voluminous information about the allegations. Like in *Brodie*, the extensive information available through discovery abolishes the "reason for any further particularization of the overt acts." 326 F. Supp. 2d at 92.

At best, the defendant's motion is an attempt to elicit from the government a granularity to its case that is not required by Rule 7(f). *See Han*, 280 F. Supp. at 149 ("[a] bill of particulars is meant to allow a defendant to properly prepare for trial, not provide a method to force the prosecution to connect every dot in its case"). At worst, it is part of an attempt to press a legal

theory that has repeatedly been rejected by the courts. *See United States v. Chilcoat*, CR 22-299 (CKK), 2023 WL 143912 (D.D.C. Jan. 10, 2023) (rejecting series of motions where "the crux of their argument appears to rest on 'sovereign citizen' ideology"); *see also Reed v. Cushwa*, No. 20-CV-3524 (CRC), 2021 WL 2894736 (D.D.C. June 29, 2021) (rejecting habeas petition based in part on sovereign citizen theories).

Finally, to the extent Defendant Beeks is having trouble understanding the nature of the charges and evidence against him, and in light of the fact that he is representing himself, undersigned counsel have offered, through Mr. Beeks' standby counsel, to arrange for a reverse proffer session, to go over the charges and evidence. To date, the government has not been taken up on its offer.

For all these reasons, the defendant's motion for a bill of particulars should be denied.

Respectfully submitted,

MATTHEW M. GRAVES
UNITED STATES ATTORNEY
D.C. Bar Number 481052

By:        /s/
        Kathryn L. Rakoczy
        Assistant United States Attorney
        D.C. Bar No. 994559
        Troy A. Edwards, Jr.
        Louis Manzo
        Jeffrey Nestler
        Assistant United States Attorneys
        U.S. Attorney's Office for the District of Columbia
        601 D Street NW
        Washington, D.C. 20530

        /s/
        Alexandra Hughes
        Trial Attorney
        National Security Division,

United States Department of Justice
950 Pennsylvania Avenue NW
Washington, D.C. 20004