```
                IN THE UNITED STATES DISTRICT COURT
                 FOR THE DISTRICT OF COLUMBIA


UNITED STATES OF AMERICA,          )
                                   )
          Plaintiff,               )
                                   )    CR No. 21-28
                                   )    Washington, D.C.
        vs.                        )    July 10, 2023
                                   )    10:12 a.m.
DONOVAN RAY CROWL (2),             )
JAMES BEEKS (19),                  )    Day 1
                                   )
          Defendants.              )
_____   )



        TRANSCRIPT OF STIPULATED BENCH TRIAL PROCEEDINGS
            BEFORE THE HONORABLE AMIT P. MEHTA
               UNITED STATES DISTRICT JUDGE

APPEARANCES:

For the Government:         Kathryn Leigh Rakoczy
                            Troy A. Edwards, Jr.
                            U.S. ATTORNEY'S OFFICE
                            FOR THE DISTRICT OF COLUMBIA
                            601 D Street, NW
                            Washington, D.C. 20001
                            (202) 258-1251
                            Email:
                            kathryn.rakoczy@usdoj.gov
                            Email: troy.edwards@usdoj.gov

                            Alexandra Stalimene Hughes
                            U.S. DEPARTMENT OF JUSTICE
                            NSD
                            950 Pennsylvania Ave NW
                            Washington, D.C. 20004
                            (202) 353-0023
                            Email:
                            Alexandra.Hughes@usdoj.gov
```

APPEARANCES CONTINUED:

For Defendant Crowl:                 Carmen D. Hernandez
                                     7166 Mink Hollow Road
                                     Highland, MD 20777
                                     (240) 472-3391
                                     Email: chernan7@aol.com


For Defendant Beeks:                 Pro Se
                                     Standby Counsel
                                     Greg Hunter
                                     GREGORY T. HUNTER, ESQ.
                                     2111 Wilson Boulevard
                                     8th Floor
                                     Arlington, VA 22201
                                     (703) 966-7226
                                     Email: greghunter@mail.com


Court Reporter:                      William P. Zaremba
                                     Registered Merit Reporter
                                     Certified Realtime Reporter
                                     Official Court Reporter
                                     E. Barrett Prettyman CH
                                     333 Constitution Avenue, NW
                                     Washington, D.C. 20001
                                     (202) 354-3249


Proceedings recorded by mechanical stenography; transcript
produced by computer-aided transcription

P R O C E E D I N G S

1

2          COURTROOM DEPUTY:  Good morning, Your Honor.

3     This is Criminal Case No. 21-28, United States of America

4     versus Defendant No. 1, Donovan Ray Crowl; and Defendant No.

5     19, James Beeks.

6          Kathryn Rakoczy, Alexandra Hughes, and Troy

7     Edwards for the government.

8          Carmen Hernandez for Defendant Crowl.

9          Greg Hunter as standby counsel for Defendant

10    James Beeks.

11         THE COURT:  Okay.  Good morning, everyone.

12         MS. HERNANDEZ:  Good morning, Your Honor.

13         THE COURT:  All right.

14         So we are set this morning for trial.

15         Last week, the parties notified me that they were

16    prepared to proceed with a stipulated bench trial instead of

17    a jury trial or even a straight-up bench trial.  So before

18    we proceed any further, the first thing I wanted to do was

19    have individual colloquies with each defendant, unless

20    there's something either side thinks we need to address

21    before that.

22         MS. RAKOCZY:  No, Your Honor.

23         MS. HERNANDEZ:  I'm sorry, good morning,

24    Your Honor.

25         No.  That's fine.  I'll go.

1          The only thing is, we were hoping to propose a

2     schedule for how we go forward today, hoping to spread it,

3     some things today and then finish tomorrow.

4          MS. RAKOCZY:  Yes, Your Honor.

5          I think to be more specific, Ms. Hernandez had

6     floated yesterday evening the possibility of doing the

7     closing arguments tomorrow but getting through any

8     preliminary issues, any colloquies that need to be done and

9     anything else that the Court needs us to explain and

10    understand today.

11         We will finalize, to the extent there are any

12    edits that need to be made to the document, the statements

13    of elements and facts, we can do that today.

14         And we know we obviously got the exhibits to the

15    Court late yesterday, so we thought perhaps the Court as

16    well might benefit from having the afternoon to look at

17    those.

18         So the government does not oppose doing closing

19    arguments tomorrow.  We'd be happy to do them today but we

20    don't oppose doing them tomorrow.

21         THE COURT:  Okay.  Well, we can talk about that in

22    a moment.

23         Ms. Hernandez and Mr. Crowl, why don't you come on

24    up; we'll start with both of you.

25         Hi, Mr. Crowl.  How are you this morning?

1          DEFENDANT CROWL:  I'm fine, sir.  How are you

2     today?

3          THE COURT:  I'm good.  Thank you.

4          All right.  So before we can proceed any further,

5     I need to ask you a series of questions.  Those questions

6     are designed to satisfy me that you understand what rights

7     you are giving up by proceeding with a stipulated bench

8     trial instead of proceeding with a jury trial.

9          If you don't understand a question I have asked

10    you, please feel free to ask me to repeat myself.  Is that

11    understood?

12         DEFENDANT CROWL:  Yes, sir.

13         THE COURT:  And if you wish to consult with

14    Ms. Hernandez before answering any question, feel free to do

15    that as well.  Is that understood?

16         DEFENDANT CROWL:  Yes, sir.

17         THE COURT:  All right.

18         Now, before we move any further, I'm going to ask

19    you to please raise your right hand because I'm going to

20    have you placed under oath.

21         COURTROOM DEPUTY:  Raise your right hand.

22         (Defendant Crowl is placed under oath.)

23         COURTROOM DEPUTY:  Thank you.

24         THE COURT:  All right.

25         Now, Mr. Crowl, now that you've been placed under

1   oath, do you understand that what that means is that if you

2   testify falsely, that is, answer a question falsely, you

3   could be prosecuted for perjury or making a false statement?

4          DEFENDANT CROWL:  Yes, sir, I understand.

5          THE COURT:  All right.

6          Now, Mr. Crowl, what is your date of birth, sir?

7          DEFENDANT CROWL:  7/26/1970.

8          THE COURT:  And how far did you go in school, sir?

9          DEFENDANT CROWL:  12th grade, graduated high

10  school.

11         I also went to Naval Technical Training, which I

12  don't know if that counts as college but I spent a couple

13  years in Navy schools.

14         THE COURT:  Have you taken any drugs or

15  medications or anything else in the last two days that might

16  make it difficult for you to follow these proceedings?

17         DEFENDANT CROWL:  No, sir.

18         THE COURT:  And is there any other reason that you

19  can think of that might make it difficult for you to follow

20  these proceedings?

21         DEFENDANT CROWL:  No, sir.

22         THE COURT:  All right.

23         Does counsel for either side have any reason to

24  question Mr. Crowl's competence to waive a jury trial and

25  enter into an agreement for a stipulated bench trial?

1          MS. HERNANDEZ:  No, Your Honor.

2          MS. RAKOCZY:  No, Your Honor.

3          THE COURT:  All right.

4          So then based upon my inquiries of Mr. Crowl as

5    well as the representations by counsel, I find that he is

6    fully competent and capable of waiving his right to a jury

7    trial and consenting to a stipulated bench trial.

8          Now, were you born in the United States,

9    Mr. Crowl?

10         DEFENDANT CROWL:  Yes, sir.

11         THE COURT:  And have you had enough time to

12   discuss with your lawyer the charges that are against you,

13   as well as the rights that you are giving up by entering

14   into an agreement to proceed with a stipulated bench trial?

15         DEFENDANT CROWL:  Yes, sir.

16         THE COURT:  Are you satisfied with the services

17   that Ms. Hernandez has provided you?

18         DEFENDANT CROWL:  Absolutely.  Yes, sir.

19         THE COURT:  All right.

20         Now, again, instead of going forward with a jury

21   trial, I understand that you wish to proceed with a

22   stipulated bench trial on two counts of the indictment; that

23   is, Count 1 and Count 7.  Is that correct, sir?

24         DEFENDANT CROWL:  Yes, sir.

25         THE COURT:  Now, as part of this agreement,

1   do you understand, sir, that the government has agreed that

2   it will dismiss the remaining charges against you in the

3   indictment?

4            DEFENDANT CROWL:  Yes, sir.

5            THE COURT:  And that other than that agreement,

6   do you understand that there are no other agreements between

7   the parties, and that includes what the Guidelines Range

8   might be if you were found guilty, what the appropriate

9   sentence might be or what the government might request as a

10  sentence in this case.  There are no agreements on those

11  terms.  Is that understood?

12           DEFENDANT CROWL:  I understand yes, sir.

13           THE COURT:  All right.

14           Now, the Statement of Facts, do you have that in

15  front of you, Ms. Hernandez?

16           Okay.  Now, this Statement of Facts, I know it's

17  not-yet final.  And it hasn't been signed yet;

18  is that correct?

19           MS. HERNANDEZ:  That's correct, Your Honor.  We

20  were still working on it late last night.

21           THE COURT:  Okay.

22           Let's at least preliminarily, and I can confirm

23  again before we -- after it is signed.

24           MS. HERNANDEZ:  Okay.

25           THE COURT:  Mr. Crowl, before you is a 26-page

1    document, it's titled Statement of Elements and Facts for

2    Stipulated Trial.  Do you see that, sir?

3              DEFENDANT CROWL:  Yes, sir, I do.

4              THE COURT:  Now, Mr. Crowl, have you had an

5    opportunity to read that document or have you had it read to

6    you, sir?

7              DEFENDANT CROWL:  I have read it, Your Honor.

8              And I was just reading the updated version as

9    I was riding in on the train, so I do have a good grasp of

10   what's going on here, yes, sir.

11             MS. HERNANDEZ:  There have been multiple versions.

12   This is the most recent, the one that we sent to the Court.

13             THE COURT:  Okay.

14             And do you have any questions about what that

15   document contains, sir?

16             DEFENDANT CROWL:  No, sir.  I've been very well

17   informed --

18             THE COURT:  Okay.

19             DEFENDANT CROWL:  -- by Ms. Hernandez.

20             THE COURT:  So let me just go through some aspects

21   of this Statement of Elements.  It's titled Statement of

22   Elements and Facts for Stipulated Trial.

23             First and foremost, on page 2 there, it sets forth

24   the elements of the offense of Count 1, which is conspiracy

25   to obstruct an official proceeding, in violation of

1    18 United States Code 1512(k).  Do you see that, sir?

2              DEFENDANT CROWL:  Yes, sir, I do.

3              THE COURT:  And do you see there what the

4    essential elements of the offense are that the government

5    would be required to prove beyond a reasonable doubt if you

6    had proceeded to a jury trial?

7              DEFENDANT CROWL:  Yes, sir.

8              THE COURT:  And the first element there is that

9    you conspired or agreed with at least one other person with

10   the goal of committing the crime of obstructing an official

11   proceeding; and, second, that you knowingly joined or

12   entered into an agreement with an awareness of its unlawful

13   goal and the intent to achieve the illegal object of the

14   charged conspiracy.  Do you see those two elements?

15             DEFENDANT CROWL:  Yes, sir, I do.

16             THE COURT:  All right.

17             Now, the unlawful object that's alleged in the

18   indictment was the obstruction of an official proceeding,

19   that is, Congress's certification of the Electoral College

20   vote on January 6th.  Do you see that, sir?

21             DEFENDANT CROWL:  Yes, sir, I do.

22             THE COURT:  And in order to find you guilty of

23   corruptly obstructing an official proceeding, the government

24   must prove each of the following elements beyond a

25   reasonable doubt.

1          First, that you obstructed or impeded an official

2    proceeding;

3          Second, that you intended to obstruct or impede

4    the official proceeding;

5          Third, the defendant acted knowingly, that is,

6    with an awareness that the natural and probable effect of

7    your conduct would be to obstruct or impede the official

8    proceeding;

9          And, fourth, that you acted corruptly.

10          Do you see those elements, sir?

11          DEFENDANT CROWL:  Yes, I do.

12          THE COURT:  Let's jump down to Count 7.

13          Count 7 of the indictment charges you with

14    committing an act to obstruct, impede, or interfere with law

15    enforcement officers who were lawfully carrying out their

16    official duties incident to a civil disorder; that is, on or

17    about January 6th of 2021, and aiding and abetting that

18    offense.  Do you see that, sir?

19          DEFENDANT CROWL:  Yes, sir, I do.

20          THE COURT:  All right.

21          Now, the elements of that offense there are at the

22    top of page 4, and there are four elements.

23          The first is that you knowingly committed an act.

24    Do you see that?

25          DEFENDANT CROWL:  Yes, sir.

1          THE COURT:  The second, in committing that act,

2    that you intended to obstruct, impede, or interfere with one

3    or more law enforcement officers?

4          DEFENDANT CROWL:  Yes, sir, I see that.

5          THE COURT:  And then at the time of your actual

6    act, the law enforcement officer or officers were engaged in

7    the lawful performance of their official duties incident to

8    and during a civil disorder.

9          And, fourth, the civil disorder in any way or

10   degree obstructed, delayed, or adversely affected either

11   commerce or the movement of any article or commodity in

12   commerce or the conduct or performance of any federally

13   protected function.

14         Do you see those elements, sir?

15         DEFENDANT CROWL:  Yes, sir, I do.

16         THE COURT:  Do you have any questions about those

17   elements?

18         DEFENDANT CROWL:  No, sir.

19         THE COURT:  All right.

20         Now, I'm just going to go over what the statutory

21   penalties are.  I'm doing this just so that you're aware of

22   them and it's on the record.

23         So on the count of obstruction -- excuse me,

24   conspiracy to obstruct an official proceeding,

25   do you understand the statutory maximum penalty is 20 years

```
1    of incarceration?
2              DEFENDANT CROWL:  Yes, sir.
3              THE COURT:  A fine of $250,000?
4              DEFENDANT CROWL:  Yes, sir.
5              THE COURT:  A term of supervised release of not
6    more than three years?
7              DEFENDANT CROWL:  Yes, sir.
8              THE COURT:  An order of restitution?
9              DEFENDANT CROWL:  Yes, sir.
10             THE COURT:  And you may be subject to any fine --
11   excuse me, you may be subject to interest on any fine or
12   restitution that is not timely paid.  Is that understood?
13             DEFENDANT CROWL:  Yes, sir.
14             THE COURT:  As well as a $100 Special Assessment
15   to the Court?
16             DEFENDANT CROWL:  Yes, sir.
17             THE COURT:  All right.
18             On Count 7, which is the civil disorder count,
19   do you understand that the maximum penalty is five years of
20   incarceration?
21             DEFENDANT CROWL:  Yes, sir.
22             THE COURT:  The maximum fine of $250,000?
23             DEFENDANT CROWL:  Yes, sir.
24             THE COURT:  A term of supervised release of not
25   more than three years?
```

1          DEFENDANT CROWL:  Yes, sir.

2          THE COURT:  Be obligated to pay any interest and

3    penalties on any portion of any fine or restitution that's

4    not timely paid?

5          DEFENDANT CROWL:  Yes, sir.

6          THE COURT:  And a second $100 Special Assessment.

7    Is that understood?

8          DEFENDANT CROWL:  Yes, sir.

9          THE COURT:  Okay.

10          Now, those are the maximum penalties, sir.

11          We've also -- as part of sentencing, I am required

12    to -- again, this is if you are convicted; I want to make

13    sure we're all on the same page here.

14          There is something called the U.S. Sentencing

15    Guidelines.  At this point, there's no agreement as to what

16    those Guidelines Range might be if you are convicted.

17    Do you understand that?

18          DEFENDANT CROWL:  I understand, sir.

19          THE COURT:  Okay.

20          Now, let's turn back to the statement of the facts

21    document that we were just talking about.

22          Now, this document, again, it's titled Statement

23    of Elements and Facts for Stipulated Trial.

24          Now, you haven't yet signed it.  We've talked

25    about the fact that you've at least read it and you've

1    discussed it with your lawyer; is that correct?

2              DEFENDANT CROWL:  Yes, sir.

3              THE COURT:  Do you have any questions about what

4    that document contains?

5              DEFENDANT CROWL:  No, sir, I do not.

6              THE COURT:  Now, I'll ask you this again, but at

7    least at this point, Mr. Crowl, this document, beginning on

8    page 4 and continuing through page -- just to be clear, this

9    is a document that was sent to me yesterday -- through

10   page 24, contained a host of facts that have been stipulated

11   to; that is, that you have agreed to.  Do you understand

12   that, sir?

13             DEFENDANT CROWL:  Yes, Your Honor.

14             THE COURT:  And have you read these facts, sir?

15             DEFENDANT CROWL:  Yes, sir, I have.

16             THE COURT:  Discussed those with your lawyer?

17             DEFENDANT CROWL:  Yes, sir, I have.

18             THE COURT:  And do you agree, Mr. Crowl, that

19   these facts fairly and accurately -- are fair and accurate,

20   sir?  Do you understand that?

21             DEFENDANT CROWL:  Yes, sir.

22             THE COURT:  Now, subject to any potential change,

23   I understand that.  But at this point, they are fair and

24   accurate; is that correct?

25             DEFENDANT CROWL:  Yes, sir.

1          THE COURT:  All right.

2          And you accept these facts as true; in other

3     words, fair and accurate for the purposes of the stipulated

4     bench trial?

5          DEFENDANT CROWL:  Yes, sir.

6          THE COURT:  Okay.

7          Now, let's talk about the rights that you are

8     giving up, Mr. Crowl, by entering or by agreeing to a

9     stipulated bench trial, okay?

10          First and foremost, do you understand that you're

11     not required to stipulate to these facts and that you have a

12     right to go to a trial by jury on the charges that are

13     contained in the indictment?

14          DEFENDANT CROWL:  I do understand, yes, sir.

15          THE COURT:  Now, if you were to proceed with a

16     jury trial, Mr. Crowl, you would be presumed innocent and

17     the government would have to prove your guilt beyond a

18     reasonable doubt and they would have to convince 12 jurors

19     unanimously to convict you.  Do you understand that?

20          DEFENDANT CROWL:  I understand.

21          THE COURT:  Now, by proceeding with a stipulated

22     bench trial, sir, you're retaining some of these rights but

23     you're giving up others.

24          You're retaining your right to be presumed

25     innocent.  Is that understood?

1          DEFENDANT CROWL:  Yes, sir.

2          THE COURT:  The government is still bearing the

3    burden of proving your guilt beyond a reasonable doubt.

4    Do you understand that?

5          DEFENDANT CROWL:  Yes, sir.

6          THE COURT:  But the government in this case will

7    not be calling any live witnesses; that is, they're not

8    going to be calling any witnesses up to the witness stand.

9    Do you understand that?

10          DEFENDANT CROWL:  I understand, yes, sir.

11          THE COURT:  What that means is that you are giving

12    up your right, with the assistance of your lawyer, to

13    cross-examine; that is, question the government's witnesses.

14    Is that understood?

15          DEFENDANT CROWL:  Yes, sir.

16          THE COURT:  Now, at a trial, sir, you also could

17    call your own witnesses; that is, with the assistance of

18    your lawyer, you could call witnesses to the stand and have

19    those witnesses present testimony for my consideration or

20    the jury's consideration.  Do you understand that?

21          DEFENDANT CROWL:  Yes, sir, I do.

22          THE COURT:  By proceeding in the fashion you are,

23    you are giving up your right to present witnesses.  Is that

24    understood?

25          DEFENDANT CROWL:  Yes, sir.

1          THE COURT:  Now, you are allowing yourself to --

2    excuse me.

3          You haven't given up your right to present

4    evidence; that is, parties have agreed as to certain facts

5    and presumably certain evidence that will come in; however,

6    at a trial, you could potentially actually introduce more

7    evidence than what will be presented to me today.  Is that

8    understood?

9          DEFENDANT CROWL:  I understand, yes, sir.

10          THE COURT:  You're giving up your right to present

11   additional evidence than what may be presented here during

12   these proceedings.  Do you understand that?

13          DEFENDANT CROWL:  Yes, sir.

14          THE COURT:  Okay.

15          Now, at a trial, sir, you would have the right to

16   testify; that is, you could get up on the witness stand here

17   and provide your version of the events in the hope that that

18   testimony would convince either a jury or me that you are

19   not guilty of what you've been charged with.  Do you

20   understand that?

21          DEFENDANT CROWL:  Yes, sir, I do.

22          THE COURT:  However, you are not required to

23   testify and nobody could force you to testify.  And if you

24   decided not to, if you were at a jury trial, I would

25   instruct them that that decision could not be held against

1  you.  Is that understood?

2          DEFENDANT CROWL:  Yes, sir.

3          THE COURT:  By proceeding with a stipulated bench

4  trial, sir, do you understand that you are giving up your

5  right both to testify and the right to have the jury

6  instructed that the decision not to testify cannot be held

7  against you?

8          DEFENDANT CROWL:  I understand, yes, sir.

9          THE COURT:  All right.

10         Now, you are giving up your right to a jury trial,

11  Mr. Crowl.  And what that means is that you have the right

12  to have your case presented between 12 residents or citizens

13  of the District of Columbia.  Do you understand that?

14         DEFENDANT CROWL:  I do, yes, sir.

15         THE COURT:  You would have the right to

16  participate in the selection of those individuals who would

17  serve on the jury.  Do you understand that?

18         DEFENDANT CROWL:  Yes, sir.

19         THE COURT:  And it would be the government's

20  burden, as we discussed in terms of proving your guilt, they

21  would have to convince each of those jurors of your guilt

22  beyond a reasonable doubt.  Is that understood?

23         DEFENDANT CROWL:  I understand, yes, sir.

24         THE COURT:  And before you could be found guilty,

25  the jurors would have to agree unanimously; that is, all 12

1  jurors would have to agree of your guilt before you could be

2  found guilty.  Do you understand that, sir?

3  　　　　　DEFENDANT CROWL:  I understand that, sir.

4  　　　　　THE COURT:  Now, by proceeding with a bench trial

5  and not before a jury, sir, what that means is that I, as

6  the judge, I will be the one who will be making the decision

7  about your guilt or not guilt.  Is that understood?

8  　　　　　DEFENDANT CROWL:  I understand, yes, sir.

9  　　　　　THE COURT:  And there are people who would say,

10  Mr. Crowl, that there's a real disadvantage to proceeding

11  before a judge as a single trier of fact.  Do you understand

12  that?

13  　　　　　DEFENDANT CROWL:  I do understand, yes, sir.

14  　　　　　THE COURT:  And, specifically, what some might --

15  people might say is that if you have 12 jurors, all you have

16  to do is convince one juror that you're not guilty in order

17  to avoid being found guilty.  Do you understand that?

18  　　　　　DEFENDANT CROWL:  I do understand, yes, sir.

19  　　　　　THE COURT:  But if you're proceeding just before

20  me, the only person the government has to convince beyond a

21  reasonable doubt of your guilt is me, just one person.  Is

22  that understood?

23  　　　　　DEFENDANT CROWL:  I understand, Your Honor, yes,

24  sir.

25  　　　　　THE COURT:  And you're prepared to proceed in that

1   fashion; is that correct?

2          DEFENDANT CROWL:  I am, yes, sir.

3          MS. HERNANDEZ:  It speaks to our high regard of

4   the Court.

5          THE COURT:  I appreciate that, Ms. Hernandez.

6          Now, if you were found guilty following a

7   stipulated bench trial, you would have the right to appeal.

8          You still will have a right to appeal following a

9   stipulated bench trial; however, it's important to

10  understand that if you went forward with a trial, I would be

11  required, undoubtedly, to make a whole host of more legal

12  determinations about evidence, motions, a whole host of

13  other legal issues and evidentiary issues that might come up

14  during the course of a trial.

15         Do you understand that?

16         DEFENDANT CROWL:  I do understand, Your Honor.

17         THE COURT:  Now, because you are proceeding with a

18  stipulated bench trial, it is likely the case, undoubtedly

19  it's true, that there are a whole host of legal issues that

20  could be raised at a jury trial or even just a straight

21  bench trial that will probably not be available to you for

22  purposes of an appeal.  Is that understood?

23         DEFENDANT CROWL:  I understand, Your Honor.

24         THE COURT:  Okay.  All right.

25         Do you understand then by proceeding -- well, let

1    me ask you this:  Do you understand the rights that you have

2    just given up and we have just discussed by agreeing to

3    proceed with a stipulated bench trial?

4            DEFENDANT CROWL:  Yes, sir, I do.

5            THE COURT:  And you still wish to proceed in that

6    fashion?

7            DEFENDANT CROWL:  I do, yes, sir.

8            THE COURT:  Do you have any questions about what

9    rights you are giving up or anything else in connection with

10   a stipulated bench trial?

11           DEFENDANT CROWL:  I have no questions, Your Honor.

12           THE COURT:  Has anybody forced you, threatened

13   you, or coerced you in any way to give up your right to a

14   jury trial, sir?

15           DEFENDANT CROWL:  No, sir.

16           THE COURT:  And are you entering the decision to

17   proceed with a stipulated bench trial of your own free will;

18   is that correct?

19           DEFENDANT CROWL:  Yes, sir.

20           THE COURT:  All right.

21           All right.  So I'm satisfied that -- then, well,

22   let me ask:  Any other questions I should have asked

23   Mr. Crowl that I did not ask?

24           MS. RAKOCZY:  Not for the government, Your Honor.

25           MS. HERNANDEZ:  Your Honor, with respect to the

1    colloquy you just gave about the rights, and I understand

2    you didn't identify them, but Footnote 2 reserves

3    Mr. Crowl's rights to challenge certain evidentiary

4    admissibility -- we stipulate to the factual basis but not

5    necessarily to the relevance or admissibility of some of

6    these statements.

7                THE COURT:  Okay.  Understood.

8                All right.  So with that then, I do find that

9    Mr. Crowl has knowingly and intelligently waived his right

10   to a jury trial and that he is knowingly and voluntarily

11   agreeing to proceed with a stipulated bench trial and,

12   therefore, has waived his constitutional rights to trial by

13   jury, to cross-examination, to present a defense, as well as

14   to testify.

15               Okay.  So with that out of the way, why don't we

16   begin with -- why don't we turn to Mr. Beeks.

17               Mr. Crowl and Ms. Hernandez, have a seat.

18               MS. HERNANDEZ:  Does the Court want the waiver

19   signed now?

20               THE COURT:  Yes, please.

21               And a signature, I assume, is conditional subject

22   to --

23               MS. HERNANDEZ:  Yes.

24               THE COURT:  -- finalizing the terms of the

25   facts -- Statement of Facts.

1          Mr. Beeks, Mr. Hunter, why don't you come on up.

2          All right.  Mr. Beeks, how are you this morning?

3          DEFENDANT BEEKS:  I'm fine.  I'm good.

4          THE COURT:  Nice to see you.

5          DEFENDANT BEEKS:  You too.

6          THE COURT:  I'm going to ask you to please keep

7   your voice up, because as you've just seen, I have a series

8   of questions I need to ask you.  Those questions are

9   designed to satisfy me that you understand what rights you

10  are giving up here today by entering into or agreeing to

11  proceed with a stipulated bench trial.

12          MR. HUNTER:  Your Honor, just to start -- and

13  I want to thank Mr. Beeks for allowing me the trust to help

14  him as more than just standby counsel and it's gotten us to

15  this point.

16          There are two things moving forward.  One is,

17  Mr. Beeks had a concern about whether the Court saw any

18  difference functionally or legally between jury trial and

19  trial by jury.  I assured him that you do not but...

20          THE COURT:  I do not.  I treat them as one and the

21  same.

22          MR. HUNTER:  I appreciate that.

23          And the other -- and I know I've discussed this

24  with counsel for the government.  There were a variety of

25  pretrial filings that he made challenging the Court's

1    jurisdiction.  I understand that we're not handling those

2    now, but Mr. Beeks wanted the Court to make it clear that we

3    are going to have a chance to go through those and have the

4    Court make rulings on those.

5              We are ready for the Court's colloquy, Judge.

6              THE COURT:  So, Mr. Beeks, as I was saying, in

7    order for me to proceed with a stipulated bench trial

8    instead of a jury trial, I need to ask you a series of

9    questions.  Those questions are designed to satisfy me that

10   you understand the rights that you have and what rights you

11   are giving up.

12             Mr. Beeks, if at any point in time you do not

13   understand a question, feel free to ask me to repeat myself.

14   Is that understood?

15             DEFENDANT BEEKS:  Yes, sir.

16             THE COURT:  And if you wish to consult with your

17   counsel -- your standby counsel here, feel free to do that

18   as well.  Is that understood?

19             DEFENDANT BEEKS:  Sure.

20             THE COURT:  All right.

21             Before we proceed, I do need to ask you to raise

22   your right hand and place you under oath.

23             COURTROOM DEPUTY:  Please raise your right hand.

24             (Defendant Beeks is placed under oath.)

25             COURTROOM DEPUTY:  Thank you.

1          THE COURT:  All right.

2          Now, Mr. Beeks, now that you are placed under

3     oath, do you understand that if you testify falsely; that

4     is, give me a false answer, that you could be prosecuted for

5     perjury or making a false statement, sir?

6          DEFENDANT BEEKS:  Yes.

7          THE COURT:  All right.

8          Now, what is your birthdate of birth?

9          DEFENDANT BEEKS:  June 7th, '72.

10         THE COURT:  And how far did you go in school, sir?

11         DEFENDANT BEEKS:  I'm still in school.

12         I graduated high -- college [sic] but I have some

13    college.

14         THE COURT:  Okay.

15         Have you taken any drugs or medications or

16    anything else in the last two days that might make it

17    difficult for you to follow these proceedings?

18         DEFENDANT BEEKS:  No.

19         THE COURT:  Is there any other reason that you can

20    think of that might make it difficult for you to follow

21    these proceedings?

22         DEFENDANT BEEKS:  No.

23         THE COURT:  All right.

24         Does counsel for either side have any reason to

25    doubt Mr. Beeks' competence to enter a stipulated -- to

```
 1   agree to a stipulated bench trial at this time?
 2              MS. RAKOCZY:  Not for the government, Your Honor.
 3              THE COURT:  Okay.
 4              And let me just ask standby counsel whether you
 5   agree with that as well?
 6              MR. HUNTER:  I agree with that, Judge.
 7              It's been -- this is a difficult position for me
 8   to be in and I'm currently crossing both sides of that line.
 9   And certainly if the Court has a concern, ask me, and I'll
10   jump in.
11              THE COURT:  Fair enough.
12              All right.  So then based upon my inquiries of
13   Mr. Beeks, as well as the representations of government
14   counsel, as well as standby counsel, I find that he is fully
15   competent and capable of waiving his right to a jury trial
16   and consenting to a stipulated bench trial.
17              I just want to make sure you were born in the
18   United States, Mr. Beeks; is that correct?
19              DEFENDANT BEEKS:  Yes.
20              THE COURT:  All right.
21              Now, have you had enough time, you've got standby
22   counsel, you are representing yourself, however, just to
23   make sure that you've had enough time to discuss with your
24   standby counsel your decision to proceed with a stipulated
25   bench trial?
```

1           DEFENDANT BEEKS:  Yes.

2           THE COURT:  All right.

3           And are you satisfied with the services that your

4    standby counsel has provided?

5           DEFENDANT BEEKS:  Yes.

6           THE COURT:  Okay.

7           Now, I understand that instead of having your case

8    tried to a jury, you wish to stipulate to certain facts and

9    proceed with a bench trial on Counts 1 and 7.  Is that

10   correct, sir?

11          DEFENDANT BEEKS:  Yes.

12          THE COURT:  And as part of this agreement,

13   you understand that the government has agreed it will

14   dismiss the remaining charges against you?

15          DEFENDANT BEEKS:  Yes.

16          THE COURT:  Now, you understand, Mr. Beeks, that

17   other than what I've just described; that is, you're

18   agreeing to a stipulated bench trial, the government is

19   agreeing to dismiss charges against you other than Counts 1

20   and 7, there are no other agreements between you and the

21   government.  Is that understood?

22          DEFENDANT BEEKS:  Yes.

23          THE COURT:  So, for example, there's no agreement

24   on what the Guidelines Range might be if you were found

25   guilty.  Is that understood?

 1                DEFENDANT BEEKS:  Yes, sir.

 2                THE COURT:  Or what the appropriate sentence might

 3     be.  Is that understood?

 4                DEFENDANT BEEKS:  Yes.

 5                THE COURT:  Or what the government would even

 6     request as a sentence.  Is that understood?

 7                DEFENDANT BEEKS:  Say that again.

 8                THE COURT:  There's no agreement as to what the

 9     government would even request as a sentence, again, if you

10     were found guilty?

11                DEFENDANT BEEKS:  Yes.

12                THE COURT:  All right.

13                Now, do you have the Statement of Facts in front

14     of you there, Mr. Beeks?

15                MR. HUNTER:  We do, Your Honor.

16                DEFENDANT BEEKS:  Yes.

17                THE COURT:  Now, there's this document we've just

18     been talking about with Mr. Crowl entitled Statement of

19     Elements and Facts for Stipulated Trial.  I know it's not

20     final yet, Mr. Beeks.  It's a 26-page document.  Have you

21     had an opportunity to read this document or have you had it

22     read to you, sir?

23                DEFENDANT BEEKS:  Yes.

24                THE COURT:  Have you had a chance to go over it

25     with your standby counsel?

1          DEFENDANT BEEKS:  Yes.

2          THE COURT:  And do you have any questions about

3    what this document contains?

4          DEFENDANT BEEKS:  Not at the moment.

5          THE COURT:  Okay.

6          DEFENDANT BEEKS:  Just wait until it gets done.

7          THE COURT:  Now, beginning on page 2 there,

8    Mr. Beeks, Count 1 sets forth there you are charged with

9    conspiracy to obstruct an official proceeding, in violation

10   of 18 United States Code 1512(k).  Do you see that?

11         DEFENDANT BEEKS:  Uh-huh.

12         THE COURT:  And pages 2 through 3 set forth what

13   the elements are; that is, what the government would be

14   required to prove beyond a reasonable doubt and will be

15   required to prove beyond a reasonable doubt.  Do you

16   understand that?

17         DEFENDANT BEEKS:  Yes.

18         THE COURT:  All right.

19         The first two elements there are that you

20   conspired or agreed with at least one other person with the

21   goal of committing the crime of obstructing an official

22   proceeding; and, second, that you knowingly joined or

23   entered into that agreement with awareness of its unlawful

24   goal and the intent to achieve the illegal object of the

25   charged conspiracy.  Do you see those two elements, sir?

1          DEFENDANT BEEKS:  Yes, sir.

2          THE COURT:  And do you understand them?

3          DEFENDANT BEEKS:  I do.

4          THE COURT:  Now, the particular official

5     proceeding at issue here is Congress's certification of the

6     Electoral College vote for January 6th of 2021.

7          Now, in order for you to be found guilty of

8     corruptly obstructing an official proceeding that is the

9     object of the conspiracy, you must -- the government must

10    prove the following four elements beyond a reasonable doubt:

11         First, that you obstructed or impeded an official

12    proceeding;

13         Second, that you intended to obstruct or impede

14    the official proceeding;

15         Third, that you acted knowingly with the awareness

16    that the natural and probable effect of your conduct would

17    be to obstruct or impede the official proceeding;

18         And, fourth, that you acted corruptly.

19         Do you understand that, sir?

20         DEFENDANT BEEKS:  I do.

21         THE COURT:  Okay.

22         Now, going further down there to Count 7, Count 7

23    of the indictment that charges you with committing an act to

24    obstruct, impede, or interfere with law enforcement officers

25    lawfully carrying out their official duties incident to a

1    civil disorder on January 6th, which is a violation of 18

2    United States Code 231(a)(3) and (2), which is the aiding

3    and abetting statute.  Do you see that, sir?

4              DEFENDANT BEEKS:  I do.

5              THE COURT:  All right.

6              Now, the four elements of the offense there are,

7    first -- it's on page 4:

8              That you knowingly committed an act;

9              Second, that in committing the act, the defendant,

10   that is, you, obstructed, impeded or interfered with one or

11   more law enforcement officers;

12             Three, that at the time of your act, the law

13   enforcement officer or officers were engaged in the lawful

14   performance of their official duties incident to and during

15   a civil disorder;

16             And, fourth, that the civil disorder in any way or

17   degree obstructed, delayed, or adversely affected either

18   commerce or the movement of any article or commodity in

19   commerce or the conduct or performance of any federally

20   protected function.

21             Do you understand those elements, sir?

22             DEFENDANT BEEKS:  Yes.

23             THE COURT:  Okay.

24             So I'm just going to go over the statutory

25   penalties with you just so that you are aware of them,

 1    Mr. Beeks, and make sure you are aware of them.

 2            On the charge of conspiracy to obstruct an

 3    official proceeding, do you understand that the maximum

 4    penalties are 20 years of incarceration and a $250,000 fine

 5    and a maximum term of supervised release of not more than

 6    three years?

 7            DEFENDANT BEEKS:  I --

 8            THE COURT:  You do?

 9            DEFENDANT BEEKS:  I'm sorry, you asked --

10            THE COURT:  Do you understand those are the

11    maximum penalties?

12            DEFENDANT BEEKS:  I do, yes.

13            THE COURT:  You also would be subject to a

14    potential order of restitution.  Do you understand that?

15            DEFENDANT BEEKS:  Yes.

16            THE COURT:  As well as be obligated to pay

17    interest on any fine or restitution that's not timely paid

18    and a $100 Special Assessment to the Court?

19            DEFENDANT BEEKS:  Yes.

20            THE COURT:  Okay.

21            Count 7, for civil disorder, do you understand

22    that the maximum penalties are five years of incarceration,

23    a fine of $250,000, and a term of supervised release of not

24    more than three years.  Do you understand that, sir?

25            DEFENDANT BEEKS:  How was that to be paid?

1        THE COURT:  I'm sorry?

2        DEFENDANT BEEKS:  How is that to be paid?

3        THE COURT:  Well, at this point, we're just

4   talking about what the maximum penalties are, sir.  That's

5   all.

6        DEFENDANT BEEKS:  Okay.  Sure.

7        THE COURT:  Do you understand those maximum

8   penalties?

9        DEFENDANT BEEKS:  Sure.

10       THE COURT:  All right.

11       Now, you also would potentially be obligated to

12  pay any interest and penalties on any fine or restitution

13  that is not timely paid.  Is that understood?

14       DEFENDANT BEEKS:  Yes.

15       THE COURT:  And you would also be obligated to pay

16  a second $100 Special Assessment to the Court.  Is that

17  understood?

18       DEFENDANT BEEKS:  Yeah.

19       THE COURT:  All right.

20       Now, again, assuming you have -- you are

21  convicted -- and, again, this is just an assumption at this

22  point -- I want to make sure you've had a conversation about

23  the Sentencing Guidelines and understand those;

24  is that correct?

25       DEFENDANT BEEKS:  Yes.

1          THE COURT:  Now, at this time, I don't know what
2     the Sentencing Guidelines might be, and there's been no
3     agreement with the government about what those Sentencing
4     Guidelines might be.  Is that understood?
5          DEFENDANT BEEKS:  Yes.
6          THE COURT:  All right.
7          Let's talk then about the rest of this document
8     titled Statement of Elements and Facts for Stipulated Trial.
9          Now, again, understanding that this document is a
10    bit of a work in progress still, have you had the
11    opportunity to read the stipulated facts that are contained
12    on pages 4 through 24?
13         DEFENDANT BEEKS:  I -- yes.
14         THE COURT:  And do you have any questions about
15    what those pages contain, sir?
16         DEFENDANT BEEKS:  No.  I've been talking with the
17    counsel.
18         THE COURT:  Now, again, conditional upon a
19    final -- that it be final -- that this document be made
20    final, do you agree that the facts that have been stipulated
21    to, that those are fair and accurate facts for me to
22    consider and accept as truthful for purposes of a Stipulated
23    Trial?
24         DEFENDANT BEEKS:  Yes.
25         THE COURT:  Okay.

1          Do you have any questions about what these facts

2     state, sir?

3          DEFENDANT BEEKS:  No.

4          THE COURT:  All right.

5          Now, Mr. Beeks, let's talk about the rights that

6     you are giving up by proceeding with a stipulated bench

7     trial.

8          First and foremost, do you understand that you are

9     not required to stipulate to any facts, you're not required

10    to proceed by a bench trial, that you have a right to go to

11    trial by jury or before a jury on the charges that are

12    contained in the indictment?

13         DEFENDANT BEEKS:  Yes.

14         THE COURT:  Now, if you went to trial, and this is

15    true even for the stipulated bench trial, you would be

16    presumed innocent, sir, and the government would bear the

17    burden of proving your guilt beyond a reasonable doubt.  And

18    at a jury trial, they would be required to convince 12

19    jurors unanimously to convict you.  Do you understand that?

20         DEFENDANT BEEKS:  Yes.

21         THE COURT:  Now, by proceeding with a stipulated

22    bench trial, you are giving up some of these rights but

23    you're retaining others.  You are retaining your right to be

24    presumed innocent.  Do you understand that?

25         DEFENDANT BEEKS:  Yes.

1           THE COURT:  And you are retaining the right for

2      the government -- or put it differently, the government

3      still bears the burden of proving your guilt beyond a

4      reasonable doubt.  Is that understood?

5           DEFENDANT BEEKS:  Yes.

6           THE COURT:  Now, there are a few differences now.

7      At a trial, whether it be a bench trial or a jury trial, the

8      government would call -- potentially call witnesses to the

9      stand, and you would have the right, with the assistance of

10     your standby counsel, to question those witnesses.  Do you

11     understand that?

12          DEFENDANT BEEKS:  Yes.

13          THE COURT:  You also would have the right to

14     object to any evidence that the government was presenting at

15     a trial.  Is that understood?

16          DEFENDANT BEEKS:  Yes.

17          THE COURT:  By proceeding with this stipulated

18     bench trial, however, sir, do you understand you're giving

19     up your right to cross-examine any witnesses, as well as the

20     right to object to any evidence other than that which has

21     been reserved by way of right in the agreement?  Is that

22     understood?

23          DEFENDANT BEEKS:  Yes.

24          THE COURT:  All right.

25          Now, you also would have the right to present a

1    defense at a bench trial or a jury trial.  That means you

2    could call your own witnesses, they could come up and

3    testify, and you could present your own evidence.  Is that

4    understood?

5            DEFENDANT BEEKS:  Yes.

6            THE COURT:  Now, as part of this agreement to

7    proceed with a stipulated bench trial, do you understand

8    that you are giving up your right to call witnesses in your

9    defense?  Is that understood?

10           DEFENDANT BEEKS:  Yes.

11           THE COURT:  All right.

12           Now, you are still reserving the right to some

13   degree with agreement by the government to present evidence,

14   I don't know what there is, but in any event, you're

15   reserving some of that right, but you're giving up perhaps a

16   broader right to present more evidence at a trial.  Is that

17   understood?

18           DEFENDANT BEEKS:  Yes.

19           THE COURT:  Okay.

20           Now, at a trial, sir, you would have the right to

21   testify; that is, you could take the witness stand, explain

22   your side of the story in the hopes that that testimony

23   would convince a jury or me that you're not guilty beyond a

24   reasonable doubt.  Is that understood?

25           DEFENDANT BEEKS:  Yes.

1          THE COURT:  You also would have the right not to

2    testify, and if you decided not to testify, I would instruct

3    a jury that that decision could not be held against you.

4    Do you understand that?

5          DEFENDANT BEEKS:  Yes.

6          THE COURT:  By proceeding with a stipulated bench

7    trial, sir, do you understand that you're giving up your

8    right to testify.  Is that understood?

9          DEFENDANT BEEKS:  I'm confused.  I thought you

10   said I do have a right to testify.  Was I misunderstanding?

11         THE COURT:  No, no.

12         So at a jury trial or even a bench trial, not a

13   stipulated bench trial, but at a jury trial or an ordinary

14   bench trial, you would have the right to testify --

15         DEFENDANT BEEKS:  Okay.

16         THE COURT:  -- okay?

17         But by proceeding with a stipulated bench trial,

18   you are giving up your right to present your own testimony.

19         DEFENDANT BEEKS:  Okay.  Yeah.

20         THE COURT:  Do you understand that?

21         DEFENDANT BEEKS:  I understand that.

22         THE COURT:  And at the same time, even if you --

23   you have a right not to testify at a jury trial.  And if you

24   decided not to testify, I would instruct the jury that that

25   decision could not be held against you.  Is that understood?

1          DEFENDANT BEEKS:  Yes.

2          THE COURT:  By proceeding with a stipulated bench

3    trial, sir, you're giving up your right to have the jury

4    instructed that the decision not to testify cannot be held

5    against you.  Is that understood?

6          DEFENDANT BEEKS:  Yes.

7          THE COURT:  Okay.

8          Now, you are giving up your right to proceed

9    before a jury.  And what that means, Mr. Beeks, is that 12

10   citizens of the District of Columbia would be called in to

11   listen to the case and the facts that are presented or the

12   evidence that's presented by both the government and by the

13   defense and it would be their job to determine whether you

14   were guilty or not.  Do you understand that?

15         DEFENDANT BEEKS:  Yes.

16         THE COURT:  And the government would bear the

17   burden of proving guilt beyond a reasonable doubt to each of

18   the 12 jurors of your guilt before you could be found

19   guilty?

20         DEFENDANT BEEKS:  Yes.

21         THE COURT:  In other words, all 12 jurors would

22   have to agree to your guilt before you could be found

23   guilty.  Do you understand that?

24         DEFENDANT BEEKS:  Yes.

25         THE COURT:  Now, Mr. Beeks, there are people who

1    would say that proceeding with a bench trial in the way that

2    you've agreed to is actually a disadvantage to you, because

3    with a jury, you have to convince 12 jurors of your guilt.

4    Do you understand that?

5              DEFENDANT BEEKS:  Yes.

6              THE COURT:  And they would all have to agree

7    before you were found guilty?

8              DEFENDANT BEEKS:  Yeah, I've heard it many times.

9              THE COURT:  Okay.

10             But by proceeding with a stipulated bench trial,

11   the government only has to convince me as the trier of fact

12   of your guilt.  Do you understand that, sir?

13             DEFENDANT BEEKS:  Yes.

14             THE COURT:  And do you understand that that may be

15   perceived as a disadvantage to you by some?  Is that

16   understood?

17             DEFENDANT BEEKS:  Yes, Judge.

18             THE COURT:  Okay.

19             Now, if you were found guilty following a trial,

20   any kind of trial, Mr. Beeks, you would have the right to an

21   appeal, and that's true even after a stipulated bench trial.

22             However, at a jury trial, for example, there would

23   likely be many more legal issues for me to resolve, legal

24   issues concerning the charges, issues concerning the

25   evidence and potential witnesses that could be called.

1            Do you understand that?

2            DEFENDANT BEEKS:  Yes.

3            THE COURT:  However, by proceeding with a

4    stipulated bench trial, you are arguably undoubtedly

5    narrowing the number of issues that could be raised on an

6    appeal.  Do you understand that?

7            DEFENDANT BEEKS:  Yes.

8            THE COURT:  And you're willing to do that,

9    correct?

10           DEFENDANT BEEKS:  Yes.

11           THE COURT:  All right.

12           Then understanding the rights that you are giving

13   up associated with a jury trial; for example, your right to

14   cross-examine, the right to proceed before a jury, the right

15   to compulsory process, and the right to testify, do you

16   still wish to proceed by stipulated bench trial, sir?

17           DEFENDANT BEEKS:  Yes.

18           THE COURT:  Do you have any questions about any of

19   the rights that we've just discussed or anything else in

20   connection with these proceedings?

21           DEFENDANT BEEKS:  No.

22           THE COURT:  Has anybody forced you, threatened

23   you, or coerced you in any way to get you to give up your

24   right to a jury trial and proceed by stipulated bench trial?

25           DEFENDANT BEEKS:  No.

1          However, this waiver of trial, you're saying "jury

2     trial."  This says "trial by jury."  I really would like to

3     stipulate that in this document where it's a jury trial.

4          THE COURT:  Okay.  Well, we can all agree that

5     trial by jury is the same thing as jury trial --

6          DEFENDANT BEEKS:  Yep.

7          THE COURT:  -- okay?

8          So have you entered the decision or have you made

9     the decision to proceed with a stipulated bench trial based

10    on your own free will, based -- and voluntarily and

11    willingly?

12         DEFENDANT BEEKS:  Yes.

13         THE COURT:  All right.

14         Are there any questions that I should have asked

15    Mr. Beeks that I did not?

16         MS. RAKOCZY:  No, Your Honor, not for the

17    government.

18         THE COURT:  Okay.

19         So I'm satisfied then that Mr. Beeks is knowingly

20    and intelligently waiving his right to a jury trial and that

21    he is agreeing to certain facts knowingly and intelligently

22    and that he's waiving his constitutional rights to trial by

23    jury, to cross-examination, to compulsory process and the

24    right to testify.

25         All right.  Why don't you have a seat, Mr. Beeks.

44

1          MR. HUNTER:  We have the form, Your Honor.

2          THE COURT:  Yeah, if you could go ahead and sign

3    that.  Again, it will be conditional to finalizing the

4    Statement of Facts.

5          Okay.  So can I just, you know, for the record,

6    I think it's been made clear, but nevertheless, could I have

7    the government place its waiver of proceeding by jury on the

8    record?

9          MS. RAKOCZY:  Yes, Your Honor.

10          The government understands and agrees that by

11   coming here today, we are also agreeing to stipulate to a

12   stipulated bench trial through which the parties have agreed

13   we will introduce to the Court a document containing the

14   facts and evidence, and sometimes in a couple of places,

15   presumed testimony of what a witness might say in that

16   document.

17          And then there are around 20, a few slighter than

18   20, exhibits that the parties will submit to the Court once

19   we overcome any admissibility challenges that will be made

20   this morning.

21          We will then submit those exhibits to the Court,

22   with the understanding that those are true and accurate and

23   admissible as we have the Court's rulings exhibits.

24          Understanding all of that, the government agrees

25   that in this proceeding, the Court will adjudicate the

1   defendants' guilt on just Count 1 and 7 of the indictment.

2   Count 1 being a conspiracy to obstruct Congress under

3   18 United States Code Section 1512(k), and Count 7 being the

4   interference with law enforcement officers during a civil

5   disorder, in violation of 18 United States Code Section 231.

6          At the conclusion of this proceeding regardless of

7   the Court's decision, the government agrees it will dismiss

8   the remaining counts in the indictment against both

9   defendants, and it is the government's understanding that

10  there are no other agreements other than that.   In

11  particular, and perhaps most significantly, no agreement as

12  to the Sentencing Guidelines that apply, including any

13  specific offense characteristics, or adjustments, or

14  departures, and no agreements as to what sentence the

15  government will ultimately ask for, assuming that we would

16  ask for a lawful sentence, and no restrictions on the

17  sentence the Court can impose absent a lawful sentence.

18  Thank you, Your Honor.

19          THE COURT:  All right.  Thank you, Ms. Rakoczy.

20          Okay.  So I will sign the waiver of trial forms

21  that have been submitted by both defendants.  I will add my

22  consent and agreement to proceeding by a bench trial.

23          Given that both parties have waived the jury

24  trial, I do think a bench trial in these circumstances is

25  justified and warranted.  It certainly is a more efficient

1    proceeding for the Court and for the parties.

2          And given the agreement as to what the essential

3    facts show, based upon the parties' agreement or near

4    agreement to stipulated facts, I think it is in everyone's

5    interest to proceed by a stipulated -- or a bench trial and

6    the parties have agreed to stipulate to those -- to certain

7    facts for my consideration.  Okay.

8          All right.  So how are we going to proceed now?

9    What's up next?  We have legal issues or evidentiary

10   objections that the parties want to discuss.

11         MS. RAKOCZY:  Yes, Your Honor.

12         I know Mr. Beeks wanted to re-raise or address

13   some issues that he may not have had an opportunity to speak

14   to the Court about in some of the motions that were filed

15   prior to trial.  I think mostly in the docket range of ECF

16   964 through 977, those were documents that the Court

17   received and referenced at out Pretrial Conference and

18   referenced a decision to not grant any relief on the basis

19   of those.  But they had not yet been docketed and Mr. Beeks

20   did not have an opportunity to speak about them.  So it's

21   our understanding through conversations with Mr. Beeks and

22   standby counsel that he would like to address those.

23         And then Ms. Hernandez has expressed a couple of

24   objections to the way that the jury instructions -- well,

25   I'm sorry, the elements of the offense are defined, but

1    I think she wants to make sure that the Court and the

2    parties are all on the same page as to at least what the law

3    is as we go into closing arguments later today or tomorrow.

4            And then there are some admissibility of evidence

5    questions that have largely been addressed and litigated

6    throughout the history of this case.

7            But I think that certainly Ms. Hernandez and,

8    I'm not sure if Mr. Beeks as well, wants to just make sure

9    that any objections are clear on the record.  And to the

10   extent that the Court needs to address for the first time or

11   readdress any of those questions, we'd ask the Court to do

12   that.

13           And then I think after that, we will be in a

14   position to finalize the document and proceed accordingly.

15           THE COURT:  Okay.

16           All right.  Well, why don't we begin with

17   Mr. Beeks.

18           There were some documents that I received from

19   Mr. Beeks directly by mail when we were together for the

20   Pretrial Conference.  I alluded to the fact that I had

21   received those, they hadn't yet been docketed, but,

22   Mr. Beeks, if you would like to be heard any further on

23   those papers, I'll give you a minute or so to do that.

24           DEFENDANT BEEKS:  Yes, Your Honor.

25           I just want to call for a constitutional Court of

1   Record to settle the matter as executive to trust and ask

2   for a summary judgment upon the truth and facts placed upon

3   this record by my documents and I stand firm upon my rights.

4   And I brought along my express trust, so there's no need to

5   have an implied trust.

6           I also have a grand jury document here from a jury

7   of my peers that should be on the record as well.

8           And I also have an affidavit of ownership,

9   ownership of the certificate of title of the certificate of

10  live birth with my authenticated birth certificate.

11          So I'm calling for a summary judgment, so I would

12  like to get a summary judgment based on those documents.

13  Can I get a summary judgment, please?

14          THE COURT:  I'm not sure what you're requesting.

15          In terms of a summary judgment, there is no

16  summary judgment process or proceeding in a criminal case,

17  so I suppose the answer is no.

18          DEFENDANT BEEKS:  Okay.

19          So I have a conditional acceptance offer that I

20  filed, I don't know if you received that as well as the

21  government.

22          So, for the record, the Judge is not giving me a

23  summary judgment.  And I just wanted to know if you got the

24  conditional acceptance offer, where I would accept these

25  charges if the prosecution can -- and/or the Court can prove

1    that the law doesn't state the following in as much as every

2    government is an artificial person, an abstract creature of

3    the mind only, the government can interface only with

4    artificial persons.

5         The imaginary having neither actuality nor

6    substance is foreclosed for creating and attaining parity

7    with the tangible legal manifestation of, that is no

8    government, as well as any law agency, aspect court,

9    et cetera, can concern itself with anything other than the

10   corporate, artificial persons and contracts between them.

11   That's *U.S. versus Minker.*

12        And I have a proof of life affidavit on file.

13   I don't know if you received that, and proof of --

14   I don't have that with me -- do I have that with me?  One

15   second.

16        Throughout the process of this whole year and a

17   half that I've been dealing with this, I have challenged the

18   jurisdiction.  And that's why every time I come or with any

19   hearings, I would, you know, I come as special appearance,

20   that's the only way I could appear here, as opposed to a

21   general appearance.

22        Let's see.  I apologize.

23        Yes, I have a proof of affidavit of service here.

24   I have a certified judgment of unrebutted citizenship --

25   evidence acervation.

1       The law provides that once the state and federal

2  jurisdictions have been challenged, it must be proven.

3  That's *Maine versus Thibodeau*.

4       (Reporter asked for clarification.)

5       DEFENDANT BEEKS:  Jurisdiction can be challenged

6  at any time.  Once its challenged, cannot be assumed, it

7  must be decided.  That's *Basso versus Utah*.

8       There's -- well, no discretion to ignore the lack

9  of jurisdiction, *Joyce versus U.S.*

10       And I have some affidavits on file.  My affidavit

11  of status that remains unrebutted.  And as -- an unrebutted

12  affidavit stands as truth.  That's 12 -- Peter 1:25.

13  Hebrews 6:12, 13-15, claims made in your affidavit if not

14  rebutted emerge as truth of the matter.

15       So the unrebutted affidavits are a truth in matter

16  as it stands in this court.

17       THE COURT:  Okay.

18       So, Mr. Beeks, if I could, if I may interrupt you,

19  is there anything you wish to add that's not already in the

20  papers that have been submitted and docketed?

21       DEFENDANT BEEKS:  I have everything, I think, that

22  needs to be in the file.

23       THE COURT:  Okay.

24       DEFENDANT BEEKS:  Is there a reason why you would

25  not give a summary judgment?

1          THE COURT:  As I said, Mr. Beeks, there is no

2    summary judgment mechanism in a criminal case under the

3    Federal Criminal Rules, and so that's why you're not --

4    I'm not granting the relief that's requested.

5          DEFENDANT BEEKS:  Okay.

6          THE COURT:  Nor am I granting any of the other

7    relief that's requested in the documents.

8          DEFENDANT BEEKS:  So are you ignoring the

9    documents or is this --

10          THE COURT:  I'm not ignoring them, I'm just

11    denying the relief that's been requested.

12          DEFENDANT BEEKS:  Yeah.  Okay.

13          And is there a reason why?

14          THE COURT:  Well --

15          DEFENDANT BEEKS:  As I stated in my memorandum of

16    law --

17          THE COURT:  Mr. Beeks, if I could simply -- and

18    I think we can -- the Court has jurisdiction over you.  This

19    is a criminal case.  The conduct of which you are accused

20    occurred here in the District of Columbia.  This is a

21    federal court.  You've been charged with federal crimes, and

22    the Court has jurisdiction to hear the criminal charges that

23    have been filed against you by the United States.

24          DEFENDANT BEEKS:  Based on?

25          THE COURT:  Based upon the Constitution and the

```
 1    laws of the United States.

 2              So I have little doubt that I do have jurisdiction

 3    to hear the case and to sit as a judge in this case to hear

 4    the matter --

 5              DEFENDANT BEEKS:  Okay.

 6              THE COURT:  -- okay?

 7              DEFENDANT BEEKS:  This is a corporation, correct,

 8    as pursuant to the DUNS & Bradstreet No. 611?

 9              THE COURT:  I'm not sure what you're referring to.

10              But if there's anything else -- Mr. Beeks, I

11    understand what your position is on these matters, I

12    disagree with it, respectfully.

13              And unless there's anything else you want to add

14    that's not already in those papers, I'm going to ask that we

15    be able to proceed.  Okay?

16              DEFENDANT BEEKS:  Okay.

17              THE COURT:  All right.  Thank you, sir.

18              Okay.  So with that, what do we have next?

19    Ms. Hernandez, there are matters you want to raise about the

20    jury instructions?  Or the legal instructions.

21              DEFENDANT BEEKS:  I'm sorry, I missed that.

22              THE COURT:  No, Ms. Hernandez, I understand has

23    some issues she'd like to raise about the legal instructions

24    or the elements of the offense.

25              MS. HERNANDEZ:  Several, Your Honor.
```

1          Number -- first, with respect to the instructions,

2   particularly the obstruction of justice conspiracy, as the

3   Court knows, filed pretrial motions on that issue, the Court

4   rejected those arguments.

5          But since that time, the Circuit decided what one

6   of the judges referred to as a -- we got three opinions out

7   of the Court, essentially, although there is -- the judgment

8   of Judge Nichols was reversed, but the case -- the mandate

9   has not issued.  So I just want to make sure those issues

10  are preserved.

11         I would submit to the Court that the three

12  opinions from the Circuit Judges add support to Mr. Crowl's

13  pretrial argument that the statute is unconstitutionally

14  vague.  If three Circuit Judges cannot come up with an

15  agreed definition of the elements.

16         THE COURT:  Is that the standard for vagueness?

17         MS. HERNANDEZ:  Excuse me?

18         THE COURT:  Is that the standard for vagueness?

19         MS. HERNANDEZ:  Well, I think the standard is a

20  person of ordinary intelligence has to be able to understand

21  the elements.

22         And here we've got three judges with probably

23  extraordinary intelligence and legal briefing come out with

24  three different opinions.  So, to me, that just adds fuel to

25  our pretrial argument.  I just wanted to make sure that

1    argument is preserved, that the *Fischer* opinion adds fuel.

2           Also, Your Honor, the -- again, the definition of

3    "corruptly" that the Court gave in those -- in the previous

4    trials, I understand we're sitting in a weird situation.

5    The Court has ruled on many of these issues before -- three

6    times, so I give myself credit for great advocacy, but

7    I also am realistic that it's difficult to persuade the

8    Court to change its mind after three separate rulings.

9           But I think the *Fischer* opinion, the Court -- we

10   are asking for the "corruptly" definition in Judge -- in

11   the -- not the -- well, I guess the *Fischer* opinion decided

12   that they didn't need to reach corruptly, but we're asking

13   for the corruptly -- a much broader definition of

14   "corruptly" than the Court has given in other cases.  We're

15   seeking to preserve the pretrial arguments on corruptly, so

16   we're not waiving that.

17          THE COURT:  So, I mean, help me understand what

18   you're asking for, Ms. Hernandez, so that your record is

19   clear.

20          I mean, we have a proposed definition of

21   "corruptly" that's on page 3 of the draft stipulated of

22   facts, that says "to act corruptly, the defendant must use

23   unlawful means or have an improper purpose or both.  The

24   defendant must also act with consciousness of wrongdoing."

25   I believe that's consistent with what we have instructed in

1    the previous trials.  And my memory is that the actual

2    definition wasn't necessarily litigated.

3           MS. HERNANDEZ:  I think in my Pretrial --

4           THE COURT:  And I think in all three trials were

5    concluded before the *Fischer* decision issued.

6           MS. HERNANDEZ:  So I would ask -- and I should put

7    it in writing -- I should put the specific request,

8    I don't have it in front of me right now.

9           But we ask that there has to be an element of

10   self-interest which Judge Katsas, how he defined "corruptly"

11   in his dissenting opinion, which, of course --

12          THE COURT:  That was in the concurrence, not in

13   the dissent.

14          MS. HERNANDEZ:  Katsas?

15          THE COURT:  It was Judge Walker's concurrence.

16          MS. HERNANDEZ:  Well, Walker says, I would have --

17   Walker says --

18          THE COURT:  It's Judge Walker's concurrence.

19          MS. HERNANDEZ:  No, I know, but it's Judge Katsas'

20   dissent, I believe, that defines "corruptly" as requiring an

21   element of self-interest.

22          THE COURT:  I don't recall.

23          I know that's what Judge Walker said in his

24   concurrence.

25          I don't believe that that is essential to the

```
 1    panel's holding, but I don't think the subsequent panel
 2    in -- I can't remember the name of the case.
 3              MS. HERNANDEZ:  Yeah, that case hasn't been
 4    decided yet.
 5              THE COURT:  Hasn't been decided yet.
 6              MS. HERNANDEZ:  Had so that's still up in the air.
 7              So we want -- the Walker self-interest, which is a
 8    line of cases, you know, Poindexter and Judge Silberman in
 9    North refers to that notion of self-interest that is
10    required.  I'll put it in writing.
11              THE COURT:  It's as self-interest or interest of
12    other.
13              MS. HERNANDEZ:  But I don't -- but that's not
14    included in the instruction that the Court gave.
15              THE COURT:  Right, because it wasn't requested.
16              MS. HERNANDEZ:  Okay.  Well, I'm requesting it.
17              THE COURT:  Okay.  Why don't you put something in
18    writing and let me know what it's supposed to look like.
19              MS. HERNANDEZ:  I will.
20              The other issue that I want to make sure to
21    preserve, and also, of course, we're preserving all the
22    other arguments about 1512, not applicable to this case.
23    The Nichols line of cases under -- in the sense that it's a
24    Sarbanes-Oxley statute, the otherwise provision requires
25    there to be some linkage between 1512(c)(2) -- (c)(2) -- (1)
```

1    and (c)(2).  This was fully argued before the Court during

2    pretrial motions.

3            But we're asking -- of course, Nichols had not

4    been decided at the time, but we're asking the Nichols

5    decision, and Judge Nichols did two things.

6            I mean, I think a lot has been focused on his

7    substantive decision which was, given Sarbanes-Oxley and

8    otherwise and everything else, statutory analysis, it

9    requires some reference to documents.

10           But his alternative is, if I'm wrong -- I mean, he

11   goes through this whole statutory analysis, and then he

12   says, this is what I believe what Congress intended and what

13   the language requires.  But if I'm wrong, then what you've

14   got is Rule of Lenity issues and unconstitutionally vague

15   statute.

16           So that's our position.  I just wanted to make

17   sure I'm preserving those arguments.

18           THE COURT:  Okay.

19           MS. HERNANDEZ:  And I think the government agrees

20   that we're not waiving any of those arguments.

21           The other issue, and I raised it at the Pretrial

22   Conference somewhat, the government seeks to introduce a

23   number of out-of-court statements.  I know all of these

24   statements are going to be out of court, but a number of

25   statements that were made by Mr. Meggs, Mr. Rhodes,

1    Ms. Watkins, and a number of other people pre -- a number of

2    other statements that would ordinarily be referred to as

3    hearsay, presumptively hearsay out-of-court statements, and

4    I know the Court said, you've already made that preliminary

5    finding of a conspiracy.

6            But I believe that decision is fact-bound.  And

7    the fact that there were conspiracy -- that the Court found

8    that preliminary finding of a conspiracy for the defendants

9    that you've tried doesn't necessarily mean that it applies

10   to either Mr. Beeks or Mr. Crowl.  I think the Court has to

11   make a new finding before any of those statements come in.

12           A number of those statements are -- pre-date the

13   conspiracy.  They're not co-conspirator statements in the

14   sense that they were not made in furtherance of the

15   conspiracy and during the course of the conspiracy.  A

16   number of the statements by Rhodes are made in November and

17   Meggs.  So we object --

18           I think -- we object to the relevance of those

19   statements.  We stipulate that those statements were made,

20   but we object to their admissibility and relevance to

21   Mr. Crowl.  And I think the Court has to make some

22   preliminary Rule 104(b) decision on that based on the other

23   evidence as to when Mr. Crowl may have joined any conspiracy

24   and what was the scope of that conspiracy.

25           And also, there are -- we'd preserve -- a number

1  of those statements, including one of the statements the

2  government wants to introduce against Mr. Crowl that was

3  made by him, the statement that was made by him in December

4  of -- I believe December 22nd, 2020, I believe are protected

5  by the First Amendment.  They are statements about political

6  issues that have nothing to do with any conspiracy.

7         So we're preserving the argument that those

8  statements, under the First Amendment, cannot be used unless

9  you've got the *Brandenburg* imminent risk of violence or

10  somehow overcome First Amendment protection.

11         For example, the December 20th statement that the

12  government seeks to --

13         THE COURT:  So can I?

14         MS. HERNANDEZ:  Go ahead.

15         THE COURT:  I mean, I can handle that without much

16  difficulty, which is that there is no First Amendment

17  protection with respect to speech in furtherance of criminal

18  conduct.

19         And it is not strictly a *Brandenburg* test with

20  respect to words that are uttered by a defendant and whether

21  they are admissible or not.

22         The fact that the words have some political

23  overtones also doesn't make them protected, and, therefore,

24  the government cannot use them at a trial, particularly in a

25  trial in which the allegation is that the person had an

```
 1    intent to, a specific intent to corruptly interrupt and

 2    disrupt and obstruct a congressional proceeding.  So there

 3    is no First Amendment objection or basis to exclude the

 4    statements.

 5            MS. HERNANDEZ:  Well, obviously, I disagree with

 6    the Court's view on that.

 7            But there is -- the Supreme Court case which the

 8    government tends to refer to, Wisconsin versus -- I can't

 9    remember the name -- is a case involving a hate-crime

10    prosecution in which the statements made by the defendant

11    were made minutes before the violent act.

12            THE COURT:  So, again, Ms. Hernandez, this is

13    not -- I don't know if there's a lot to discuss here.

14    You've made the record.

15            But the bottom line is that statements made by

16    your client that bear on his state of mind and the purposes

17    of his conduct on January 6th and whether he had the

18    requisite intent are all relevant and probative and they're

19    not unduly prejudicial and they're not excluded simply

20    because they are otherwise, in different circumstances,

21    would otherwise be protected speech.

22            MS. HERNANDEZ:  Well, again, I disagree with the

23    Court.  But there's two issues on that, two issues.

24            And let me say this:  Even in the Hamann case out

25    of the Second Circuit with Judge Mukasey --
```

 1          THE COURT:  Hang on.

 2          Is there anything else more to discuss?

 3          Hang on, Ms. Hernandez.  I don't want to continue

 4  to have a conversation about something that I've ruled on.

 5  So unless there's something different --

 6          MS. HERNANDEZ:  Yes.

 7          THE COURT:  -- you're going to say, then I'd

 8  prefer we get on to the next topic.

 9          MS. HERNANDEZ:  So there is something specific as

10  to the December 20th statement.

11          There's two issues:

12          Number one is, the -- there's a factual predicate.

13  The statements were made not in reference to January 6th.

14  The statements were made in reference to COVID vaccines.

15  The statements were made in reference to -- and we will

16  provide that to the Court.  The statements were made in

17  reference to a stipulation -- in reference to arguments

18  among the -- it was Mr. Crowl and four -- it was a group.

19          THE COURT:  Now you're making factual arguments,

20  not arguments about admissibility.

21          MS. HERNANDEZ:  Well, I'm making --

22          THE COURT:  He said these statements, right?

23          MS. HERNANDEZ:  He said these things.

24          THE COURT:  On December 22nd?

25          MS. HERNANDEZ:  My argument is they were protected

1    by the First Amendment.

2          THE COURT:  And I've rejected that argument.

3          MS. HERNANDEZ:  No, they were protected by the

4    First Amendment because the factual predicate whether they

5    were relevant to his state of mind is absent is what I'm

6    telling the Court.

7          THE COURT:  Ms. Hernandez, you are now making an

8    argument about what inference you're asking me to draw from

9    this statement.

10         He says, "Gun smoke, lead God and country,

11   law-abiding citizens are fixing in to act out of character.

12   I am one of them -- one of many, time for talking is over."

13         That's his statement on December 22nd, okay.

14         MS. HERNANDEZ:  Correct.

15         THE COURT:  Now, you may get up in your closing

16   and say that had nothing to do with January 6th and the

17   election.  Fine, you can make that argument.  But in terms

18   of whether it is admissible, it is an admission, it's

19   relevant based upon what the charges are, it's admissible.

20         MS. HERNANDEZ:  Well, we -- again, when you say

21   "it's admissible and relevant," the decision that it's

22   relevant is based on a Rule 104(b) predicate.

23         THE COURT:  Correct, which I am finding exists

24   based upon the words and the timing of the statement and to

25   whom it's made, including Ms. Watkins.

```
 1              We're done.  Next --
 2              MS. HERNANDEZ:  But, Judge, if you would allow me
 3   to make the argument.
 4              THE COURT:  Ms. Hernandez, you've had your time.
 5   Next issue.
 6              Is there another issue?  Otherwise, sit down.
 7              Is there another issue?
 8              MS. HERNANDEZ:  Well, I'll put it in writing
 9   because --
10              THE COURT:  Fine.  Put it in writing.
11              MS. HERNANDEZ:  -- you're obviously not
12   understanding the argument I'm making.
13              THE COURT:  Ms. Hernandez, I just ruled.  I don't
14   want to keep having an argument about something I've ruled
15   on, so unless there's anything more, I'm going to ask you to
16   sit down.
17              Is there anything more?
18              Thank you.  Have a seat.
19              MS. HERNANDEZ:  No, just --
20              THE COURT:  Ms. Hernandez.
21              MS. HERNANDEZ:  I'm just looking at the other
22   issues that I want to present to the Court.
23              THE COURT:  Then you can put it in writing.  Have
24   a seat.
25              If you don't have anything more, Ms. Hernandez,
```

```
 1    have a seat.
 2              MS. HERNANDEZ:  Well, I'm just --
 3              THE COURT:  Ms. Hernandez.
 4              MS. HERNANDEZ:  No, it's about these issues that
 5    we've preserved.
 6              THE COURT:  What is it?  Tell me what it is.
 7    Because you want to keep arguing about the same thing.
 8              MS. HERNANDEZ:  I am trying to bring it up.
 9              THE COURT:  Go ahead and bring it up.  I've told
10    you to move on to the next topic.
11              MS. HERNANDEZ:  I am trying to move on to the next
12    topic.
13              THE COURT:  No, you're not.  You are staying on
14    the same one that I've ruled on already.
15              MS. HERNANDEZ:  I will put the rest of the
16    arguments in writing, Your Honor.
17              THE COURT:  Okay.
18              MS. RAKOCZY:  Your Honor, could I just have one
19    moment to speak with Ms. Hernandez before I begin?
20              (Counsel conferred off the record.)
21              MS. HERNANDEZ:  So the other issues which I'll
22    address but I'll put further in writing, if the Court wants,
23    which were set out in the footnote in the Statement of
24    Facts; one is, there is a long line of D.C. Circuit cases,
25    Gaston, Childress, Tarantino, that state that a conspiracy
```

1    is a specific-intent crime.

2           I understand the Court has ruled -- either was not

3    asked to rule or has ruled otherwise.  I'm preserving that

4    issue, that the conspiracy requires a proof by the

5    government beyond a reasonable doubt that the defendant

6    specifically intended to carry out the goal, the common goal

7    of the conspiracy.

8           THE COURT:  Is there any disagreement about that?

9           MS. HERNANDEZ:  Well, that's not -- the jury

10   instruction that is proposed does not have the term

11   "specific intent" in it.

12          THE COURT:  I don't think it has to.

13          MS. HERNANDEZ:  Okay.

14          THE COURT:  I mean, I think we all agree that in

15   order to be convicted of a conspiracy, the person has to

16   enter the conspiracy with the intent to carry out the

17   unlawful goal of the conspiracy.

18          MS. HERNANDEZ:  Not just with the -- "specific

19   intent" is the word.

20          The word I'm looking for is the term "specific

21   intent."

22          THE COURT:  I think we're talking about the same

23   thing.

24          MS. HERNANDEZ:  Well, again, I believe that that

25   line of cases, and they're listed -- I didn't put the

1    citations for *Gaston*, *Childless*, and *Tarantino*, but they're

2    D.C. Circuit cases.

3           And *U.S. versus Bailey*.

4           THE COURT:  I don't disagree with you.  I just

5    don't know I need the word "specific intent" to appear

6    because I understand what the requirements are.

7           MS. HERNANDEZ:  I think it's very key in these

8    particular cases because of the facts, the way they are laid

9    out, and even in the stipulated facts about what Mr. Crowl

10   knew or didn't know about the intent of others on that day

11   and whether -- what conspiracy he joined or didn't join,

12   specific intent is a key issue, we believe, based on the

13   facts in this case.

14          THE COURT:  Okay.

15          MS. HERNANDEZ:  So that's what I'm asking for.

16          And then the other thing is, we're asking the

17   government to, it's sort of a weird argument when you have

18   one trier of fact, that the government elect among the

19   actus reus in both counts, are they arguing interference,

20   obstruction, impeding.  I would -- we request that the

21   actus reus, that they decide which one it is.

22          Again, it's more -- it's an issue of slash

23   unanimity, which is more of an issue when you've got 12

24   people making a decision.  Nonetheless, I think the Court

25   will have one mind which way it goes, but nonetheless,

1    I think the government, Mr. Crowl is asking the government

2    elect which of those it's proceeding on.  It should not be

3    able to argue this or that or the other thing and give the

4    Court that choice.

5              THE COURT:  All right.

6              All right.  So on that last point, there's no

7    election necessary.  These are different means to carry out

8    a particular element, the actus reus element.

9              In this case, the government is not required to,

10   when a statute is written in the alternative, in the way

11   that this one is -- I shouldn't say in the alternative,

12   these are just simply means of committing the same element.

13   Even the jury would not be required to find that, you know,

14   they all have to agree on impeding versus obstructing versus

15   whatever the case may be.  So there's no basis for that

16   requirement in the law.

17             Insofar as the objection, and we referred to this

18   during the Pretrial Conference, and I'll state my ruling on

19   the record again.  What's set forth here, now that I've seen

20   the facts, the statement of stipulation of facts, is

21   essentially consistent with the pre-January -- excuse me,

22   the pre-December 19th statements that the government

23   introduced at trial 3; that is, a couple of statements, two

24   or three statements in November, I think there's a statement

25   or two in early December.  Admittedly, these are all

1    pre-conspiracy statements.

2          Now, two things.  One, the Circuit has said that

3    even statements that are made before a conspiracy can be

4    considered co-conspirator statements; and, two, even if

5    perhaps they are not technically co-conspirator statements,

6    they certainly are admissible as evidence to establish the

7    conspiracy; and specifically, the relationship among the

8    people and even in a case like this, that they have some

9    common objectives and understandings.

10          So consistent with what I ruled at the third

11    trial, the government has been permitted to introduce some

12    pre-December 19th statements that establish the relationship

13    among the alleged co-conspirators, that would include

14    Mr. Rhodes, Mr. Meggs and others, Ms. Watkins, and

15    essentially is evidence of the start of the formation of the

16    conspiracy that these defendants are charged with.

17          It is not a requirement that Mr. Beeks or

18    Mr. Crowl have even heard those statements, that they were

19    anywhere near the statements or participated in making the

20    statements or listening to the statements.  It's just not

21    required.  And so that's the purpose for which I'm

22    permitting the statements to be admitted.  I do find that

23    they are probative for the purposes I just discussed and

24    they are not more prejudicial than probative for these

25    reasons.

1          MS. HERNANDEZ:  Your Honor, there's two unique

2     facts that I'm asking the Court to consider, and they are

3     the description of Mr. Crowl's "conspiracy."

4          Watkins explicitly tells him that Stewart Rhodes

5     is not coming to D.C., they're coming to D.C. to be a

6     security detail for Roger Stone.  That is the -- there's a

7     series of conversations starting --

8          THE COURT:  These are arguments now that are about

9     what inferences I ought to draw from the facts, not whether

10    the statements prior to December 16th are admissible.

11         MS. HERNANDEZ:  Your Honor, I think they go to

12    which conspiracy Mr. Crowl entered, and, therefore, the

13    statements made by Rhodes and whatever may or may not be

14    relevant to whatever agreement Mr. Crowl has.  I think it's

15    a fact-bound decision that the Court must make under Rule

16    104, so I'm just pointing out to the Court.

17         THE COURT:  And I've made it by a preponderance of

18    the evidence based upon the factual record that is before me

19    that there is a preponderance of the evidence that Mr. Crowl

20    joined in the conspiracy that he is alleged to have joined,

21    and that the statements prior to December 16th that are

22    included in the factual recitation are relevant to

23    establishing that conspiracy.

24         MS. HERNANDEZ:  So we maintain our objection to

25    that.

1          The second aspect of that is that Mr. Crowl is not

2    a member of the Oath Keepers.  He's not a card-carrying

3    member.  He's not a dues member of the Oath Keepers.  That's

4    another factual predicate that I think the Court has to

5    consider in making its 104(b) determination.

6          THE COURT:  Okay.

7          MS. HERNANDEZ:  I just want to preserve that so

8    the Court understands what the arguments are and preserve

9    the argument that those statements do not come in for any

10   purpose, any permissible purpose.

11         THE COURT:  So the fact that he may not be a

12   card-carrying member doesn't make the statements any less

13   admissible based upon all of the facts that are before me

14   that I'm being asked to consider.

15         Let's all be clear here, Ms. Hernandez, and more

16   importantly for Mr. Crowl.  All of this is about the

17   admissibility of evidence.  The arguments that you are

18   making about Mr. Crowl's relationship with these folks,

19   about what he said, why he said what he said, what was in

20   his mind, that's all still subject to further argument --

21         MS. HERNANDEZ:  Well, again, our position is

22   that --

23         THE COURT:  -- okay?

24         MS. HERNANDEZ:  -- these arguments go to

25   admissibility.  I understand the Court's ruling.

1          THE COURT:  I understand.

2          MS. HERNANDEZ:  But just those arguments are --

3     they are about intent, but I submit not that they're also

4     around admissibility and I wanted to make that argument --

5          THE COURT:  Understood.

6          MS. HERNANDEZ:  -- to the Court.

7          And, again, the First Amendment issue, we just

8     want to preserve that all those statements, that the

9     First Amendment plays a part in the Court's decision-making

10    and that the Supreme Court cases that say that you can use

11    statements for motive or intent even if they're protected by

12    the First Amendment, the Supreme Court cases and

13    First Circuit case and Seventh Circuit case all say that in

14    making that determination, the Court has to use a strict

15    standard of analysis.

16         THE COURT:  Okay.

17         MS. HERNANDEZ:  So I just want to preserve that.

18         MR. HUNTER:  I got up a second too fast.

19         With Mr. Beeks' permission, I wanted to adopt and

20    conform to Defendant Crowl's objections to the vagueness of

21    the statute and 1512, the definition of corruptly, the other

22    problematic issues that were presented on 1512; the

23    prejudicial -- unduly prejudicial nature of other Oath

24    Keepers statements at a time before the defendant was

25    alleged to have been a part of the conspiracy, especially to

1   the extent that he had no way of knowing what those

2   statements were because they were made in private.

3          We appreciate the Court's consideration on the

4   specific intent nature of conspiracy and would also adopt

5   and conform to the objection on the government having to

6   elect interference or obstruction or impeding.

7          And I appreciate the Court's consideration, Judge.

8          THE COURT:  Okay.  Is there anything else?

9          MS. RAKOCZY:  Not from the government's

10  perspective, Your Honor.

11         MS. HERNANDEZ:  No, Your Honor.

12         Just I will submit the "corruptly" definition, the

13  precise "corrupt" definition if only for the record.

14         THE COURT:  Okay.  Happy to receive it.

15         Okay.  All right.  So how do you all want to

16  proceed?  You've got some time you need to finalize the

17  stipulated facts; is that right?

18         MS. RAKOCZY:  Yes, Your Honor.

19         I think if we could have an hour or maybe two,

20  because I do think that both counsel represented that they

21  would benefit from a calm period to sit with their clients

22  and read through the stipulated statement one more time.

23  They have obviously done that as they expressed during the

24  colloquy, but to just to make sure nothing is missing so

25  both the time for all the parties to read it with a clear

1    head and have any discussions, I would think at least two

2    hours would be needed for that.

3              MS. HERNANDEZ:  Right.

4              We finished finalizing, if you want to say, we

5    finished our discussions late last night so our discussions

6    with our clients was limited between when we finished and

7    this morning.

8              So if we could --

9              THE COURT:  Okay.

10             MS. HERNANDEZ:  So the thought was, Your Honor, if

11   we could submit to the -- we don't need to come back to the

12   Court.  If we could submit to the Court our final stipulated

13   statements later this afternoon and then do our oral -- do

14   our arguments on the facts in the morning, that would give

15   the Court time to review whatever final -- including the --

16   because some of the stipulated facts also have video and

17   document exhibits.

18             THE COURT:  Right.

19             Let me just ask.  What are you all contemplating

20   in terms of length of closings?

21             And here's why I ask because, you know, I'm going

22   to need some time to consider the arguments and collect my

23   thoughts about a verdict.  Mr. Beeks has advised us that he

24   needs to be out of town by Tuesday, which could present a

25   problem in terms of timing.

1          MS. HERNANDEZ:  The question is, does the Court --

2    I mean, I think from Mr. Crowl's point of view, we would be

3    fine if the Court made its ruling in writing, for example,

4    in an opinion or something where he doesn't have to be

5    present if the Court issued an opinion.

6          THE COURT:  I'm sure he would, but I don't have

7    the time to write that opinion.  I'll do it orally.

8          MS. HERNANDEZ:  We want you to write an opinion.

9          THE COURT:  As I said, I don't have the time to

10   write the opinion.

11         MS. HERNANDEZ:  We're giving you two weeks of free

12   time to --

13         THE COURT:  And given that these defendants are

14   from out of town, they are required, under the rule, to be

15   present or at least have the right to be present for the

16   delivery of a verdict.  I'm just trying to be mindful of the

17   time constraints that we have.

18         MS. HERNANDEZ:  So, again, Mr. Crowl is staying

19   with family in Winchester, Virginia.  He had a difficult

20   time getting in here this morning.  So if we could do oral

21   argument at 10:00 tomorrow, I think the Court could have --

22   I don't know what the government plans to do -- how much

23   time they plan to spend.  And I recognize the Court has

24   heard a lot of these arguments before.  I guess the Court

25   could have the case by noon.  I don't know if the government

```
 1    thinks -- oh, I guess, we've got two defendant arguments and
 2    then the government.  They don't need to argue, they've
 3    argued to you multiple times, Your Honor.  We have not,
 4    however.
 5              THE COURT:  How long does the government think it
 6    will need?
 7              MS. RAKOCZY:  I can't imagine more than
 8    45 minutes.  And I think --
 9              THE COURT:  Ms. Hernandez, how long do you think?
10              MS. HERNANDEZ:  I think 45 minutes.
11              THE COURT:  Mr. Beeks?
12              DEFENDANT BEEKS:  We can do it at the same time.
13              MS. RAKOCZY:  We may reserve.
14              DEFENDANT BEEKS:  We can do it in the same time;
15    45 minutes is fine.
16              MS. RAKOCZY:  The government may reserve rebuttal
17    as well.  We understand it's a bench trial but we do carry
18    the burden.
19              THE COURT:  Okay.  I think that'll work.
20              I have this afternoon to look at everything, hear
21    from the parties, looks like we'll finish up around 1:00,
22    give or take, and I'll just see where I am.  I will have
23    hoped to deliver a verdict in the afternoon, but we'll just
24    see where we are.
25              MS. HERNANDEZ:  If it takes you a long time, it
```

```
 1    could mean that there wasn't proof beyond a reasonable
 2    doubt.
 3              THE COURT:  It could.  But it might mean something
 4    else.
 5              All right.
 6              MS. RAKOCZY:  It may be helpful, Your Honor, for
 7    us to self-impose a deadline to get the final documents to
 8    you today.  Is there a time by which the Court would ask for
 9    that?
10              THE COURT:  You tell me, 1:30?  Does that
11    realistic, given what you have to get done?
12              MS. HERNANDEZ:  I was just looking at the time.
13              I'd rather, like, could we do 3:00.
14              THE COURT:  No.
15              MS. HERNANDEZ:  2:00.
16              THE COURT:  I'm not negotiating against myself.
17              MS. HERNANDEZ:  Well, you -- I'm negotiating as a
18    3:00 p.m.
19              THE COURT:  You're the one who put out 3:00 p.m.
20    You can't negotiate against yourself either.
21              MS. HERNANDEZ:  It was rejected so I'm giving an
22    alternative.
23              THE COURT:  How about 1:30?  That's two hours.
24              MS. RAKOCZY:  Yes, Your Honor.
25              THE COURT:  That's the time you've asked for,
```

```
 1    1:30, please send me the final.  We have all the exhibits,

 2    correct?

 3              MS. RAKOCZY:  Yes, Your Honor.  We'll just need to

 4    double-check that there's nothing else from defense counsel.

 5    I believe you have all the exhibits from government.  We may

 6    add one or two specs to the document.

 7              THE COURT:  Okay.  All right.

 8              MS. RAKOCZY:  We included the defense exhibits.

 9    We need to make sure that the defense agrees with the way

10    we've clipped certain things.

11              THE COURT:  All right.

12              MR. EDWARDS:  Your Honor, if we could just ask for

13    the Court, what is the possibility of starting at 9:00 or

14    9:30?

15              THE COURT:  That's what I was going to ask.

16              MR. EDWARDS:  It might be a little more helpful to

17    have that wiggle room.

18              THE COURT:  Mr. Crowl?

19              DEFENDANT CROWL:  Yes, sir.

20              THE COURT:  Is it possible for you to get here

21    earlier?

22              DEFENDANT CROWL:  Yes, sir.  I'll make it.

23              THE COURT:  Okay.

24              I have a 9:00 a.m., so -- which shouldn't last

25    terribly long.  So if we could get started at 9:15, give or
```

1   take, that would be ideal and give us all the time that we

2   need.  Okay?

3              All right.  Anything else before we adjourn?

4              MS. RAKOCZY:  Not for the government, Your Honor.

5              THE COURT:  Ms. Hernandez?

6              MS. HERNANDEZ:  No, Your Honor.

7              THE COURT:  Mr. Beeks?

8              DEFENDANT BEEKS:  No, Your Honor.

9              THE COURT:  Okay.  Thank you, all, very much.

10  We'll see you in the morning.

11             COURTROOM DEPUTY:  All rise.

12             This court stand in recess.

13             (Proceedings concluded at 11:31 a.m.)

C E R T I F I C A T E

        I, William P. Zaremba, RMR, CRR, certify that
the foregoing is a correct transcript from the record of
proceedings in the above-titled matter.


Date:__July 10, 2023_____     _____

                        William P. Zaremba, RMR, CRR

**COURTROOM DEPUTY: [6]** 3/2 5/21 5/23 25/23 25/25 78/11
**DEFENDANT BEEKS: [98]**
**DEFENDANT CROWL: [79]** 5/1 5/12 5/16 6/4 6/7 6/9 6/17 6/21 7/10 7/15 7/18 7/24 8/4 8/12 9/3 9/7 9/16 9/19 10/2 10/7 10/15 10/21 11/11 11/19 11/25 12/4 12/15 12/18 13/2 13/4 13/7 13/9 13/13 13/16 13/21 13/23 14/1 14/5 14/8 14/18 15/2 15/5 15/13 15/15 15/17 15/21 15/25 16/5 16/14 16/20 17/1 17/5 17/10 17/15 18/21 19/2 19/8 19/14 19/18 19/23 20/3 20/8 20/13 20/18 20/23 21/2 21/16 21/23 22/4 22/7 22/11 22/15 22/19 77/19 77/22
**MR. EDWARDS: [2]** 77/12 77/16
**MR. HUNTER: [6]** 24/12 24/22 27/6 29/15 44/1 71/18
**MS. HERNANDEZ: [75]** 3/12 3/23 7/1 8/19 8/24 9/11 21/3 22/25 23/18 23/23 52/25 53/17 53/19 55/3 55/6 55/14 55/16 55/19 56/3 56/6 56/13 56/16 56/19 57/19 59/14 60/5 60/22 61/6 61/9 61/21 61/23 61/25 62/3 62/14 62/20 63/2 63/8 63/11 63/19 63/21 64/2 64/4 64/8 64/11 64/15 64/21 65/9 65/13 65/18 65/24 66/7 66/15 69/1 69/11 69/24 70/7 70/21 70/24 71/2 71/6 71/17 72/11 73/3 73/10 74/1 74/8 74/11 74/18 75/10 75/25 76/12 76/15 76/17 76/21 78/6
**MS. RAKOCZY: [19]** 3/22 4/4 7/2 22/24 27/2 43/16 44/9 46/11 64/18 72/9 72/18 75/7 75/13 75/16 76/6 76/24 77/3 77/8 78/4
**THE COURT: [267]**

**$**
**$100 [4]** 13/14 14/6 33/18 34/16
**$250,000 [4]** 13/3 13/22 33/4 33/23

**'**
**'72 [1]** 26/9

**0**
**0023 [1]** 1/21

**1**
**10 [2]** 1/5 79/7
**104 [4]** 58/22 62/22 69/16 70/5
**10:00 [1]** 74/21
**10:12 [1]** 1/6
**11:31 [1]** 78/13
**12 [11]** 16/18 19/12 19/25 20/15 36/18 40/9 40/18 40/21 41/3 50/12 66/23
**1251 [1]** 1/16
**12th [1]** 6/9
**13-15 [1]** 50/13
**15 [1]** 50/13
**1512 [7]** 10/1 30/10 45/3 56/22 56/25 71/21 71/22
**16th [2]** 69/10 69/21
**18 [1]** 32/1
**18 United States [4]** 10/1 30/10 45/3 45/5
**19 [2]** 1/7 3/5
**1970 [1]** 6/7
**19th [2]** 67/22 68/12
**1:00 [1]** 75/1
**1:25 [1]** 50/12
**1:30 [3]** 76/10 76/23 77/1

**2**
**20 [4]** 12/25 33/4 44/17 44/18
**20001 [2]** 1/15 2/13
**20004 [1]** 1/20
**202 [3]** 1/16 1/21 2/13
**2020 [1]** 59/4
**2021 [2]** 11/17 31/6
**2023 [2]** 1/5 79/7
**20777 [1]** 2/3
**20th [2]** 59/11 61/10
**21-28 [2]** 1/4 3/3
**2111 [1]** 2/7
**22201 [1]** 2/8
**22nd [3]** 59/4 61/24 62/13
**231 [2]** 32/2 45/5
**24 [2]** 15/10 35/12
**240 [1]** 2/3
**258-1251 [1]** 1/16
**26-page [2]** 8/25 29/20
**28 [2]** 1/4 3/3
**2:00 [1]** 76/15

**3**
**3249 [1]** 2/13
**333 [1]** 2/12
**3391 [1]** 2/3
**353-0023 [1]** 1/21
**354-3249 [1]** 2/13
**3:00 [3]** 76/13 76/18 76/19

**4**
**45 [2]** 75/10 75/15
**45 minutes [1]** 75/8
**472-3391 [1]** 2/3

**6**
**601 [1]** 1/15
**611 [1]** 52/8
**6:12 [1]** 50/13
**6th [7]** 10/20 11/17 31/6 32/1 60/17 61/13 62/16

**7**
**7/26/1970 [1]** 6/7
**703 [1]** 2/8
**7166 [1]** 2/2
**7226 [1]** 2/8
**7th [1]** 26/9

**8**
**8th [1]** 2/7

**9**
**950 [1]** 1/20
**964 [1]** 46/16
**966-7226 [1]** 2/8
**977 [1]** 46/16
**9:00 [2]** 77/13 77/24
**9:15 [1]** 77/25
**9:30 [1]** 77/14

**A**
**a.m [3]** 1/6 77/24 78/13
**abetting [2]** 11/17 32/3
**abiding [1]** 62/11
**able [3]** 52/15 53/20 67/3
**about [46]** 4/21 9/14 11/17 12/16 14/21 14/25 15/3 16/7 20/7 21/12 22/8 23/1 24/17 29/18 30/2 34/4 34/22 35/3 35/7 35/14 36/1 36/5 42/18 46/14 46/20 52/19 52/23 56/22 59/5 61/4 61/20 62/8 63/14 64/4 64/7 65/8 65/22 66/9 66/10 69/8 70/16 70/18 70/19 71/3 73/23 76/23
**above [1]** 79/4
**above-titled [1]** 79/4
**absent [2]** 45/17 62/5
**Absolutely [1]** 7/18
**abstract [1]** 49/2
**accept [3]** 16/2 35/22 48/24
**acceptance [2]** 48/19 48/24
**accordingly [1]** 47/14
**accurate [5]** 15/19 15/24 16/3 35/21 44/22
**accurately [1]** 15/19
**accused [1]** 51/19
**acervation [1]** 49/25
**achieve [2]** 10/13 30/24

12/1 12/6 31/23 32/8 32/9 32/12 54/22 54/24 60/11 62/11
**acted [4]** 11/5 11/9 31/15 31/18
**actual [2]** 12/5 55/1
**actuality [1]** 49/5
**actually [2]** 18/6 41/2
**actus [3]** 66/19 66/21 67/8
**actus reus [3]** 66/19 66/21 67/8
**add [5]** 45/21 50/19 52/13 53/12 77/6
**additional [1]** 18/11
**address [5]** 3/20 46/12 46/22 47/10 64/22
**addressed [1]** 47/5
**adds [2]** 53/24 54/1
**adjourn [1]** 78/3
**adjudicate [1]** 44/25
**adjustments [1]** 45/13
**admissibility [9]** 23/4 23/5 44/19 47/4 58/20 61/20 70/17 70/25 71/4
**admissible [8]** 44/23 59/21 62/18 62/19 62/21 68/6 69/10 70/13
**admission [1]** 62/18
**admitted [1]** 68/22
**Admittedly [1]** 67/25
**adopt [2]** 71/19 72/4
**adversely [2]** 12/10 32/17
**advised [1]** 73/23
**advocacy [1]** 54/6
**affected [2]** 12/10 32/17
**affidavit [6]** 48/8 49/12 49/23 50/10 50/12 50/13
**affidavits [2]** 50/10 50/15
**after [4]** 8/23 41/21 47/13 54/8
**afternoon [4]** 4/16 73/13 75/20 75/23
**again [22]** 7/20 8/23 14/12 14/22 15/6 29/7 29/9 34/20 34/21 35/9 35/18 44/3 54/2 60/12 60/22 62/20 65/24 66/22 67/19 70/21 71/7 74/18
**against [14]** 7/12 8/2 18/25 19/7 28/14 28/19 39/3 39/25 40/5 45/8 51/23 59/2 76/16 76/20
**agency [1]** 49/8
**agree [12]** 15/18 19/25 20/1 27/1 27/5 27/6 35/20 40/22 41/6 43/4 65/14 67/14
**agreed [10]** 8/1 10/9 15/11 18/4 28/13 30/20 41/2 44/12 46/6 53/15
**agreeing [8]** 16/8 22/2

20/11 24/10 28/18 28/19 43/21 44/11
**agreement [20]** 6/25 7/14 7/25 8/5 10/12 14/15 28/12 28/23 29/8 30/23 35/3 37/21 38/6 38/13 45/11 45/22 46/2 46/3 46/4 69/14
**agreements [5]** 8/6 8/10 28/20 45/10 45/14
**agrees [5]** 44/10 44/24 45/7 57/19 77/9
**ahead [3]** 44/2 59/14 64/9
**aided [1]** 2/15
**aiding [2]** 11/17 32/2
**air [1]** 56/6
**Alexandra [2]** 1/18 3/6
**Alexandra.Hughes [1]** 1/22
**all [80]**
**All right [18]** 3/13 6/22 7/19 10/16 11/20 12/19 13/17 16/1 22/20 26/1 26/7 28/2 32/5 34/10 38/11 43/13 67/5 77/7
**allegation [1]** 59/25
**alleged [4]** 10/17 68/13 69/20 71/25
**allow [1]** 63/2
**allowing [2]** 18/1 24/13
**alluded [1]** 47/20
**along [1]** 48/4
**already [4]** 50/19 52/14 58/4 64/14
**also [6]** 6/11 14/11 17/16 33/13 34/11 34/15 37/13 37/25 39/1 44/11 48/6 48/8 54/2 54/7 54/24 56/21 58/25 59/23 71/3 72/4 73/16
**alternative [1]** 57/10 67/10 67/11 76/22
**although [1]** 53/7
**am [9]** 14/11 21/2 51/6 54/7 62/12 62/23 64/8 64/11 75/22
**Amendment [10]** 59/5 59/8 59/10 59/16 60/3 62/1 62/4 71/7 71/9 71/12
**AMERICA [2]** 1/3 3/3
**AMIT [1]** 1/10
**among [4]** 61/18 66/18 68/7 68/13
**analysis [3]** 57/8 57/11 71/15
**another [3]** 63/6 63/7 70/4
**answer [3]** 6/2 26/4 48/17
**answering [1]** 5/14
**any [70]** 3/18 4/7 4/8 4/11 5/4 5/14 5/18 6/14 6/18 6/23 9/14 12/9 12/11 12/12 12/16 13/10 13/11 14/2 14/3 14/3 15/3 15/22 17/7

## A

**any... [47]** 17/8 22/8 22/13 22/22 24/17 25/12 26/15 26/19 26/24 30/2 32/16 32/18 32/19 33/17 34/12 34/12 35/14 36/1 36/9 37/14 37/19 37/20 38/14 41/20 42/18 42/18 42/23 43/14 44/19 45/12 46/18 47/9 47/11 47/22 49/8 49/18 50/6 51/6 57/20 58/11 58/23 59/6 65/8 70/9 70/10 70/12 73/1
**anybody [2]** 22/12 42/22
**anything [15]** 4/9 6/15 22/9 26/16 42/19 49/9 50/19 52/10 52/13 61/2 63/15 63/17 63/25 72/8 78/3
**anywhere [1]** 68/19
**aol.com [1]** 2/4
**apologize [1]** 49/22
**appeal [5]** 21/7 21/8 21/22 41/21 42/6
**appear [3]** 49/20 66/5
**appearance [2]** 49/19 49/21
**APPEARANCES [2]** 1/12 1/22
**applicable [1]** 56/22
**applies [1]** 58/9
**apply [1]** 45/12
**appreciate [4]** 21/5 24/22 72/3 72/7
**appropriate [2]** 8/8 29/2
**are [132]**
**arguably [1]** 42/4
**argue [2]** 67/3 75/2
**argued [2]** 57/1 75/3
**argument [16]** 53/13 53/25 54/1 59/7 61/25 62/2 62/8 62/17 63/3 63/12 63/14 66/17 70/9 70/20 71/4 74/21
**arguments [21]** 4/7 4/19 47/3 53/4 54/15 56/22 57/17 57/20 61/7 61/19 61/20 64/16 69/8 70/8 70/17 70/24 71/2 73/14 73/22 74/24 75/1
**Arlington [1]** 2/8
**around [3]** 44/17 71/4 75/21
**article [2]** 12/11 32/18
**artificial [3]** 49/2 49/4 49/10
**as [83]**
**ask [27]** 5/5 5/10 5/18 15/6 22/1 22/22 22/23 24/6 24/8 25/8 25/13 25/21 27/4 27/9 45/15 45/16 47/11 48/1 52/14

## B

73/21 76/8 77/12 77/15
**asked [8]** 5/9 22/22 33/9 43/14 50/4 65/3 70/14 76/25
**asking [10]** 54/10 54/12 54/18 57/3 57/4 62/8 66/15 66/16 67/1 69/2
**aspect [2]** 49/8 70/1
**aspects [1]** 9/20
**Assessment [4]** 13/14 14/6 33/18 34/16
**assistance [3]** 17/12 17/17 37/9
**associated [1]** 42/13
**assume [1]** 23/21
**assumed [1]** 50/6
**assuming [2]** 34/20 45/15
**assumption [1]** 34/21
**assured [1]** 24/19
**attaining [1]** 49/6
**ATTORNEY'S [1]** 1/14
**authenticated [1]** 48/10
**available [1]** 21/21
**Ave [1]** 1/20
**Avenue [1]** 2/12
**avoid [1]** 20/17
**aware [3]** 12/21 32/25 33/1
**awareness [4]** 10/12 11/6 30/23 31/15

## B

**back [2]** 14/20 73/11
**Bailey [1]** 66/3
**Barrett [1]** 2/12
**based [15]** 7/4 27/12 43/9 43/10 46/3 48/12 51/24 51/25 58/22 62/19 62/22 62/24 66/12 69/18 70/13
**basis [4]** 23/4 46/18 60/3 67/15
**Basso [1]** 50/7
**be [101]**
**bear [3]** 36/16 40/16 60/16
**bearing [1]** 17/2
**bears [1]** 37/3
**because [15]** 5/19 21/17 24/7 41/2 56/15 60/20 62/4 63/9 64/7 66/6 66/8 72/2 72/20 73/16 73/21
**BEEKS [44]** 1/7 2/5 3/5 3/10 23/16 24/1 24/2 24/13 24/17 25/2 25/6 25/12 25/24 26/2 27/13 27/18 28/16 29/14 29/20 30/8 33/1 36/5 40/9 40/25 41/20 43/15 43/19 43/25 46/12 46/19 46/21 47/8 47/17 47/19 47/22 50/18 51/1 51/17 52/10 58/10
**Beeks' [2]** 26/25 71/19
**been [29]** 5/25 8/17 9/11 9/16 15/10 18/19 27/7 29/18 35/2 35/16 35/20 37/21 44/6 45/21 46/19 47/5 47/21 49/17 50/2 50/20 51/11 51/21 51/23 56/3 56/5 57/4 57/6 68/11 71/25
**before [32]** 1/10 3/17 3/21 5/4 5/14 5/18 8/23 8/25 19/24 20/1 20/5 20/11 20/19 25/21 36/11 40/9 40/18 40/22 41/7 42/14 54/5 55/5 57/1 58/11 60/11 64/19 68/3 69/18 70/13 71/24 74/24 78/3
**begin [3]** 23/16 47/16 64/19
**beginning [2]** 15/7 30/7
**being [4]** 20/17 45/2 45/3 70/14
**believe [10]** 54/25 55/20 55/25 57/12 58/6 59/4 59/4 65/24 66/12 77/5
**bench [54]** 1/10 3/16 3/17 5/7 6/25 7/7 7/14 7/22 16/4 16/9 16/22 19/3 20/4 21/7 21/9 21/18 21/21 22/3 22/10 22/17 23/11 24/11 25/7 27/1 27/16 27/25 28/9 28/18 36/6 36/10 36/15 36/22 37/7 37/18 38/1 38/7 39/6 39/12 39/13 39/14 39/17 40/2 41/1 41/10 41/21 42/4 42/16 42/24 43/9 44/12 45/22 45/24 46/5 75/17
**benefit [2]** 4/16 72/21
**between [7]** 8/6 19/12 24/18 28/20 49/10 56/25 73/6
**beyond [15]** 10/5 10/24 16/17 17/3 19/22 20/20 30/14 30/15 31/10 36/17 37/3 38/23 40/17 65/5 76/1
**birth [4]** 6/6 26/8 48/10 48/10
**birthdate [1]** 26/8
**bit [1]** 35/10
**born [2]** 7/8 27/17
**both [11]** 4/24 19/5 27/8 40/12 45/8 45/21 45/23 54/23 66/19 72/20 72/25
**bottom [1]** 60/15
**Boulevard [1]** 2/7
**bound [2]** 58/6 69/15
**Bradstreet [1]** 52/8
**Brandenburg [2]** 59/9 59/19
**briefing [1]** 53/23

## C

**Beeks' [2]** 26/25 71/19 ← (removed; see below)

**broader [2]** 38/16 54/13
**brought [1]** 48/4
**burden [6]** 17/3 19/20 36/17 37/3 40/17 75/18

## C

**call [7]** 17/17 17/18 37/8 37/8 38/2 38/8 47/25
**called [3]** 14/14 40/10 41/25
**calling [3]** 17/7 17/8 48/11
**calm [1]** 72/21
**can [24]** 4/13 4/21 5/4 6/19 8/22 26/19 43/4 44/5 45/17 48/13 48/25 48/25 49/3 49/9 50/5 51/18 53/9 53/19 55/5 62/17 63/23 68/3 71/10 75/12 75/14
**can't [4]** 56/2 60/8 75/7 76/20
**cannot [6]** 19/6 40/4 50/6 53/14 59/8 59/24
**capable [2]** 7/6 27/15
**card [2]** 70/2 70/12
**card-carrying [2]** 70/2 70/12
**Carmen [2]** 2/3 3/8
**carry [4]** 65/6 65/16 67/7 75/17
**carrying [4]** 11/15 31/25 70/2 70/12
**case [27]** 3/3 8/10 17/6 19/12 21/18 28/7 40/11 47/6 48/16 51/2 51/19 52/3 52/3 53/8 56/2 56/3 56/22 60/7 60/9 60/24 66/13 67/9 67/15 68/8 71/13 71/13 74/25
**cases [5]** 54/14 56/8 56/23 64/24 65/25 66/2 66/8 71/10 71/12
**certain [7]** 18/4 18/5 23/3 28/8 43/21 46/6 77/10
**certainly [4]** 27/9 45/25 47/7 68/6
**certificate [3]** 48/9 48/9 48/10
**certification [2]** 10/19 31/5
**certified [2]** 2/11 49/24
**certify [1]** 79/2
**cetera [1]** 49/9
**CH [1]** 2/12
**challenge [1]** 23/3
**challenged [4]** 49/17 50/2 50/5 50/6
**challenges [1]** 44/19
**challenging [1]** 24/25
**chance [2]** 25/3 29/24
**change [2]** 15/22 54/8
**character [1]** 62/11
**characteristics [1]**

## C

**charge [1]** 33/2
**charged [6]** 10/14 18/19 30/8 30/25 51/21 68/16
**charges [12]** 7/12 8/2 11/13 16/12 28/14 28/19 31/23 36/11 41/24 48/25 51/22 62/19
**check [1]** 77/4
**chernan7 [1]** 2/4
**Childless [1]** 66/1
**Childress [1]** 64/25
**choice [1]** 67/4
**Circuit [9]** 53/5 53/12 53/14 60/25 64/24 66/2 68/2 71/13 71/13
**circumstances [2]** 45/24 60/20
**citations [1]** 66/1
**citizens [3]** 19/12 40/10 62/11
**citizenship [1]** 49/24
**civil [9]** 11/16 12/8 12/9 13/18 32/1 32/15 32/16 33/21 45/4
**claims [1]** 50/13
**clarification [1]** 50/4
**clear [7]** 15/8 25/2 44/6 47/9 54/19 70/15 72/25
**client [1]** 60/16
**clients [2]** 72/21 73/6
**clipped [1]** 77/10
**closing [4]** 4/7 4/18 47/3 62/15
**closings [1]** 73/20
**co [4]** 58/13 68/4 68/5 68/13
**co-conspirator [3]** 58/13 68/4 68/5
**co-conspirators [1]** 68/13
**Code [5]** 10/1 30/10 32/2 45/3 45/5
**coerced [2]** 22/13 42/23
**collect [1]** 73/22
**college [5]** 6/12 10/19 26/12 26/13 31/6
**colloquies [2]** 3/19 4/8
**colloquy [3]** 23/1 25/5 72/24
**COLUMBIA [5]** 1/1 1/14 19/13 40/10 51/20
**come [4]** 4/23 18/5 21/13 24/1 38/2 49/18 49/19 53/14 53/23 56/11 70/9 73/11
**coming [3]** 44/11 69/5 69/5
**commerce [4]** 12/11 12/12 32/18 32/19
**committed [2]** 11/23 32/8
**committing [7]** 10/10 11/14 12/1 30/21 31/23 32/9 67/12

**C**

commodity [2]  12/11
32/18
common [2]  65/6 68/9
competence [2]  6/24
26/25
competent [2]  7/6
27/15
compulsory [2]  42/15
43/23
computer [1]  2/15
computer-aided [1]
2/15
concern [3]  24/17 27/9
49/9
concerning [2]  41/24
41/24
concluded [2]  55/5
78/13
conclusion [1]  45/6
concurrence [4]  55/12
55/15 55/18 55/24
conditional [5]  23/21
35/18 44/3 48/19 48/24
conduct [7]  11/7 12/12
31/16 32/19 51/19
59/18 60/17
Conference [4]  46/17
47/20 57/22 67/18
conferred [1]  64/20
confirm [1]  8/22
conform [2]  71/20 72/5
confused [1]  39/9
Congress [2]  45/2
57/12
Congress's [2]  10/19
31/5
congressional [1]  60/2
connection [2]  22/9
42/20
consciousness [1]
54/24
consent [1]  45/22
consenting [2]  7/7
27/16
consider [5]  35/22
69/2 70/5 70/14 73/22
consideration [5]
17/19 17/20 46/7 72/3
72/7
considered [1]  68/4
consistent [3]  54/25
67/21 68/10
conspiracy [35]  9/24
10/14 11/24 30/9 30/25
31/9 33/2 45/2 53/2
58/5 58/7 58/8 58/13
58/15 58/15 58/23
58/24 59/6 64/25 65/4
65/7 65/15 65/16 65/17
66/11 68/1 68/3 68/7
68/16 69/3 69/12 69/20
69/23 71/25 72/4
conspirator [3]  58/13
68/4 68/5
conspirators [1]  68/13
conspired [2]  10/9
30/20

**Constitution [2]** 2/2
51/25
**constitutional [3]**
23/12 43/22 47/25
**constraints [1]**  74/17
**consult [2]**  5/13 25/16
**contain [1]**  35/15
**contained [4]**  15/10
16/13 35/11 36/12
**containing [1]**  44/13
**contains [3]**  9/15 15/4
30/3
**contemplating [1]**
73/19
**continue [1]**  61/3
**CONTINUED [1]**  2/1
**continuing [1]**  15/8
**contracts [1]**  49/10
**conversation [2]**  34/22
61/4
**conversations [2]**
46/21 69/7
**convict [2]**  16/19 36/19
**convicted [4]**  14/12
14/16 34/21 65/15
**convince [9]**  16/18
18/18 19/21 20/16
20/20 36/18 38/23 41/3
41/11
**corporate [1]**  49/10
**corporation [1]**  52/7
**correct [16]**  7/23 8/18
8/19 15/1 15/24 21/1
22/18 27/18 28/10
34/24 42/9 52/7 62/14
62/23 77/2 79/3
**corrupt [1]**  72/13
**corruptly [17]**  10/23
11/9 31/8 31/18 54/3
54/10 54/12 54/13
54/14 54/15 54/21
54/22 55/10 55/20 60/1
71/21 72/12
**could [40]**  6/3 17/16
17/18 18/6 18/16 18/23
18/25 19/24 20/1 21/20
26/4 38/2 38/2 38/3
38/21 39/3 39/25 40/18
40/22 41/25 42/5 44/2
44/6 49/20 50/18 51/17
64/18 72/19 73/8 73/11
73/12 73/24 74/20
74/21 74/25 76/1 76/3
76/13 77/12 77/25
**counsel [22]**  2/5 3/9
6/23 7/5 24/14 24/24
25/17 25/17 26/24 27/4
27/14 27/14 27/22
27/24 28/4 29/25 35/17
37/10 46/22 64/20
72/20 77/4
**count [15]**  7/23 7/23
9/24 11/12 11/13 12/23
13/18 13/18 30/8 31/22
31/22 33/21 45/1 45/2
45/3
**Count 1 [5]**  7/23 9/24
30/8 45/1 45/2

count [1] [2]  11/23
11/13 31/22 31/22
33/21 45/3
**country [1]**  62/10
**counts [6]**  6/12 7/22
28/9 28/19 45/8 66/19
**Counts 1 [2]**  28/9
28/19
**couple [4]**  6/12 44/14
46/23 67/23
**course [5]**  21/14 55/11
56/21 57/3 58/15
**court [82]**
**Court's [9]**  24/25 25/5
44/23 45/7 60/6 70/25
71/9 72/3 72/7
**COVID [1]**  61/14
**CR [1]**  1/4
**creating [1]**  49/6
**creature [1]**  49/2
**credit [1]**  54/6
**crime [4]**  10/10 30/21
60/9 65/1
**crimes [1]**  51/21
**criminal [7]**  3/3 48/16
51/2 51/3 51/19 51/22
59/17
**Criminal Rules [1]**
51/3
**cross [5]**  17/13 23/13
37/19 42/14 43/23
**cross-examination [2]**
23/13 43/23
**cross-examine [3]**
17/13 37/19 42/14
**crossing [1]**  27/8
**CROWL [38]**  1/6 2/2
3/4 3/8 4/23 4/25 5/22
5/25 6/6 7/4 7/9 8/25
9/4 15/7 15/18 16/8
16/16 19/11 20/10
22/23 23/9 23/17 29/18
58/10 58/21 58/23 59/2
61/18 66/9 67/1 68/18
69/12 69/14 69/19 70/1
70/16 74/18 77/18
**Crowl's [7]**  6/24 23/3
53/12 69/3 70/18 71/20
74/2
**CRR [2]**  79/2 79/8
**currently [1]**  27/8

**D**

**D.C [6]**  1/5 1/15 1/20
2/13 69/5 69/5
**D.C. [2]**  64/24 66/2
**D.C. Circuit [2]**  64/24
66/2
**date [3]**  6/6 58/12 79/7
**day [2]**  1/7 66/10
**days [2]**  6/15 26/16
**deadline [1]**  76/7
**dealing [1]**  49/17
**December [11]**  59/3
59/4 59/11 61/10 61/24
62/13 67/22 67/25
68/12 69/10 69/21
**decide [1]**  66/21

**decided [4]**  9/7 41/4
39/24 50/7 53/5 54/11
56/4 56/5 57/4
**decision [21]**  18/25
19/6 20/6 22/16 27/24
39/3 39/25 40/4 43/8
43/9 45/7 46/18 55/5
57/5 57/7 58/6 58/22
62/21 66/24 69/15 71/9
**decision-making [1]**
71/9
**defendant [19]**  2/2 2/5
3/4 3/4 3/8 3/9 3/19
5/22 11/5 25/24 32/9
54/22 54/24 59/20
60/10 65/5 71/20 71/24
75/1
**Defendant No. 1 [1]**
3/4
**defendants [6]**  1/8
45/9 45/21 58/8 68/16
74/13
**defendants' [1]**  45/1
**defense [7]**  23/13 38/1
38/9 40/13 77/4 77/8
77/9
**defined [2]**  46/25 55/10
**defines [1]**  55/20
**definition [9]**  53/15
54/2 54/10 54/13 54/20
55/2 71/21 72/12 72/13
**degree [3]**  12/10 32/17
38/13
**delayed [2]**  12/10
32/17
**deliver [1]**  75/23
**delivery [1]**  74/16
**denying [1]**  51/11
**DEPARTMENT [1]**  1/19
**departures [1]**  45/14
**described [1]**  28/17
**description [1]**  69/3
**designed [3]**  5/6 24/9
25/9
**detail [1]**  69/6
**determination [2]**  70/5
71/14
**determinations [1]**
21/12
**determine [1]**  40/13
**did [6]**  6/8 22/23 26/10
43/15 46/20 57/5
**didn't [5]**  23/2 54/12
65/25 66/10 66/11
**difference [1]**  24/18
**differences [1]**  37/6
**different [4]**  53/24
60/20 61/5 67/7
**differently [1]**  37/2
**difficult [7]**  6/16 6/19
26/17 26/20 27/7 54/7
74/19
**difficulty [1]**  59/16
**directly [1]**  47/19
**disadvantage [3]**
20/10 41/2 41/15
**disagree [4]**  52/12 60/5
60/22 66/4

**agreement [1]**  65/8
**discretion [1]**  50/8
**discuss [5]**  7/12 27/23
46/10 60/13 61/2
**discussed [7]**  15/1
15/16 19/20 22/2 24/23
42/19 68/23
**discussions [3]**  73/1
73/5 73/5
**dismiss [4]**  8/2 28/14
28/19 45/7
**disorder [9]**  11/16 12/8
12/9 13/18 32/1 32/15
32/16 33/21 45/5
**disrupt [1]**  60/2
**dissent [2]**  55/13 55/20
**dissenting [1]**  55/11
**DISTRICT [7]**  1/1 1/1
1/11 1/14 19/13 40/1
51/20
**do [135]**
**do you [26]**  6/1 8/6
14/17 15/18 15/20
16/10 16/19 17/4 17/9
17/20 18/19 20/2 20/11
20/17 21/15 26/3 30/10
30/15 33/14 33/21 39/4
39/20 41/14 42/6 42/15
72/15
**do you have [10]**  8/14
9/14 12/16 15/3 22/8
29/13 30/2 35/14 36/1
42/18
**do you see [11]**  9/2
10/1 10/3 10/14 10/20
11/10 11/18 11/24
12/14 30/25 32/3
**do you understand
[11]**  8/1 12/25 19/4
21/25 22/1 31/2 32/21
33/10 34/7 36/8 37/18
**do you understand
that [1]**  13/19
**docket [2]**  46/15
**docketed [3]**  46/19
47/21 50/20
**document [23]**  4/12
9/1 9/5 9/15 14/21
15/24 15/4 15/7 15/9
29/17 29/20 29/21 30/3
35/7 35/9 35/19 43/3
44/13 44/16 47/14 48/6
73/17 77/6
**documents [8]**  46/16
47/18 48/3 48/12 51/7
51/9 57/9 76/7
**does [8]**  4/18 6/23
23/18 26/24 65/10 74/1
75/5 76/10
**doesn't [5]**  49/1 58/9
59/23 70/12 74/4
**doing [4]**  4/6 4/18 4/20
12/21
**don't [33]**  4/10 4/23 5/9
6/12 23/15 23/16 24/1
35/1 38/14 43/25 47/16
48/20 49/13 49/14 55/8
55/22 55/25 56/1 56/15

**D**

don't... [14] 56/17
60/13 61/3 63/13 63/25
65/12 66/4 66/5 73/11
74/6 74/9 74/22 74/25
75/2
done [5] 4/8 30/6 63/1
72/23 76/11
DONOVAN [2] 1/6 3/4
double [1] 77/4
double-check [1] 77/4
doubt [17] 10/5 10/25
16/18 17/3 19/22 20/21
26/25 30/14 30/15
31/10 36/17 37/4 38/24
40/17 52/2 65/5 76/2
down [4] 11/12 31/22
63/6 63/16
draft [1] 54/21
draw [2] 62/8 69/9
drugs [2] 6/14 26/15
dues [1] 70/3
DUNS [1] 52/8
during [9] 12/8 18/11
21/14 32/14 45/4 57/1
58/15 67/18 72/23
duties [4] 11/16 12/7
31/25 32/14

**E**

each [4] 3/19 10/24
19/21 40/17
earlier [1] 77/21
early [1] 67/25
ECF [1] 46/15
edits [1] 4/12
Edwards [2] 1/13 3/7
effect [2] 11/6 31/16
efficient [1] 45/25
either [3] 3/20 6/23
12/10 18/18 26/24
32/17 58/10 65/2 76/20
elect [3] 66/18 67/2
72/6
election [2] 62/17 67/7
Electoral [2] 10/19
31/6
Electoral College [2]
10/19 31/6
element [6] 10/8 55/9
55/21 67/8 67/8 67/12
elements [26] 4/13 9/1
9/21 9/22 9/24 10/4
10/14 10/24 11/10
11/21 11/22 12/14
12/17 14/23 29/19
30/13 30/19 30/25
31/10 32/6 32/21 35/8
46/25 52/24 53/15
53/21
else [13] 4/9 6/15 22/9
26/16 42/19 52/10
52/13 57/8 61/2 72/8
76/4 77/4 78/3
Email [5] 1/16 1/17
1/21 2/4 2/9
emerge [1] 50/14
enforcement [7] 11/15
32/13 45/4

engaged [2] 12/6 32/13
enough [4] 7/11 27/11
27/21 27/23
enter [3] 6/25 26/25
65/16
entered [4] 10/12
30/23 43/8 69/12
entering [4] 7/13 16/8
22/16 24/10
entitled [1] 29/18
especially [1] 71/25
ESQ [1] 2/6
essential [3] 10/4 46/2
55/25
essentially [3] 53/7
67/21 68/15
establish [2] 68/6
68/12
establishing [1] 69/23
et [1] 49/9
et cetera [1] 49/9
even [8] 3/17 21/20
29/5 29/9 36/15 39/12
39/22 41/21 60/24 66/9
67/13 68/3 68/4 68/8
68/18 71/11
evening [1] 4/6
event [1] 38/14
events [1] 18/17
every [2] 49/1 49/18
everyone [1] 3/11
everyone's [1] 46/4
everything [3] 50/21
57/8 75/20
evidence [21] 18/4
18/5 18/7 18/11 21/12
37/14 37/20 38/3 38/13
38/16 40/12 41/25
44/14 47/4 49/25 58/23
68/6 68/15 69/18 69/19
70/17
evidentiary [3] 21/13
23/3 46/9
examination [2] 23/13
43/23
examine [3] 17/13
37/19 42/14
example [5] 28/23
41/22 42/13 59/11 74/3
exclude [1] 60/3
excluded [1] 60/19
excuse [5] 12/23 13/11
18/2 53/17 67/21
executive [1] 48/1
exhibits [8] 4/14 44/18
44/21 44/23 73/17 77/1
77/5 77/8
exists [1] 62/23
explain [2] 4/9 38/21
explicitly [1] 49/4
express [1] 48/4
expressed [2] 46/23
72/23
extent [3] 4/11 47/10
72/1
extraordinary [1]

**F**

fact [10] 14/25 20/11
41/11 47/20 58/6 58/7
59/22 66/18 69/15
70/11
fact-bound [2] 58/6
69/15
facts [45] 4/13 8/14
8/16 9/1 9/22 14/20
14/23 15/10 15/14
15/19 16/2 16/11 18/4
23/25 23/25 28/8 29/13
29/19 35/8 35/11 35/20
35/21 36/1 36/9 40/11
43/21 44/4 44/14 46/3
46/4 46/7 48/2 54/22
64/24 66/8 66/9 66/13
67/20 67/20 69/2 69/9
70/13 72/17 73/14
73/16
factual [7] 23/4 61/12
61/19 62/4 69/18 69/22
70/4
fair [5] 15/19 15/23
16/3 27/11 35/21
fairly [1] 15/19
false [3] 6/3 26/4 26/5
falsely [3] 6/2 6/2 26/3
family [1] 74/19
far [2] 6/8 26/10
fashion [3] 17/22 21/1
22/6
fast [1] 71/18
federal [4] 50/1 51/3
51/21 51/21
federally [2] 12/12
32/19
feel [4] 5/10 5/14 25/13
25/17
few [2] 37/6 44/17
file [3] 49/12 50/10
50/22
filed [4] 46/14 48/20
51/23 53/3
filings [1] 24/25
final [9] 8/17 29/20
35/19 35/19 35/20
73/12 73/15 76/7 77/1
finalize [3] 4/11 47/14
72/16
finalizing [3] 23/24
44/3 73/4
find [6] 7/5 10/22 23/8
27/14 67/13 68/22
finding [1] 58/5 58/8
58/11 62/23
fine [16] 3/25 5/1 13/3
13/10 13/11 13/22 14/3
24/3 33/4 33/17 33/23
34/12 62/17 63/10 74/3
75/15
finish [2] 4/3 75/21
finished [3] 73/4 73/5
73/6
firm [1] 48/3
first [23] 3/18 9/23 10/8

31/11 32/7 36/8 47/10
53/1 59/5 59/8 59/10
59/16 60/3 62/1 62/4
71/7 71/9 71/12 71/13
First Amendment [9]
59/5 59/8 59/10 59/16
60/3 62/1 62/4 71/7
71/9
First Circuit [1] 71/13
Fischer [4] 54/1 54/9
54/11 55/5
five [2] 13/19 33/22
fixing [1] 62/11
floated [1] 4/6
Floor [1] 2/7
focused [1] 57/6
folks [1] 70/18
follow [4] 6/16 6/19
26/17 26/20
following [6] 10/24
21/6 21/8 31/10 41/19
49/1
footnote [2] 23/2 64/23
force [1] 18/23
forced [2] 22/12 42/22
foreclosed [1] 49/6
foregoing [1] 79/3
foremost [2] 9/23
16/10 36/8
form [1] 44/1
formation [1] 68/15
forms [1] 45/20
forth [4] 9/23 30/8
30/12 67/19
forward [4] 4/2 7/20
21/10 24/16
found [13] 8/8 19/24
20/2 20/17 21/6 28/24
29/10 31/7 40/18 40/22
41/7 41/19 58/7
four [4] 11/22 31/10
32/6 61/18
fourth [4] 11/9 12/9
31/18 32/16
free [7] 5/10 5/14 22/17
25/13 25/17 43/10
74/11
front [3] 8/15 29/13
55/8
fuel [2] 53/24 54/1
fully [3] 7/6 27/14 57/1
function [2] 12/13
32/20
functionally [1] 24/18
further [7] 3/18 5/4
5/18 31/22 47/22 64/22
70/20
furtherance [2] 58/14
59/17

**G**

Gaston [2] 64/25 66/1
gave [2] 23/1 54/3
56/14
general [1] 49/21
get [10] 18/16 42/23
48/12 48/13 61/8 62/15

gets [1] 30/6
getting [4] 4/7 74/20
give [11] 22/13 26/4
42/23 47/23 50/25 54/6
67/3 73/14 75/22 77/25
78/1
given [8] 18/3 22/2
45/23 46/2 54/14 57/7
74/13 76/11
giving [25] 5/7 7/13
16/8 16/23 17/11 17/23
18/10 19/4 19/10 22/9
24/10 25/11 36/6 36/22
37/18 38/8 38/15 39/7
39/18 40/3 40/8 42/12
48/22 74/11 76/21
go [17] 3/25 4/2 6/8
9/20 12/20 16/12 25/3
26/10 29/24 32/24
36/10 44/2 47/3 59/14
64/9 69/11 70/24
go ahead [3] 44/2
59/14 64/9
goal [5] 10/10 10/13
30/21 30/24 65/6 65/6
65/17
God [1] 62/10
goes [2] 57/11 66/25
going [17] 5/18 5/19
7/20 9/10 12/20 17/8
24/6 25/3 31/22 32/24
46/8 52/14 57/24 61/7
63/15 73/21 77/15
good [7] 3/2 3/11 3/12
3/23 5/3 9/9 24/3
good morning [3] 3/11
3/12 3/23
got [14] 4/14 27/21
48/23 53/6 53/22 57/14
59/9 66/23 71/18 72/16
75/1
gotten [1] 24/14
government [64] 1/13
3/7 4/18 8/1 8/9 10/4
10/23 16/17 17/2 17/6
20/20 22/24 24/24 27/2
27/13 28/13 28/18
28/21 29/5 29/9 30/13
31/9 35/3 36/16 37/2
37/2 37/8 37/14 38/13
40/12 40/16 41/11
43/17 44/7 44/10 44/24
45/7 45/15 48/21 49/2
49/3 49/8 57/19 57/22
59/2 59/12 59/24 60/8
65/5 66/17 66/18 67/1
67/1 67/9 67/22 68/11
72/5 74/22 74/25 75/2
75/5 75/16 77/5 78/4
government's [4]
17/13 19/19 45/9 72/9
grade [1] 6/9
graduated [2] 6/9
26/12
grand [1] 48/6
grant [1] 46/18
granting [2] 51/4 51/6

**G**

grasp [1] 9/9
great [1] 54/6
Greg [2] 2/6 3/9
greghunter [1] 2/9
GREGORY [1] 2/6
group [1] 61/18
guess [3] 54/11 74/24
75/1
Guidelines [8] 8/7
14/15 14/16 28/24
34/23 35/2 35/4 45/12
Guidelines Range [1]
14/16
guilt [16] 16/17 17/3
19/20 19/21 20/1 20/7
20/7 20/21 36/17 37/3
40/17 40/18 40/22 41/3
41/12 45/1
guilty [17] 8/8 10/22
18/19 19/24 20/2 20/16
20/17 21/6 28/25 29/10
31/7 38/23 40/14 40/19
40/23 41/7 41/19
Gun [1] 62/10

**H**

had [24] 4/5 7/11 9/4
9/5 10/6 24/17 27/21
27/23 29/21 29/21
29/24 34/22 35/10
46/13 46/19 47/20 56/6
57/3 59/25 60/17 62/16
63/4 72/1 74/19
hadn't [1] 47/21
half [1] 49/17
Hamann [1] 60/24
hand [4] 5/19 5/21
25/22 25/23
handle [1] 59/15
handling [1] 25/1
Hang [2] 61/1 61/3
happy [2] 4/19 72/14
has [35] 7/17 8/1 20/20
22/12 23/9 23/12 27/9
28/4 28/13 37/20 41/11
42/22 46/23 51/18
51/22 52/22 53/9 53/20
54/5 54/14 55/9 57/6
58/10 58/21 65/2 65/3
65/12 65/15 68/2 68/1
69/14 70/4 71/14 73/23
74/23
hasn't [2] 8/17 56/3
56/5
hate [1] 60/9
hate-crime [1] 60/9
have [150]
haven't [2] 14/24 18/3
having [5] 4/16 28/7
49/5 63/14 72/5
he [25] 7/5 23/10 24/25
27/14 43/21 46/13
46/22 55/10 57/10
57/11 60/17 61/22
61/23 62/10 66/11
69/20 70/11 70/19
70/19 70/19 72/1 73/23

he said [5] 61/22 61/23
70/19 70/19 70/19
he's [3] 43/22 70/2
70/3
head [1] 73/1
hear [4] 51/22 52/3
52/3 75/20
heard [4] 41/8 47/22
68/18 74/24
hearings [1] 49/19
hearsay [2] 58/3 58/3
Hebrews [1] 50/13
held [5] 18/25 19/6
39/3 39/25 40/4
help [2] 24/13 54/17
helpful [2] 76/6 77/16
here [18] 9/10 14/13
18/11 18/16 24/10
25/17 31/5 44/11 48/6
49/20 49/23 51/20
53/22 60/13 67/19
70/15 74/20 77/20
here's [1] 73/21
Hernandez [27] 2/2 3/8
4/5 4/23 5/14 7/17 8/15
9/19 21/5 23/17 46/23
47/7 52/19 52/22 54/18
60/12 61/3 62/7 63/4
63/13 63/20 63/25 64/3
64/19 70/15 75/9 78/5
Hi [1] 4/25
high [3] 6/9 21/3 26/12
Highland [1] 2/3
him [5] 24/14 24/19
59/3 59/3 69/4
his [15] 7/6 23/9 23/12
27/15 43/20 43/22
55/11 55/23 57/6 57/10
60/16 60/17 62/5 62/13
70/20
history [1] 47/6
holding [1] 56/1
Hollow [1] 2/2
Honor [43] 3/2 3/12
3/22 3/24 4/4 7/1 7/2
8/19 9/7 15/13 20/23
21/16 21/23 22/11
22/24 22/25 24/12 27/2
29/15 43/16 44/1 44/9
45/18 46/11 47/24
52/25 54/2 64/16 64/18
69/1 69/11 72/10 72/11
72/18 73/10 75/3 76/6
76/24 77/3 77/12 78/4
78/6 78/8
HONORABLE [1] 1/10
hope [1] 18/17
hoped [1] 75/23
hopes [1] 38/22
hoping [2] 4/1 4/2
host [4] 15/10 21/11
21/12 21/19
hour [1] 72/19
hours [2] 73/2 76/23
how [15] 4/2 4/25 5/1
6/8 24/2 26/10 33/25
34/2 46/8 55/10 72/15

however [9] 18/5 18/22
21/9 27/22 37/18 41/22
42/3 43/1 75/4
Hughes [2] 1/18 3/6
huh [1] 30/11
Hunter [4] 2/6 2/6 3/9
24/1

**I**

I also [3] 6/11 48/6
54/7
I also have [1] 48/8
I am [6] 14/11 62/12
62/23 64/8 64/11 75/22
I apologize [1] 49/22
I assume [1] 23/21
I believe [7] 54/25
55/20 57/12 59/4 59/4
65/24 77/5
I can [8] 8/22 59/15
I can't [1] 75/7
I did [2] 22/23 43/15
I didn't [1] 65/25
I don't [4] 49/13 56/1
56/13 65/12
I don't have [4] 49/14
55/8 74/6 74/9
I don't recall [1] 55/22
I guess [3] 54/11 74/24
75/1
I have [14] 5/9 9/7
22/11 24/7 26/12 48/19
49/14 49/17 49/23
49/24 50/10 50/21 52/2
77/24
I just [10] 27/17 47/25
48/23 53/9 57/16 64/18
66/4 68/23 70/7 71/17
I know [8] 8/16 24/23
29/19 46/12 55/19
55/23 57/23 58/4
I mean [6] 54/17 57/6
57/10 59/15 65/14 74/2
I should [4] 22/22
43/14 55/6 55/7
I think [33] 4/5 44/6
46/4 46/15 47/1 47/7
47/13 50/21 51/18
53/19 54/9 55/3 55/4
57/6 57/19 58/10 58/18
58/21 65/14 65/22 66/7
66/24 67/1 67/24 69/11
69/14 70/4 72/19 74/2
74/21 75/8 75/10 75/19
I thought [1] 39/9
I understand [18] 6/4
7/21 8/12 14/18 15/23
18/9 19/8 20/3 20/23
23/1 25/1 28/7 39/21
54/4 65/2 66/6 70/25
71/1
I want [5] 14/12 24/13
34/22 56/20 63/22
I wanted [2] 3/18 71/19
I was [3] 9/9 76/12
77/15
I will [5] 20/6 45/20

I'd [2] 61/7 76/13
I'll [12] 3/25 15/6 27/9
47/23 56/10 63/8 64/21
64/22 67/18 74/7 75/22
77/22
I'm [51] 3/23 5/1 5/3
5/18 5/19 12/20 12/21
22/21 24/3 24/3 24/6
26/11 27/8 32/24 33/9
34/1 39/9 43/19 46/25
47/8 48/11 48/14 51/4
51/10 51/10 52/9 52/14
52/21 56/16 57/10
57/13 57/17 61/21 62/5
63/12 63/15 63/21 64/2
65/3 65/20 66/15 68/21
69/2 69/16 70/14 73/21
74/6 74/16 76/16 76/17
76/21
I'm going [5] 5/18 5/19
24/6 63/15 73/21
I'm just [6] 12/20 32/24
51/10 63/21 66/16
74/16
I'm not [2] 47/8 51/4
I'm not sure [2] 48/14
52/9
I'm sorry [5] 3/23 33/9
34/1 46/25 52/21
I'm sure [1] 74/6
I've [13] 9/16 24/23
28/17 35/16 41/8 49/17
61/4 62/22 63/14 64/9
64/14 67/19 69/17
ideal [1] 78/1
identify [1] 23/2
ignore [1] 50/8
ignoring [2] 51/8 51/10
illegal [2] 10/13 30/24
imaginary [1] 49/5
imagine [1] 75/7
imminent [1] 59/9
impede [7] 11/3 11/7
11/14 12/2 31/13 31/17
31/24
impeded [3] 11/1 31/11
32/10
impeding [3] 66/20
67/14 72/6
implied [1] 48/5
important [1] 21/9
importantly [1] 70/16
impose [2] 45/17 76/7
improper [1] 54/23
incarceration [4] 13/1
13/20 33/4 33/22
incident [4] 11/16 12/7
31/25 32/14
include [1] 68/13
included [3] 56/14
69/22 77/8
includes [1] 8/7
including [4] 45/12
59/1 62/25 73/15
indictment [9] 7/22 8/3
10/18 11/13 16/13
31/23 36/12 45/1 45/8

individual [1] 3/19
individuals [1] 19/16
inference [1] 62/8
inferences [1] 69/9
informed [1] 9/17
innocent [4] 16/16
16/25 36/16 36/24
inquiries [2] 7/4 27/12
Insofar [1] 67/17
instead [5] 3/16 5/8
7/20 25/8 28/7
instruct [1] 18/25 39/2
39/24
instructed [3] 19/6
40/4 54/25
instruction [2] 56/14
65/10
instructions [5] 46/24
52/20 52/20 52/23 53/1
intelligence [2] 53/20
53/23
intelligently [3] 23/9
43/20 43/21
intended [5] 11/3 12/2
31/13 57/12 65/6
intent [16] 10/13 30/24
60/1 60/1 60/18 65/1
65/11 65/16 65/19
65/21 66/5 66/10 66/12
71/3 71/11 72/4
interest [11] 13/11
14/2 33/17 34/12 46/5
55/10 55/21 56/7 56/9
56/11 56/11
interface [1] 49/3
interfere [3] 11/14 12/2
31/24
interfered [1] 32/10
interference [3] 45/4
66/19 72/6
interrupt [2] 50/18 60/1
introduce [5] 18/6
44/13 57/22 59/2 68/11
introduced [1] 67/23
involving [1] 60/9
is [209]
is that correct [6] 7/23
8/18 15/1 15/24 22/18
34/24
is there [9] 6/18 26/19
50/19 50/24 51/13 63/6
63/7 65/8 76/8
issue [12] 31/5 53/3
56/20 57/21 63/5 63/6
63/7 65/4 66/12 66/22
66/23 71/7
issued [3] 53/9 55/5
74/5
issues [22] 4/8 21/13
21/13 21/19 41/23
41/24 41/24 42/5 46/9
46/13 52/23 53/9 54/5
57/14 59/6 60/23 60/23
61/11 63/22 64/4 64/21
71/22
it [80]
it would be [2] 19/19
40/13

**I**

it's [35] 8/16 9/1 9/21
12/22 14/22 21/9 21/19
24/14 27/7 29/19 29/20
32/7 43/3 44/6 46/20
54/7 55/18 55/19 56/11
56/18 56/23 62/18
62/19 62/21 62/21
62/25 64/4 66/7 66/17
66/22 66/22 67/2 68/20
69/14 75/17
its [7] 10/12 30/23 44/7
50/6 54/8 70/5 74/3
itself [1] 49/9

**J**

JAMES [3] 1/7 3/5 3/10
James Beeks [2] 3/5
3/10
January [8] 10/20
11/17 31/6 32/1 60/17
61/13 62/16 67/21
January 6th [7] 10/20
11/17 31/6 32/1 60/17
61/13 62/16
job [1] 40/13
join [1] 66/11
joined [6] 10/11 30/22
58/23 66/11 69/20
69/20
Joyce [1] 50/9
Jr [1] 1/13
judge [20] 1/11 20/6
20/11 25/5 27/6 41/17
48/22 52/3 53/8 54/10
55/10 55/15 55/18
55/19 55/23 56/8 57/5
60/25 63/2 72/7
Judge Nichols [2] 53/8
57/5
Judge Silberman [1]
56/8
judges [4] 53/6 53/12
53/14 53/22
judgment [11] 48/2
48/11 48/12 48/13
48/15 48/16 48/23
49/24 50/25 51/2 53/7
July [2] 1/5 79/7
jump [2] 11/12 27/10
June [1] 26/9
jurisdiction [7] 25/1
49/18 50/5 50/9 51/18
51/22 52/2
jurisdictions [1] 50/2
juror [1] 20/16
jurors [9] 16/18 19/21
19/25 20/1 20/15 36/19
40/18 40/21 41/3
jury [56] 3/17 5/8 6/24
7/6 7/20 10/6 16/12
16/16 18/18 18/24 19/5
19/10 19/17 20/5 21/20
22/14 23/10 23/13
24/18 24/19 25/8 27/15
28/8 36/11 36/11 36/18
37/7 38/1 38/23 39/3
39/12 39/13 39/23

41/22 42/13 42/14
42/24 43/1 43/2 43/3
43/5 43/5 43/20 43/23
44/7 45/23 46/24 48/6
48/6 52/20 65/9 67/13
jury's [1] 17/20
just [60] 9/19 10/20 12/20
12/21 14/21 15/8 20/19
20/21 21/20 22/2 22/2
24/7 24/17 24/12 24/14
27/4 27/17 27/22 28/17
29/17 30/6 32/24 32/25
34/3 34/21 42/19 44/5
45/1 47/8 47/25 48/23
51/10 53/9 53/24 53/25
57/16 63/13 63/19
63/21 64/2 64/18 65/18
66/4 67/12 68/20 68/23
69/16 70/7 71/2 71/7
71/17 72/12 72/24
73/19 74/16 75/22
75/23 76/12 77/3 77/12
justice [2] 1/19 53/2
justified [1] 45/25

**K**

Kathryn [2] 1/13 3/6
Kathryn Rakoczy [1]
3/6
kathryn.rakoczy [1]
1/17
Katsas [2] 55/10 55/14
Katsas' [1] 55/19
keep [3] 24/6 63/14
64/7
Keepers [3] 70/2 70/3
71/24
key [2] 66/7 66/12
kind [1] 41/20
knew [1] 66/10
know [26] 4/14 6/12
8/16 24/23 29/19 35/1
38/14 44/5 46/12 48/20
48/23 49/13 49/19
55/19 55/23 56/8 56/18
57/23 58/4 60/13 66/5
66/10 67/13 73/21
74/22 74/25
knowing [1] 72/1
knowingly [10] 10/11
11/5 11/23 23/9 23/10
30/22 31/15 32/8 43/19
43/21
knows [1] 53/3

**L**

lack [1] 50/8
laid [1] 66/8
language [1] 57/13
largely [1] 47/5
last [7] 3/15 6/15 8/20
26/16 67/6 73/5 77/24
late [3] 4/15 8/20 73/5
later [2] 47/3 73/13
law [14] 11/14 12/3
12/6 31/24 32/11 32/12
45/4 47/2 49/1 49/8

law-abiding [1] 62/11
lawful [4] 12/7 32/13
45/16 45/17
lawfully [2] 11/15
31/25
laws [1] 52/1
lawyer [5] 7/12 15/1
15/16 17/12 17/18
lead [1] 62/10
least [8] 8/22 10/9
14/25 15/7 30/20 47/2
73/1 74/15
legal [10] 21/11 21/13
21/19 41/23 41/23 46/9
49/7 52/20 52/23 53/23
legally [1] 24/18
Leigh [1] 1/13
length [1] 73/20
Lenity [1] 57/14
less [1] 70/12
let [7] 9/20 21/25 22/22
27/4 56/18 60/24 73/19
let's [8] 8/22 11/12
14/20 16/7 35/7 36/5
49/22 70/15
life [1] 49/12
like [9] 43/2 46/22
47/22 48/12 52/23
56/18 68/8 75/21 76/13
likely [2] 21/18 41/23
limited [1] 73/6
line [6] 27/8 56/8 56/23
60/15 64/24 65/25
linkage [1] 56/25
listed [1] 65/25
listen [1] 40/11
listening [1] 68/20
litigated [2] 47/5 55/2
little [2] 52/2 77/16
live [2] 17/7 48/10
long [5] 64/24 75/5
75/9 75/25 77/25
look [3] 4/16 56/18
75/20
looking [3] 63/21
65/20 76/12
looks [1] 75/21
lot [3] 57/6 60/13 74/24

**M**

made [28] 4/12 24/25
35/19 43/8 44/6 44/19
50/13 57/25 58/4 58/14
58/16 58/19 59/3 59/3
60/10 60/11 60/14
60/15 61/13 61/14
61/15 61/16 62/25 68/3
69/13 69/17 72/2 74/3
mail [1] 47/19
mail.com [1] 2/9
Maine [1] 50/3
maintain [1] 69/24
make [29] 6/16 6/19
14/12 21/11 25/2 25/4
26/16 26/20 27/17
27/23 33/1 34/22 47/1
47/8 53/9 53/25 56/20

59/23 62/17 63/3 69/15
70/12 71/4 72/24 77/9
77/22
making [13] 6/3 20/6
26/5 61/19 61/21 62/7
63/12 66/24 68/19 70/5
70/18 71/9 71/14
mandate [1] 53/8
manifestation [1] 49/7
many [4] 41/8 41/23
54/5 62/12
matter [5] 48/1 50/14
50/15 52/4 79/4
matters [2] 52/11
52/19
maximum [10] 12/25
13/19 13/22 14/10 33/3
33/5 33/11 33/22 34/4
34/7
may [16] 13/10 13/11
18/11 41/14 46/13
50/18 58/23 62/15
67/15 69/13 69/13
70/11 75/13 75/16 76/6
77/5
maybe [1] 72/19
MD [1] 2/3
me [45] 3/15 5/6 5/10
9/20 12/23 13/11 15/9
18/2 18/7 18/18 20/20
20/21 22/1 22/22 24/9
24/13 25/7 25/9 25/13
26/4 27/4 27/7 27/9
35/21 38/23 41/11
41/23 48/22 49/14
49/14 53/17 53/24
54/17 55/8 56/18 60/24
62/8 63/2 64/6 67/21
69/18 70/13 73/19
76/10 77/1
mean [10] 54/17 54/20
57/6 57/10 58/9 59/15
65/14 74/2 76/1 76/3
means [9] 6/1 17/11
19/11 20/5 38/1 40/9
54/23 67/7 67/12
mechanical [1] 2/15
mechanism [1] 51/2
medications [2] 6/15
26/15
Meggs [3] 57/25 58/17
68/14
MEHTA [1] 1/10
member [4] 70/2 70/3
70/3 70/12
memorandum [1]
51/15
memory [1] 55/1
Merit [2] 2/10
might [19] 4/16 6/15
6/19 8/8 8/9 8/9 14/16
20/14 20/15 21/13
26/16 26/20 28/24 29/2
35/2 35/4 44/15 76/3
77/16
mind [6] 49/3 54/8
60/16 62/5 66/25 70/20

mindful [1] 74/16
Mink [1] 2/2
Minker [1] 49/11
minute [1] 47/23
minutes [4] 60/11 75/8
75/10 75/15
missed [1] 52/21
missing [1] 72/24
misunderstanding [1]
39/10
moment [3] 4/22 30/4
64/19
more [24] 4/5 12/3 13/6
13/25 18/6 21/11 24/14
32/11 33/5 33/24 38/16
41/23 45/25 61/2 63/15
63/17 63/25 66/22
66/23 68/24 70/15
72/22 75/7 77/16
morning [12] 3/2 3/11
3/12 3/14 3/23 4/25
24/2 44/20 73/7 73/14
74/20 78/10
most [2] 9/12 45/11
mostly [1] 46/15
motions [4] 21/12
46/14 53/3 57/2
motive [1] 71/11
move [3] 5/18 64/10
64/11
movement [2] 12/11
32/18
moving [1] 24/16
Mr [1] 25/6
Mr. [84]
Mr. Beeks [38] 23/16
24/1 24/2 24/13 24/17
25/2 25/12 26/2 27/13
27/18 28/16 29/14
29/20 30/8 33/1 36/5
40/9 40/25 41/20 43/15
43/19 43/25 46/12
46/19 46/21 47/8 47/17
47/19 47/22 50/18 51/1
51/17 52/10 58/10
68/17 73/23 75/11 78/7
Mr. Beeks' [2] 26/25
71/19
Mr. Crowl [33] 4/23
4/25 5/25 6/6 7/4 7/9
8/25 9/4 15/7 15/18
16/8 16/16 19/11 20/10
22/23 23/9 23/17 29/18
58/10 58/21 58/23 59/2
61/18 66/9 67/1 68/18
69/12 69/14 69/19 70/1
70/16 74/18 77/18
Mr. Crowl's [6] 6/24
23/3 53/12 69/3 70/18
74/2
Mr. Hunter [1] 24/1
Mr. Meggs [2] 57/25
68/14
Mr. Rhodes [2] 57/25
68/14
Ms [1] 63/13
Ms. [28] 4/5 4/23 5/14
7/17 8/15 9/19 21/5

## M

**Ms.... [21]** 23/17 45/19
46/23 47/7 52/19 52/22
54/18 58/1 60/12 61/3
62/7 62/25 63/4 63/20
63/25 64/3 64/19 68/14
70/15 75/9 78/5
**Ms. Hernandez [24]**
4/5 4/23 5/14 7/17 8/15
9/19 21/5 23/17 46/23
47/7 52/19 52/22 54/18
60/12 61/3 62/7 63/4
63/20 63/25 64/3 64/19
70/15 75/9 78/5
**Ms. Rakoczy [1]** 45/19
**Ms. Watkins [3]** 58/1
62/25 68/14
**much [5]** 49/1 54/13
59/15 74/22 78/9
**Mukasey [1]** 60/25
**multiple [2]** 9/11 75/3
**must [8]** 10/24 31/9
31/9 50/2 50/7 54/22
54/24 69/15
**my [17]** 7/4 17/19
27/12 45/21 46/7 48/3
48/3 48/4 48/7 48/10
50/10 51/15 55/1 55/3
61/25 67/18 73/22
**myself [4]** 5/10 25/13
54/6 76/16

## N

**name [2]** 56/2 60/9
**narrowing [1]** 42/5
**natural [2]** 11/6 31/16
**nature [2]** 71/23 72/4
**Naval [1]** 6/11
**Navy [1]** 6/13
**near [2]** 46/3 68/19
**necessarily [3]** 23/5
55/2 58/9
**necessary [1]** 67/7
**need [18]** 3/20 4/8 4/12
5/5 24/8 25/8 25/21
48/4 54/12 66/5 72/16
73/11 73/22 75/2 75/6
77/3 77/9 78/2
**needed [1]** 73/2
**needs [4]** 4/9 47/10
50/22 73/24
**negotiate [1]** 76/20
**negotiating [2]** 76/16
76/17
**neither [1]** 49/5
**nevertheless [1]** 44/6
**new [1]** 58/11
**next [7]** 46/9 52/18
61/8 63/1 63/5 64/10
64/11
**Nice [1]** 24/4
**Nichols [5]** 53/8 56/23
57/3 57/4 57/5
**night [2]** 8/20 73/5
**no [56]** 4/14 3/3 3/4 3/22
3/25 6/17 6/21 7/1 7/22
8/6 8/10 9/16 12/18
14/15 15/5 22/11 22/15

28/23 29/8 35/2 35/16
36/3 39/11 39/11 42/21
42/25 43/16 45/10
45/11 45/14 45/16 48/4
48/15 48/17 49/7 50/8
51/1 52/8 52/22 55/19
59/16 60/3 62/3 63/19
64/4 64/13 67/6 67/15
72/1 72/11 76/14 78/6
78/8
**No. [1]** 3/4
**nobody [1]** 18/23
**nonetheless [2]** 66/24
66/25
**noon [1]** 74/25
**North [1]** 56/9
**not [105]**
**not-yet [1]** 8/17
**nothing [4]** 59/6 62/16
72/24 77/4
**notified [1]** 3/15
**notion [1]** 56/9
**November [2]** 58/16
67/24
**now [69]** 5/18 5/25
5/25 6/6 7/8 7/20 7/25
8/14 8/16 9/4 10/17
11/21 12/20 14/10
14/20 14/22 14/24 15/6
15/22 16/7 16/15 16/21
17/16 18/1 18/15 19/10
20/4 21/6 21/17 23/19
25/2 26/2 26/2 26/8
27/21 28/7 28/16 29/13
29/17 30/7 31/4 31/7
31/22 32/6 34/11 34/20
35/1 35/9 35/18 36/5
36/14 36/21 37/6 37/6
37/25 38/6 38/12 38/20
40/8 40/25 41/19 46/8
55/8 61/19 62/7 62/15
67/19 68/2 69/8
**NSD [1]** 1/19
**number [10]** 42/5 53/1
57/23 57/24 58/1 58/1
58/12 58/16 58/25
61/12
**NW [3]** 1/15 1/20 2/12

## O

**oath [9]** 5/20 5/22 6/1
25/22 25/24 26/3 70/2
70/3 71/23
**object [9]** 10/13 10/17
30/24 31/9 37/14 37/20
58/17 58/18 58/20
**objection [4]** 60/3
67/17 69/24 72/5
**objections [4]** 46/10
46/24 47/9 71/20
**objectives [1]** 68/9
**obligated [4]** 14/2
33/16 34/11 34/15
**obstruct [13]** 9/25 11/3
11/7 11/14 12/2 12/24
30/9 31/13 31/17 31/24
33/2 45/2 60/2

12/10 31/11 32/10
32/17
**obstructing [5]** 10/10
10/23 30/21 31/8 67/14
**obstruction [5]** 10/18
12/23 53/2 66/20 72/6
**obviously [4]** 4/14 60/5
63/11 72/23
**occurred [1]** 51/20
**off [1]** 64/20
**offense [8]** 9/24 10/4
11/18 11/21 32/6 45/13
46/25 52/24
**offer [2]** 48/19 48/24
**OFFICE [1]** 1/14
**officer [2]** 12/6 32/13
**officers [7]** 11/15 12/3
12/6 31/24 32/11 32/13
45/4
**official [21]** 2/11 9/25
10/10 10/18 10/23 11/1
11/4 11/7 11/16 12/7
12/24 30/9 30/21 31/4
31/8 31/11 31/14 31/17
31/25 32/14 33/3
**oh [1]** 75/1
**okay [67]** 3/11 4/21
8/16 8/21 8/24 9/13
9/18 14/9 14/19 16/6
16/9 18/14 21/24 23/7
23/15 26/14 27/3 28/6
30/5 31/21 32/23 33/20
34/6 35/25 38/19 39/15
39/16 39/19 40/7 41/9
41/18 43/4 43/7 43/18
44/5 45/20 46/7 47/15
48/18 50/17 50/23 51/5
51/12 52/5 52/6 52/15
52/16 52/18 56/16
56/17 57/18 62/13
64/17 65/13 66/14 70/6
70/23 71/16 72/8 72/14
72/15 73/9 75/19 77/7
77/23 78/2 78/9
**once [3]** 44/18 50/1
50/6
**one [27]** 9/12 10/9 12/2
20/6 20/16 20/21 24/16
24/20 30/20 32/10
49/14 53/5 59/1 61/12
62/12 62/12 64/14
64/18 64/24 66/18
66/21 66/25 67/11 68/2
72/22 76/19 77/6 77/6
**only [7]** 4/1 20/20
41/11 49/3 49/3 49/20
72/13
**opinion [9]** 54/1 54/9
54/11 55/11 74/4 74/5
74/7 74/8 74/10
**opinions [1]** 53/6
53/12 53/24
**opportunity [1]** 9/5
29/21 35/11 46/13
46/20
**oppose [2]** 4/18 4/20
**opposed [1]** 49/20

**orally [1]** 74/7
**order [7]** 10/22 13/8
20/16 25/7 31/7 33/14
65/15
**ordinarily [1]** 58/2
**ordinary [2]** 39/13
53/20
**other [33]** 6/18 8/5 8/6
10/9 16/2 21/13 22/22
24/23 26/19 28/17
28/19 28/20 30/20
37/20 40/21 45/10
45/10 49/9 51/6 54/14
56/12 56/20 56/22
57/21 58/1 58/2 58/22
63/21 64/21 66/16 67/3
71/21 71/23
**others [4]** 16/23 36/23
66/10 68/14
**otherwise [6]** 56/24
57/8 60/20 60/21 63/6
65/3
**ought [1]** 69/9
**our [12]** 21/3 46/21
53/25 57/16 69/24
70/21 73/5 73/5 73/6
73/12 73/13 73/14
**out [20]** 11/15 23/15
31/25 46/17 53/6 53/23
57/23 57/24 58/3 60/24
62/11 64/23 65/6 65/16
66/9 67/7 69/16 73/24
74/14 76/19
**over [5]** 12/20 29/24
32/24 51/18 62/12
**overcome [2]** 44/19
59/10
**overtones [1]** 59/23
**own [6]** 17/17 22/17
38/2 38/3 39/18 43/10
**ownership [2]** 48/8
48/9
**Oxley [2]** 56/24 57/7

## P

**p.m [2]** 76/18 76/19
**page [12]** 8/25 9/23
11/22 14/13 15/8 15/8
15/10 29/20 30/7 32/7
47/2 54/21
**page 24 [1]** 15/10
**pages [3]** 30/12 35/12
35/15
**paid [6]** 13/12 14/4
33/17 33/25 34/2 34/13
**panel [1]** 56/1
**panel's [1]** 56/1
**papers [3]** 47/23 50/20
52/14
**parity [1]** 49/6
**part [6]** 7/25 14/11
28/12 38/6 71/9 71/25
**participate [1]** 19/16
**participated [1]** 68/19
**particular [4]** 31/4
45/11 66/8 67/8
**particularly [2]** 53/2

62/11 72/1 73/7 74/24
**parties [12]** 3/15 8/7
18/4 44/12 44/18 45/23
46/1 46/6 46/10 47/2
72/25 75/21
**parties' [1]** 46/3
**pay [4]** 14/2 33/16
34/12 34/15
**peers [1]** 48/7
**penalties [10]** 12/21
14/3 14/10 32/25 33/4
33/11 33/22 34/4 34/8
34/12
**penalty [2]** 12/25 13/19
**Pennsylvania [1]** 1/20
**people [6]** 20/9 20/15
40/25 58/1 66/24 68/8
**perceived [1]** 41/15
**performance [4]** 12/7
12/12 32/14 32/19
**perhaps [4]** 4/15 38/15
45/11 68/5
**period [1]** 72/21
**perjury [2]** 6/3 26/5
**permissible [1]** 70/10
**permission [1]** 71/19
**permitted [1]** 68/11
**permitting [1]** 68/22
**person [8]** 10/9 20/20
20/21 30/20 49/2 53/20
59/25 65/15
**persons [2]** 49/4 49/10
**perspective [1]** 72/10
**persuade [1]** 54/7
**Peter [1]** 50/12
**place [2]** 52/22 44/7
**placed [6]** 5/20 5/22
5/25 25/24 26/2 48/2
**places [1]** 44/14
**Plaintiff [1]** 1/4
**plan [1]** 74/23
**plans [1]** 74/22
**plays [1]** 71/9
**please [7]** 5/10 5/19
23/20 24/6 25/23 48/13
77/1
**Poindexter [1]** 56/8
**point [9]** 14/15 15/7
15/23 24/15 25/12 34/3
34/22 67/6 74/2
**pointing [1]** 69/16
**political [2]** 59/5 59/22
**portion [1]** 14/3
**position [5]** 27/7 47/14
52/11 57/16 70/21
**possibility [2]** 4/6
77/13
**possible [1]** 77/20
**potential [3]** 15/22
33/14 41/25
**potentially [3]** 18/6
34/11 37/8
**pre [6]** 58/1 58/12
67/21 67/22 68/1 68/12
**pre-conspiracy [1]**
68/1
**pre-date [1]** 58/12
**pre-December [1]**

**P**

pre-December... [2] 67/22 68/12
pre-January [1] 67/21
precise [1] 72/13
predicate [4] 61/12 62/4 62/22 70/4
prefer [1] 61/8
prejudicial [4] 60/19 68/24 71/23 71/23
preliminarily [1] 8/22
preliminary [4] 4/8 58/4 58/8 58/22
prepared [2] 3/16 20/25
preponderance [2] 69/17 69/19
present [15] 17/19 17/23 18/3 18/10 23/13 37/25 38/3 38/13 38/16 39/18 63/22 73/24 74/5 74/15 74/15
presented [6] 18/7 18/11 19/12 40/11 40/12 71/22
presenting [1] 37/14
preserve [7] 54/15 56/21 58/25 70/7 70/8 71/8 71/17
preserved [3] 53/10 54/1 64/5
preserving [4] 56/21 57/17 59/7 65/3
presumably [1] 18/5
presumed [5] 16/16 16/24 36/16 36/24 44/15
presumptively [1] 58/3
pretrial [11] 24/25 46/17 47/20 53/3 53/13 53/25 54/15 55/3 57/2 57/21 67/18
Prettyman [1] 2/12
previous [2] 54/3 55/1
prior [3] 46/15 69/10 69/21
private [1] 72/2
Pro [1] 2/5
probable [2] 11/6 31/16
probably [2] 21/21 53/22
probative [3] 60/18 68/23 68/24
problem [1] 73/25
problematic [1] 71/22
proceed [28] 3/16 3/18 5/4 7/14 7/21 16/15 20/25 22/3 22/5 22/17 23/11 24/11 25/7 25/21 27/24 28/9 36/10 38/7 40/8 42/14 42/16 42/24 43/9 46/5 46/8 47/14 52/15 72/16
proceeded [1] 10/6
proceeding [43] 5/7 5/8 9/25 10/11 10/18 10/23 11/2 11/4 11/8
20/4 20/10 20/19 21/17 21/25 30/9 30/22 31/5 31/8 31/12 31/14 31/17 33/3 36/6 36/21 37/17 39/6 39/17 40/2 41/1 41/10 42/3 44/7 44/25 45/6 45/22 46/1 48/16 60/2 67/2
proceedings [10] 1/10 2/15 6/16 6/20 18/12 26/17 26/21 42/20 78/13 79/4
process [4] 42/15 43/23 48/16 49/16
produced [1] 2/15
progress [1] 35/10
proof [5] 49/12 49/13 49/23 65/4 76/1
propose [1] 4/1
proposed [2] 54/20 65/10
prosecuted [2] 6/3 26/4
prosecution [2] 48/25 60/10
protected [8] 12/13 32/20 59/4 59/23 60/21 61/25 62/3 71/11
protection [2] 59/10 59/17
prove [7] 10/5 10/24 16/17 30/14 30/15 31/10 48/25
proven [1] 50/2
provide [2] 18/17 61/16
provided [2] 7/17 28/4
provides [1] 50/1
proving [5] 17/3 19/20 36/17 37/3 40/17
provision [1] 56/24
purpose [4] 54/23 68/21 70/10 70/10
purposes [5] 16/3 21/22 35/22 60/16 68/23
pursuant [1] 52/8
put [12] 37/2 55/6 55/7 56/10 56/17 63/8 63/10 63/23 64/15 64/22 65/25 76/19

**Q**

question [8] 5/9 5/14 6/2 6/24 17/13 25/13 37/10 74/1
questions [19] 5/5 5/5 9/14 12/16 15/3 22/8 22/11 22/22 24/8 24/8 25/9 25/9 30/2 35/14 36/1 42/18 43/14 47/5 47/11

**R**

raise [7] 5/19 5/21 25/21 25/23 46/12 52/19 52/23
57/21
Rakoczy [3] 1/13 3/6 45/19
range [4] 8/7 14/16 28/24 46/15
rather [1] 76/13
RAY [2] 1/6 3/4
re [1] 46/12
re-raise [1] 46/12
reach [1] 54/12
read [10] 9/5 9/5 9/7 14/25 15/14 29/21 29/22 35/11 72/22 72/25
readdress [1] 47/11
reading [1] 9/8
ready [1] 25/5
real [1] 20/10
realistic [2] 54/7 76/11
really [1] 43/2
Realtime [1] 2/11
reason [6] 6/18 6/23 26/19 26/24 50/24 51/13
reasonable [15] 10/5 10/25 16/18 17/3 19/22 20/21 30/14 30/15 31/10 36/17 37/4 38/24 40/17 65/5 76/1
reasons [1] 68/25
rebuttal [1] 75/16
rebutted [1] 50/14
recall [1] 55/22
receive [1] 72/14
received [5] 46/17 47/18 47/21 48/20 49/13
recent [1] 9/12
recess [1] 78/12
recitation [1] 69/22
recognize [1] 74/23
record [15] 12/22 44/5 44/8 47/9 48/1 48/3 48/7 48/22 54/18 60/14 64/20 67/19 69/18 72/13 79/3
recorded [1] 2/15
refer [1] 60/8
reference [6] 57/9 61/13 61/14 61/15 61/17 61/17
referenced [2] 46/17 46/18
referred [3] 53/6 58/2 67/17
referring [1] 52/9
refers [1] 56/9
regard [1] 21/3
regardless [1] 45/6
Registered [1] 2/10
rejected [3] 53/4 62/2 76/21
relationship [3] 68/7 68/12 70/18
release [4] 13/5 13/24 33/5 33/23
relevance [3] 23/5
relevant [7] 60/18 62/5 62/19 62/21 62/22 69/14 69/22
relief [4] 46/18 51/4 51/7 51/11
remaining [3] 8/2 28/14 45/8
remains [1] 50/11
remember [2] 56/2 60/9
repeat [5] 5/10 25/13
Reporter [5] 2/10 2/10 2/11 2/11 50/4
representations [2] 7/5 27/13
represented [1] 72/20
representing [1] 27/22
request [5] 8/9 29/6 29/9 55/7 66/20
requested [4] 51/4 51/7 51/11 56/15
requesting [2] 48/14 56/16
required [15] 10/5 14/11 16/11 18/22 21/11 30/14 30/15 36/9 36/9 36/18 56/10 67/9 67/13 68/21 74/14
requirement [2] 67/16 68/17
requirements [1] 66/6
requires [4] 56/24 57/9 57/13 65/4
requiring [1] 55/20
requisite [1] 60/18
reserve [2] 75/13 75/16
reserved [1] 37/21
reserves [1] 23/2
reserving [2] 38/12 38/15
residents [1] 19/12
resolve [1] 41/23
respect [4] 22/25 53/1 59/17 59/20
respectfully [1] 52/12
rest [2] 35/7 64/15
restitution [6] 13/8 13/12 14/3 33/14 33/17 34/12
restrictions [1] 45/16
retaining [5] 16/22 16/24 36/23 36/23 37/1
reus [3] 66/19 66/21 67/8
reversed [1] 73/15
review [1] 73/15
Rhodes [5] 57/25 58/16 68/14 69/4 69/13
riding [1] 9/9
right [109]
rights [18] 5/6 7/13 16/7 16/22 22/1 22/9 23/1 23/3 23/12 24/9 25/10 25/10 36/5 36/22 42/12 42/19 43/22 48/3
rise [1] 78/11
risk [1] 59/9

**S**

said [11] 39/10 51/1 55/23 58/4 61/22 61/23 68/2 70/19 70/19 74/9
same [11] 14/13 24/21 39/22 43/5 47/2 64/7 64/14 65/22 67/12 75/12 75/14
Sarbanes [2] 56/24 57/7
Sarbanes-Oxley [2] 56/24 57/7
satisfied [4] 7/16 22/21 28/3 43/19
satisfy [3] 5/6 24/9 25/9
saw [1] 24/17
say [13] 20/9 20/15 29/7 41/1 44/15 60/24 61/7 62/16 62/20 67/11 71/10 71/13 73/4
saying [2] 25/6 43/1
says [6] 43/2 54/22 55/16 55/17 57/12 62/10
schedule [1] 4/2
school [4] 6/8 6/10 26/10 26/11
schools [1] 6/13
scope [1] 58/24
Se [1] 2/5
seat [5] 23/17 43/25 63/18 63/24 64/1
second [12] 10/11 11/3 12/1 14/6 30/22 31/13 32/9 34/16 49/15 60/25 70/1 71/18
Second Circuit [1] 60/25
Section [2] 45/3 45/5
security [1] 69/6
see [18] 9/2 10/1 10/3 10/14 10/20 11/10 11/18 11/24 12/4 12/14 24/4 30/10 30/25 32/3 49/22 72/5 72/24 78/10
seeking [1] 54/15
seeks [2] 57/22 59/12
seen [2] 24/7 67/19
selection [1] 19/16
self [6] 55/10 55/21

**SMR** [2] 79/2 79/8
Road [1] 2/2
Roger [1] 69/6
room [1] 77/17
rule [6] 57/14 58/22 62/22 65/3 69/15 74/14
ruled [6] 54/5 61/4 63/13 63/14 64/14 65/2 65/3 68/10
Rules [1] 51/3
ruling [3] 67/18 70/25 74/3
rulings [3] 25/4 44/23 54/8

**S**

self... [4]  56/7 56/9
56/11 76/7
self-impose [1]  76/7
self-interest [5]  55/10
55/21 56/7 56/9 56/11
send [1]  77/1
sense [2]  56/23 58/14
sent [2]  9/12 15/9
sentence [9]  8/9 8/10
29/2 29/6 29/9 45/14
45/16 45/17 45/17
sentencing [6]  14/11
14/14 34/23 35/2 35/3
45/12
separate [1]  54/8
series [4]  5/5 24/7 25/8
69/7
serve [1]  19/17
service [1]  49/23
services [2]  7/16 28/3
set [4]  3/14 30/12
64/23 67/19
sets [2]  9/23 30/8
settle [1]  48/1
Seventh [1]  71/13
Several [2]  52/25
she [1]  47/1
she'd [1]  52/23
should [6]  22/22 43/14
48/7 55/6 55/7 67/2
shouldn't [2]  67/11
77/24
show [1]  46/3
sic [1]  26/12
side [4]  3/20 6/23
26/24 38/22
sides [1]  27/8
sign [2]  44/2 45/20
signature [1]  23/21
signed [4]  8/17 8/23
14/24 23/19
significantly [1]  45/11
Silberman [1]  56/8
simply [3]  51/17 60/19
67/12
since [1]  53/5
single [1]  20/11
sir [116]
sit [4]  52/3 63/6 63/16
72/21
sitting [1]  54/4
situation [1]  54/4
slash [1]  66/22
slighter [1]  44/17
smoke [1]  62/10
so [77]  3/14 3/17 4/15
4/18 5/4 7/4 9/9 9/20
12/21 12/23 22/21 23/8
23/15 25/6 27/12 28/23
32/24 32/25 39/12 43/8
43/19 44/5 45/20 46/8
46/20 47/23 48/4 48/11
48/11 48/17 48/19
48/22 50/15 50/18 51/3
51/8 52/2 52/18 53/9
53/24 54/6 54/15 54/17
54/18 55/6 56/6 56/7

60/2 60/12 61/5 61/9
63/15 64/21 66/15 67/6
67/15 68/10 68/21
69/16 69/24 70/7 70/11
71/17 72/15 72/24 73/5
73/8 73/10 74/18 74/20
76/21 77/24 77/25
some [25]  4/3 9/20
16/22 20/14 23/5 26/12
36/22 38/12 38/15
41/15 46/13 46/14 47/4
47/18 50/10 52/23
56/25 57/9 58/21 59/22
68/8 68/11 72/16 73/16
73/22
somehow [1]  59/10
something [9]  3/20
14/14 56/17 61/4 61/5
61/9 63/14 74/4 76/3
sometimes [1]  44/14
somewhat [1]  57/22
sorry [5]  3/23 33/9
34/1 46/25 52/21
sort [1]  66/17
speak [3]  46/13 46/20
64/19
speaks [1]  21/3
special [5]  13/14 14/6
33/18 34/16 49/19
specific [12]  4/5 45/13
55/7 60/1 61/9 65/1
65/11 65/18 65/20 66/5
66/12 72/4
specific-intent [1]  65/1
specifically [3]  20/14
65/6 68/7
specs [1]  77/6
speech [2]  59/17 60/21
spend [1]  74/23
spent [1]  6/12
spread [1]  4/2
Stalimene [1]  1/18
stand [7]  17/8 17/18
18/16 37/9 38/21 48/3
78/12
standard [4]  53/16
53/18 53/19 71/15
standby [12]  2/5 3/9
24/14 25/17 27/4 27/14
27/21 27/24 28/4 29/25
37/10 46/22
stands [2]  50/12 50/16
start [3]  4/24 24/12
68/15
started [1]  77/25
starting [2]  69/7 77/13
state [7]  36/2 49/1 50/1
60/16 62/5 64/25 67/18
stated [1]  51/15
statement [24]  6/3
8/14 8/16 9/1 9/21 9/21
14/20 14/22 23/25 26/5
29/13 29/18 35/8 44/4
59/3 59/11 61/10 62/9
62/13 62/24 64/23
67/20 67/24 72/22
statements [48]  4/12

58/2 58/3 58/11 58/12
58/13 58/16 58/19
58/19 59/1 59/1 59/5
59/8 60/4 60/10 60/15
61/13 61/14 61/15
61/16 61/22 67/22
67/23 67/24 68/1 68/3
68/4 68/5 68/12 68/18
68/19 68/20 68/20
68/22 69/10 69/13
69/21 70/9 70/12 71/8
71/11 71/24 72/22 73/13
STATES [13]  1/1 1/3
1/11 3/3 7/8 10/1 27/18
30/10 32/2 45/3 45/5
51/23 52/1
status [1]  50/11
statute [6]  32/3 53/13
56/24 57/15 67/10
71/21
statutory [5]  12/20
12/25 32/24 57/8 57/11
staying [2]  64/13 74/18
stenography [1]  2/15
Stewart [1]  69/4
Stewart Rhodes [1]
69/4
still [11]  8/20 17/2 21/8
22/5 26/11 35/10 37/3
38/12 42/16 56/10 70/23
stipulate [8]  16/11 23/4
28/8 36/9 43/3 44/11
46/6 58/19
stipulated [58]  1/10
3/16 5/7 6/25 7/7 7/14
7/22 9/2 9/22 14/23
15/10 16/3 16/9 16/21
19/3 21/7 21/9 21/18
22/3 22/10 22/17 23/11
24/11 25/7 26/25 27/1
27/16 27/24 28/18
29/19 35/8 35/11 35/20
35/22 36/6 36/15 36/21
37/17 38/7 39/6 39/13
39/17 40/2 41/10 41/21
42/4 42/16 42/24 43/9
44/12 46/4 46/5 54/21
66/9 72/17 72/22 73/12
73/16
stipulation [2]  61/17
67/20
Stone [1]  69/6
story [1]  38/22
straight [2]  3/17 21/20
straight-up [1]  3/17
Street [1]  1/15
strict [1]  71/14
strictly [1]  59/19
subject [6]  13/10 13/11
15/22 23/21 33/13
70/20
submit [7]  44/18 44/21
53/11 71/3 72/12 73/11
73/12
submitted [2]  45/21
50/20
subsequent [1]  56/1

substantive [1]  57/7
summary [9]  48/2
48/11 48/12 48/13
48/15 48/16 48/23
50/25 51/2
supervised [4]  13/5
13/24 33/5 33/23
support [1]  53/12
suppose [1]  48/17
supposed [1]  56/18
Supreme [3]  60/7
71/10 71/12
Supreme Court [2]
60/7 71/12
sure [20]  14/13 25/19
27/17 27/23 33/1 34/6
34/9 34/22 47/1 47/8
47/8 48/14 52/9 53/9
53/25 56/20 57/17
72/24 74/6 77/9

**T**

take [3]  38/21 75/22
78/1
taken [2]  6/14 26/15
takes [1]  75/25
talk [4]  4/21 16/7 35/7
36/5
talked [1]  14/24
talking [6]  14/21 29/18
34/4 35/16 62/12 65/22
tangible [1]  49/7
Tarantino [2]  64/25
66/1
Technical [1]  6/11
technically [1]  68/5
tell [2]  64/6 76/10
telling [1]  62/6
tells [1]  69/4
tends [1]  60/8
term [6]  13/5 13/24
33/5 33/23 65/10 65/20
terms [7]  8/11 19/20
23/24 48/15 62/17
73/20 73/25
terribly [1]  77/25
test [1]  59/19
testify [20]  6/2 18/16
18/23 18/23 19/5 19/6
23/14 26/3 38/3 38/21
39/2 39/2 39/8 39/10
39/14 39/23 39/24 40/4
42/15 43/24
testimony [5]  17/19
18/18 38/22 39/18
44/15
than [17]  8/5 13/6
13/25 18/7 18/11 24/14
28/17 28/19 33/5 33/24
37/20 44/17 45/10 49/9
54/14 68/24 75/7
thank [9]  5/3 5/23
24/13 25/25 45/18
45/19 52/17 63/18 78/9
Thank you [5]  5/3
45/18 45/19 52/17
63/18

that'll [1]  75/19
that's [35]  3/25 8/19
10/17 14/3 33/17 34/4
40/12 41/21 49/11
49/18 49/20 50/3 50/7
50/12 50/19 51/3 51/4
51/7 51/11 52/14 54/21
54/25 55/23 56/6 56/13
57/16 62/13 65/9 66/15
68/21 70/3 70/20 76/23
76/25 77/15
their [7]  11/15 12/7
31/25 32/14 40/13
58/20 72/21
them [15]  4/19 4/20
12/22 18/25 23/2 24/20
31/2 32/25 33/1 46/20
49/10 51/10 59/23
59/24 62/12
then [22]  4/3 7/4 12/5
21/25 22/21 23/8 27/12
35/7 42/12 43/19 44/17
44/21 46/23 47/4 47/13
57/11 57/13 61/7 63/23
66/16 73/13 75/2
there [57]  4/11 6/18 8/6
8/10 9/11 9/23 10/3
10/8 11/21 11/22 14/14
20/9 21/19 24/16 24/24
26/19 28/20 29/14 30/7
30/8 30/19 31/22 32/6
37/6 38/14 40/25 41/22
43/14 44/17 45/10 47/4
47/18 48/15 50/19
50/24 51/1 51/13 52/19
53/7 55/9 56/25 58/7
58/25 59/16 60/2 60/7
61/2 61/9 63/6 63/7
63/17 64/24 65/8 69/19
72/8 76/1 76/8
there's [23]  3/20 14/15
20/10 28/23 29/8 29/17
35/2 48/4 50/8 52/10
52/13 60/13 60/23 61/5
61/11 61/12 63/15 67/6
67/15 67/24 69/1 69/6
77/4
therefore [3]  23/12
59/23 69/12
these [33]  6/16 6/20
15/14 15/19 16/2 16/11
16/22 18/12 23/6 26/17
26/21 36/1 36/22 42/20
45/24 48/24 52/11 54/5
57/23 61/22 61/23 64/4
66/7 67/7 67/12 67/25
68/16 68/24 69/8 70/18
70/24 74/13 74/24
they [37]  3/15 15/23
16/18 19/20 36/18 38/2
41/6 46/19 47/21 54/12
58/14 59/5 59/21 60/20
61/25 62/3 62/4 66/8
66/19 66/21 67/14 68/5
68/6 68/8 68/18 68/23
68/24 69/2 69/11 71/3
72/2 72/20 72/23 72/24

**they... [3]** 74/14 74/23 75/2

**they're [9]** 17/7 58/13 60/18 60/19 65/25 66/1 69/5 71/3 71/11

**they've [1]** 75/2

**Thibodeau [1]** 50/3

**thing [7]** 3/18 4/1 43/5 64/7 65/23 66/16 67/3

**things [6]** 4/3 24/16 57/5 61/23 68/2 77/10

**think [42]** 4/5 6/19 26/20 44/6 45/24 46/4 46/15 47/1 47/7 47/13 50/21 51/18 53/19 54/9 55/3 55/4 56/1 57/6 57/19 58/10 58/18 58/21 65/12 65/14 65/22 66/7 66/24 67/1 67/24 69/11 69/14 70/4 72/19 72/20 73/1 74/2 74/21 75/5 75/8 75/9 75/10 75/19

**thinks [2]** 3/20 75/1

**third [3]** 11/5 31/15 68/10

**this [73]** 3/3 3/14 4/25 7/25 8/10 8/16 9/12 9/21 12/21 14/12 14/15 14/22 15/6 15/7 15/7 15/8 15/23 17/6 22/1 24/2 24/15 24/23 27/1 27/7 28/12 29/17 29/21 30/3 34/3 34/21 34/21 35/1 35/7 35/9 35/19 36/14 37/17 38/6 43/1 43/2 43/3 44/20 44/25 45/6 47/6 48/3 49/16 49/17 50/16 51/9 51/18 51/20 52/3 52/7 56/22 57/1 57/11 57/12 60/12 60/24 62/9 66/13 67/3 67/9 67/11 67/17 68/8 70/16 73/7 73/13 74/20 75/20 78/12

**This is [1]** 3/3

**those [55]** 4/17 5/5 8/10 10/14 11/10 12/14 12/16 14/10 14/16 15/16 17/19 19/16 19/21 24/8 25/1 25/3 25/4 25/9 30/25 32/21 33/10 34/7 34/23 35/3 35/15 35/21 37/10 44/21 44/22 46/6 46/16 46/19 46/22 47/11 47/21 47/23 48/12 52/14 53/4 53/9 54/3 57/17 57/20 58/11 58/12 58/18 58/19 59/1 59/7 67/2 68/18 70/9 71/2 71/8 72/1

**thought [3]** 4/15 39/9 73/10

**thoughts [1]** 73/23

**threatened [2]** 22/12 42/22

---

32/12 33/6 33/24 53/6 53/11 53/14 53/22 53/24 54/5 54/8 55/4 67/24

**through [12]** 4/7 9/20 15/8 15/9 25/3 30/12 35/12 44/12 46/16 46/21 57/11 72/22

**throughout [2]** 47/6 49/16

**time [35]** 7/11 12/5 25/12 27/1 27/21 27/23 32/12 35/1 39/22 47/10 49/18 50/6 53/5 57/4 62/12 63/4 71/24 72/16 72/22 72/25 73/15 73/22 74/7 74/9 74/12 74/17 74/20 74/23 75/12 75/14 75/25 76/8 76/12 76/25 78/1

**timely [4]** 13/12 14/4 33/17 34/13

**times [3]** 41/8 54/6 75/3

**timing [2]** 62/24 73/25

**title [1]** 48/9

**titled [5]** 9/1 9/21 14/22 35/8 79/4

**today [11]** 4/2 4/3 4/10 4/13 4/19 5/2 18/7 24/10 44/11 47/3 76/8

**together [1]** 47/19

**told [1]** 64/9

**tomorrow [6]** 4/3 4/7 4/19 4/20 47/3 74/21

**too [2]** 24/5 71/18

**top [1]** 11/22

**topic [3]** 61/8 64/10 64/12

**town [2]** 73/24 74/14

**train [1]** 9/9

**Training [1]** 6/11

**transcript [3]** 1/10 2/15 79/3

**transcription [1]** 2/15

**treat [1]** 24/20

**trial [116]**

**trials [3]** 54/4 55/1 55/4

**tried [2]** 28/8 58/9

**trier [3]** 20/11 41/11 66/18

**Troy [2]** 1/13 3/6

**troy.edwards [1]** 1/17

**true [5]** 16/2 21/19 36/15 41/21 44/22

**trust [4]** 24/13 48/1 48/4 48/5

**truth [4]** 48/2 50/12 50/14 50/15

**truthful [1]** 35/22

**trying [3]** 64/8 64/11 74/16

**Tuesday [1]** 73/24

**turn [2]** 14/20 23/16

**two [22]** 6/15 7/22 10/14 24/16 26/16 30/19 30/25 57/5 60/23

---

67/25 68/2 68/4 69/1 72/19 73/1 74/11 75/1 76/23 77/6

**U**

**U.S [6]** 1/14 1/19 14/14 49/11 50/9 66/3

**Uh [1]** 30/11

**Uh-huh [1]** 30/11

**ultimately [1]** 45/15

**unanimity [1]** 66/23

**unanimously [3]** 16/19 19/25 36/19

**unconstitutionally [2]** 53/13 57/14

**under [12]** 5/20 5/22 5/25 25/22 25/24 26/2 45/2 51/2 56/23 59/8 69/15 74/14

**understand [93]**

**understanding [7]** 35/9 42/12 44/22 44/24 45/9 46/21 63/12

**understanding the [1]** 63/12

**understandings [1]** 68/9

**understands [2]** 44/10 70/8

**understood [36]** 5/11 5/15 8/11 13/12 14/7 16/25 17/14 17/24 18/8 19/1 19/22 20/22 20/22 21/22 23/7 25/14 25/18 28/21 28/25 29/3 29/6 34/13 34/17 35/4 37/4 37/15 37/22 38/4 38/9 38/17 38/24 39/8 39/25 40/5 41/16 71/5

**undoubtedly [3]** 21/11 21/18 42/4

**unduly [2]** 60/19 71/23

**unique [1]** 69/1

**UNITED [13]** 1/1 1/3 1/11 3/3 7/8 10/1 27/18 30/10 32/2 45/3 45/5 51/23 52/1

**United States [4]** 7/8 27/18 51/23 52/1

**United States of [1]** 3/3

**unlawful [5]** 10/12 10/17 30/23 54/23 65/17

**unless [5]** 3/19 52/13 59/8 61/5 63/15

**unrebutted [4]** 49/24 50/11 50/11 50/15

**until [1]** 30/6

**up [42]** 3/17 4/24 5/7 7/13 16/8 16/23 17/8 17/12 17/23 18/3 18/10 18/16 19/4 19/10 21/13 22/2 22/9 22/13 24/1 24/7 24/10 25/11 36/6 36/22 37/19 38/2 38/8 38/15 39/7 39/18 40/3

---

53/14 56/6 62/15 64/8 64/9 71/18 75/21

**updated [1]** 9/8

**upon [12]** 7/4 27/12 35/18 46/3 48/2 48/2 48/3 51/25 62/19 62/24 62/19 70/13

**us [5]** 4/9 24/14 73/23 76/7 78/1

**usdoj.gov [3]** 1/17 1/17 1/22

**use [4]** 54/22 59/24 71/10 71/14

**used [1]** 59/8

**Utah [1]** 50/7

**uttered [1]** 59/20

**V**

**VA [1]** 2/8

**vaccines [1]** 61/14

**vague [3]** 53/14 57/14

**vagueness [3]** 53/16 53/18 71/20

**variety [1]** 24/24

**verdict [3]** 73/23 74/16 75/23

**version [2]** 9/8 18/17

**versions [1]** 9/11

**versus [9]** 3/4 49/11 50/3 50/7 50/9 60/8 66/3 67/14 67/14

**very [3]** 9/16 66/7 78/9

**video [1]** 73/16

**view [2]** 60/6 74/2

**violation [4]** 9/25 30/9 32/1 45/5

**violence [1]** 59/9

**violent [1]** 60/11

**Virginia [1]** 74/19

**voice [1]** 24/7

**voluntarily [2]** 23/10 43/10

**vote [2]** 10/20 31/6

**vs [1]** 1/5

**W**

**wait [1]** 30/6

**waive [1]** 6/24

**waived [3]** 23/9 23/12 45/23

**waiver [4]** 23/18 43/1 44/7 45/20

**waiving [6]** 7/6 27/15 43/20 43/22 54/16 57/20

**Walker [4]** 55/16 55/17 55/23 56/7

**Walker's [2]** 55/15 55/18

**want [22]** 14/12 23/18 24/13 27/17 34/22 46/10 47/25 52/13 52/19 53/9 56/7 56/20 61/3 63/14 63/22 64/7 70/7 71/8 71/17 72/15 73/4 74/8

**wanted [8]** 3/18 25/2

---

57/16 71/4 71/19

**wants [4]** 47/1 47/8 59/2 64/22

**warranted [1]** 45/25

**was [27]** 3/18 9/8 9/9 10/18 15/9 25/6 33/25 37/14 39/10 53/8 55/12 55/15 57/1 57/7 58/24 59/2 59/3 61/18 61/18 65/2 70/19 71/24 73/6 73/10 76/12 76/21 77/15

**Washington [4]** 1/5 1/15 1/20 2/13

**wasn't [3]** 55/2 56/15 76/1

**Watkins [1]** 58/1 62/25 68/14 69/4

**way [14]** 12/9 22/13 23/15 32/16 37/21 41/1 42/23 46/24 49/20 66/8 66/25 67/10 72/1 77/9

**we [92]**

**we believe [1]** 66/12

**we will [5]** 4/11 44/13 44/21 47/13 61/15

**we'd [3]** 4/19 47/11 58/25

**we'll [5]** 4/24 75/21 75/23 77/3 78/10

**we're [16]** 14/13 25/1 34/3 54/4 54/12 54/14 54/16 56/21 57/3 57/4 57/20 59/7 63/1 65/22 66/16 74/11

**we've [8]** 14/11 14/24 29/17 42/19 53/22 64/5 75/1 77/10

**week [1]** 3/15

**weeks [1]** 74/11

**weird [2]** 54/4 66/17

**well [41]** 4/16 4/21 5/15 7/5 7/13 9/16 13/14 21/25 22/21 23/13 25/18 27/5 27/13 27/14 33/16 34/3 37/19 43/4 46/24 47/8 47/16 48/7 48/20 49/8 50/8 51/14 53/19 54/11 55/16 56/16 60/5 60/22 61/21 62/20 63/8 64/2 65/9 65/24 70/21 75/17 76/17

**went [3]** 6/11 21/10 36/14

**were [41]** 3/15 4/1 7/8 8/8 8/20 11/15 12/6 14/21 16/15 18/24 21/6 24/24 27/17 28/24 29/10 32/13 40/14 41/7 41/19 46/14 46/16 47/18 47/19 55/4 57/25 58/7 58/14 58/19 60/11 61/13 61/14 61/15 61/16 61/25 62/3 62/5 64/23 68/18 71/22 72/2 72/2

**W**

**what [76]** 5/6 6/1 6/6 8/7 8/8 8/9 9/14 10/3 12/20 14/15 15/3 17/11 18/7 18/11 18/19 19/11 20/5 20/14 22/8 24/9 25/10 26/8 28/17 28/24 29/2 29/5 29/8 30/3 30/12 30/13 34/4 35/1 35/3 35/15 36/1 38/14 40/9 44/15 45/14 46/2 47/2 48/14 52/9 52/11 52/18 53/5 54/17 54/25 55/23 56/18 57/12 57/12 57/12 57/13 58/24 62/5 62/8 62/19 64/6 64/6 66/6 66/9 66/11 66/15 68/10 69/9 70/8 70/19 70/19 70/19 72/1 73/19 74/22 76/11 77/13 77/15

**what's [3]** 9/10 46/9 67/19

**whatever [4]** 67/15 69/13 69/14 73/15

**when [7]** 47/19 58/23 62/20 66/17 66/23 67/10 73/6

**where [5]** 43/3 48/24 74/4 75/22 75/24

**whether [10]** 24/17 27/4 37/7 40/13 59/20 60/17 62/4 62/18 66/11 69/9

**which [28]** 6/11 9/24 13/18 32/1 32/2 37/20 44/12 51/19 55/10 55/11 56/7 57/7 59/16 59/25 60/7 60/10 62/23 64/21 64/23 66/21 66/23 66/25 67/2 68/21 69/12 73/24 76/8 77/24

**who [6]** 11/15 19/16 20/6 20/9 40/25 76/19

**whole [5]** 21/11 21/12 21/19 49/16 57/11

**whom [1]** 62/25

**why [13]** 4/23 23/15 23/16 24/1 43/25 47/16 49/18 50/24 51/3 51/13 56/17 70/19 73/21

**wiggle [1]** 77/17

**will [31]** 4/11 8/2 17/6 18/5 18/7 20/6 20/6 21/8 21/21 22/17 28/13 30/14 43/10 44/3 44/13 44/18 44/19 44/21 44/25 45/7 45/15 45/20 45/21 47/13 56/19 61/15 64/15 66/25 72/12 75/6 75/22

**William [3]** 2/10 79/2 79/8

**willing [1]** 42/8

**willingly [1]** 43/11

**Wilson [1]** 2/7

**Winchester [1]** 74/19

**Wisconsin [1]** 60/8

**wish [2]** 5/7 7/20 wish to 25/16 28/8 42/16 50/19

**without [1]** 59/15

**witness [4]** 17/8 18/16 38/21 44/15

**witnesses [13]** 17/7 17/8 17/13 17/17 17/18 17/19 17/23 37/8 37/10 37/19 38/2 38/8 41/25

**word [3]** 65/19 65/20 66/5

**words [5]** 16/3 40/21 59/20 59/22 62/24

**work [2]** 35/10 75/19

**working [1]** 8/20

**would [71]** 10/5 11/7 16/16 16/17 16/18 18/15 18/18 18/24 19/15 19/16 19/19 19/21 19/25 20/1 20/9 21/7 21/10 29/5 29/9 30/13 31/16 33/13 34/11 34/15 36/15 36/16 36/18 37/8 37/9 37/13 37/25 38/20 38/23 39/1 39/2 39/14 39/24 40/10 40/13 40/16 40/21 41/1 41/6 41/20 41/22 43/2 45/15 46/22 47/22 48/11 48/24 49/19 50/24 53/11 55/6 55/16 58/2 60/21 63/2 66/20 67/13 68/13 72/4 72/21 73/1 73/2 73/14 74/2 74/6 76/8 78/1

**write [3]** 74/7 74/8 74/10

**writing [9]** 55/7 56/10 56/18 63/8 63/10 63/23 64/16 64/22 74/3

**written [1]** 67/10

**wrong [2]** 57/10 57/13

**wrongdoing [1]** 54/24

**Y**

**Yeah [6]** 34/18 39/9 41/8 44/2 51/12 56/3

**year [1]** 49/16

**years [9]** 6/13 12/25 13/6 13/19 13/25 33/4 33/6 33/22 33/24

**Yep [1]** 43/6

**yes [124]**

**yesterday [3]** 4/6 4/15 15/9

**yet [8]** 8/17 8/17 14/24 29/20 46/19 47/21 56/4 56/5

**you [349]**

**you understand [2]** 28/13 28/16

**you're [30]** 12/21 16/10 16/22 16/23 16/24 18/10 20/16 20/19 20/25 28/17 36/9 36/23 37/18 38/14 38/15 38/23 39/7 40/3 42/8

**you've [19]** 5/25 14/25 14/25 18/19 24/7 27/21 27/23 34/22 41/2 51/21 57/13 58/4 58/9 59/9 60/14 63/4 66/23 72/16 76/25

**your [113]**

**Your Honor [41]** 3/2 3/12 3/22 3/24 4/4 7/1 7/2 8/19 9/7 15/13 21/16 21/23 22/11 22/24 22/25 24/12 27/2 29/15 43/16 44/1 44/9 45/18 46/11 47/24 52/25 54/2 64/16 64/18 69/1 69/11 72/10 72/11 72/18 73/10 75/3 76/6 77/3 77/12 78/4 78/6 78/8

**yourself [3]** 18/1 27/22 76/20

**Z**

**Zaremba [3]** 2/10 79/2 79/8

54/18 61/7 61/19 62/8 63/11 64/13 76/19